**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA ZHANG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN and NAN SHEN,<br><br>Defendants. | Case No.: 1:22-cv-07966-PKC-CLP<br><br>Hon. Pamela K. Chen |

**TCP DIVERSIFIED TECHNOLOGY FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO
COMPETING LEAD PLAINTIFF MOTIONS**

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT .................................................................................. 1

II.    ARGUMENT ........................................................................................................... 3

     A.     The PSLRA Process........................................................................................ 3

     B.     TCP Fund Possesses the "Largest Financial Interest" of Any Movant Under the *Olsten/Lax* Factors. .................................................................................... 4

     C.     TCP Fund Satisfies Rule 23's Typicality and Adequacy Requirements. ........................ 5

     D.     No Movant Can Rebut the Strong Presumption in Favor of Appointing TCP Fund as Lead Plaintiff. ................................................................................ 7

III.   CONCLUSION ....................................................................................................... 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Burnham v. Qutoutiao Inc.,*
    No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020) ................ 6

*Canadian Solar, Inc.,*
    272 F.R.D. 112 (S.D.N.Y. 2010) .................................................................................... 2

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ........................................................................................ 7

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) .................................................................................. 6

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.,*
    No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) .... 2

*In re Drexel Burnham Lambert Grp., Inc.,*
    960 F.2d 285 (2d Cir. 1992) .......................................................................................... 5

*In re Facebook, Inc.,*
    288 F.R.D. 26 (S.D.N.Y. 2012) .................................................................................... 3

*Foley v. Transocean Ltd.,*
    272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................. 6

*In re Fuwei Films Sec. Litig.,*
    247 F.R.D. 432 (S.D.N.Y 2008) ................................................................................... 4

*Glavan v. Revolution Lighting Techs., Inc.,*
    No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019) ............. 1, 4

*Hansen v. Ferrellgas Partners, L.P.,*
    Nos. 16-cv-7840 (RJS); 16-cv-8850 (RJS); 16-cv-9294 (RJS), 2017 U.S. Dist. LEXIS
    8145 (S.D.N.Y. Jan. 19, 2017) ..................................................................................... 5

*Janbay v. Canadian Solar, Inc.,*
    272 F.R.D. 112 (S.D.N.Y. 2010) .................................................................................. 2

*Jiehua Huang v. Airmedia Grp., Inc.,*
    No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) ......... 8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................... 1, 4

*Kasilingam v. Tilray, Inc.*
  1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020)................... 7

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)................. 6

*Lax* v. *First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................ 4

*In re Olsten Corp. Securities Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................... 4

*Omdahl v. Farfetch Ltd.,*
  No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) ............. 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................ 8

*Reitan v. China Mobile Games & Ent. Group, Ltd.,*
  68 F. Supp. 3d 390 (S.D.N.Y. 2014)................................................................................... 6

*Sofran v. Labranche & Co.*
  220 F.R.D. 398 (S.D.N.Y. 2004) ........................................................................................ 7

*In re Veeco Instruments, Inc.,*
  233 F.R.D. 330 (S.D.N.Y. 2005) ........................................................................................ 1

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................ *passim*

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class action. The PSLRA applies in the case at hand and, under the PSLRA, TCP Diversified Technology Fund's ("TCP Fund") motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). TCP Fund has, by far, the largest financial interest under the four factors "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* factors"). *Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005)). Of the four factors, the fourth factor, the "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As demonstrated in the table below, pursuant to the widely accepted *Olsten/Lax* factors, TCP Fund's approximate loss, the most important factor, is nearly three times as large as the next closest movant:

| Movant[1] | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| TCP Diversified Technology Fund | 21,300 | 21,300 | $958,500.00 | **$570,096.12** |
| Jun Ye | 210,371 | 22,400 | $278,435.25 | $210,574.45 |
| ~~Jeff Breitinger~~ | ~~5,000~~ | ~~3,000~~ | ~~$87,212.50~~ | ~~$78,109.00~~ |
| ~~Kishorkumar Babaria~~ | ~~2,800~~ | ~~2,500~~ | ~~$25,209.63~~ | ~~$17,639.00~~ |

With over $570,000 in losses, there can be no dispute that TCP Fund holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, TCP Fund has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *14 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA…, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (quoting *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 112, 120 (S.D.N.Y. 2010)). TCP Fund is typical of the other class members insofar as it acquired Gaotu Techedu Inc. f/k/a Gsx Techedu Inc. ("Gaotu" or the "Company") American Depositary Shares ("ADSs") during the class period and was damaged as a result. TCP Fund does not have any interests adverse to the class and, as demonstrated in its declaration accompanying its motion, TCP Fund, represented by its investment advisor's Chief Investment Officer, Vince Smith, is ideally suited to serve as the lead plaintiff given Mr. Smith's 36 years of investing experience and professional background. *See* ECF No. 7-4.

---

[1] On March 14, 2023, movant Jeff Breitinger filed a notice of non-opposition, and movant Kishorkumar Babaria filed a notice of withdrawal, both recognizing that they did not possess the largest financial interest. *See* ECF Nos. 14, 15.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, TCP Fund is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As none of the competing movants can rebut this presumption with proof that TCP Fund is somehow atypical or inadequate, TCP Fund is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, TCP Fund respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

## II.     ARGUMENT

### A.     The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

3

representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

        **B.**        **TCP Fund Possesses the "Largest Financial Interest" of Any Movant Under the *Olsten/Lax* Factors.**

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  TCP Fund is entitled to that presumption because, relative to the other movants, TCP Fund's losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8; *In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*"); *see also Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, the fourth factor, the "approximate loss suffered", is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007). In this instance, that movant is TCP Fund. TCP Fund has a significantly greater financial interest under two of the four *Olsten/Lax* factors when evaluating each movants' financial interest, including the most important fourth factor, "approximate loss

4

suffered." None of the other movants even come close to matching TCP Fund's "approximate loss suffered":

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| TCP Diversified Technology Fund | 21,300 | 21,300 | $958,500.00 | **$570,096.12** |
| Jun Ye | 210,371 | 22,400 | $278,435.25 | $210,574.45 |
| ~~Jeff Breitinger~~ | ~~5,000~~ | ~~3,000~~ | ~~$87,212.50~~ | ~~$78,109.00~~ |
| ~~Kishorkumar Babaria~~ | ~~2,800~~ | ~~2,500~~ | ~~$25,209.63~~ | ~~$17,639.00~~ |

Specifically, as compared to Ye, the movant claiming the second largest financial interest, TCP Fund expended ***over three times more net funds*** during the Class Period, and therefore lost nearly ***$360,000 more.*** Accordingly, TCP Fund has the largest financial interest in this matter.[2]

**C.      TCP Fund Satisfies Rule 23's Typicality and Adequacy Requirements.**

Not only does TCP Fund possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but it also satisfies the typicality and adequacy prongs of Rule 23, requiring its appointment as lead plaintiff.

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). TCP Fund's claims are typical of those of other Class members because, like other Class members, it acquired Gaotu ADSs during the Class Period at prices artificially inflated by Defendants'

---

[2] Attached hereto as Exhibits A and B are corrected versions of TCP Fund's certification and loss chart provided in Exhibits A and B to the Declaration of Adam M. Apton in Support of TCP Fund's Opening Motion, filed on February 28, 2023 (ECF Nos. 7-1; 7-2). The corrections relate only to a typographical error with respect to the description of the security purchased by the TCP Fund. The corrections do not affect the initial reported losses. *See Hansen v. Ferrellgas Partners, L.P.,* Nos. 16-cv-7840 (RJS); 16-cv-8850 (RJS); 16-cv-9294 (RJS), 2017 U.S. Dist. LEXIS 8145, at *19 (S.D.N.Y. Jan. 19, 2017) (appointing lead plaintiff and rejecting arguments of inadequacy when that movant submitted a "certification containing an inadvertent mistake" and later corrected it).

misrepresentations and/or omissions that form the basis of the Action. Moreover, TCP Fund's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *12-13 (S.D.N.Y. Nov. 24, 2008).

To satisfy the adequacy requirement at this stage of the proceedings, TCP Fund must make a preliminary showing that "(1) [its choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [it has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). TCP Fund has shown that its choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 7-5 (Levi & Korsinsky firm resume). This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, TCP Fund has no conflicts with other Class Members. ECF No. 6 at 7; *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, there is no evidence of any antagonism between TCP Fund's interests and those of the Class and TCP Fund has a significant and compelling interest in prosecuting the Action based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Finally, TCP Fund has further demonstrated its adequacy by submitting a declaration in support of its Motion, attesting that its representative Vince Smith, the Chief Investment Officer of TCP Fund's investment advisor Temescal Canyon Partners LP, is ready, willing, and able to oversee this litigation. In the declaration, Mr. Smith provided his education, employment, years of

investing experience, and experience overseeing counsel. ECF No. 7-4. Mr. Smith considers himself to be a sophisticated individual, having been investing in the stock market for over 36 years. *Id.* He has a degree in finance, has worked in the finance business for many years, and is currently serving as the Chief Investment Officer of Temescal Canyon Partners LP. *Id*. He is knowledgeable about the litigation, has experience hiring and overseeing attorneys for routine business matters including overseeing Temescal's general counsel and is committed and understands the obligations of a lead plaintiff under the PSLRA and plans to prosecute this Action efficiently on behalf of TCP Fund. *Id*. at ¶¶ 2, 4. Further, in its certification and declaration, TCP Fund states its familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 7-1; 7-4 (PSLRA Certification & Declaration).

TCP Fund, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, TCP Fund is entitled to the presumption that it is the "most adequate plaintiff" and that it should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**D.      No Movant Can Rebut the Strong Presumption in Favor of Appointing TCP Fund as Lead Plaintiff.**

Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,*1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.,*220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). This presumption may be rebutted only upon ***proof*** by a class member that it "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

7

representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)(internal quotation and citation omitted); *see also Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"). This the competing movants, have not, and cannot, do.

## III.   CONCLUSION

For the foregoing reasons, TCP Fund respectfully requests that the Court grant its Motion and enter an Order: (1) appointing TCP Fund as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: March 14, 2023

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for TCP Diversified Technology Fund and [Proposed] Lead Counsel for the Class*

8