**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA ZHANG, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN and NAN SHEN,<br><br>        Defendants. | Case No.: 1:22-cv-07966-PKC-CLP<br><br>Hon. Pamela K. Chen |

**TCP DIVERSIFIED TECHNOLOGY FUND'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I.      PRELIMINARY STATEMENT

TCP Diversified Technology Fund ("TCP Fund") respectfully submits this reply memorandum in further support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of its selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class.

On February 28, 2023, TCP Fund timely submitted its motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action"). Three other competing motions for appointment as Lead Plaintiff were filed by: (i) Jeff Breitinger ("Breitinger "); (ii) Jun Ye ("Ye"); and (iii) Kishorkumar Babaria ("Babaria"). On March 14, 2023, the day oppositions were due, movant Babaria withdrew his application for appointment as Lead Plaintiff. *See* ECF No. 15. That same day, in response to TCP Fund's motion for appointment as Lead Plaintiff, competing movants Breitinger and Ye acknowledged that they do not have the largest financial interest in the relief sought by the class. *See* ECF Nos. 14 and 17. Further, Ye acknowledged that TCP Fund has the largest financial interest and stated in his notice of non-opposition that he, "does not oppose TCP Fund's lead plaintiff motion." *See* ECF No. 17. Additionally, none of the competing movants have offered any proof that TCP Fund failed to satisfy Rule 23 or challenged TCP Fund's ability to lead this litigation as Lead Plaintiff.

As a result of TCP Fund being the "most adequate plaintiff," and in light of competing movants' non-opposition to TCP Fund's motion for appointment as Lead Plaintiff, TCP Fund respectfully requests that the Court: (1) appoint TCP Fund as Lead Plaintiff; (2) approve the selection of Levi & Korsinsky as Lead Counsel; and (3) deny all competing motions.

II.     **ARGUMENT**

A.      **TCP Fund is the "Most Adequate Plaintiff" to Serve as Lead Plaintiff.**

TCP Fund has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*"); *see also Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Of the four factors, the fourth factor, the "approximate loss suffered", is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007). As reflected below, when evaluated against the competing movants, TCP Fund has a significantly greater financial interest under two of the four *Olsten/Lax* factors with $570,096.12 in claimed losses and $958,500.00 in net funds expended.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| TCP Diversified Technology Fund | 21,300 | 21,300 | $958,500.00 | **$570,096.12** |
| ~~Jun Ye~~ | ~~210,371~~ | ~~22,400~~ | ~~$278,435.25~~ | ~~$210,574.45~~ |
| ~~Jeff Breitinger~~ | ~~5,000~~ | ~~3,000~~ | ~~$87,212.50~~ | ~~$78,109.00~~ |
| ~~Kishorkumar Babaria~~ | ~~2,800~~ | ~~2,500~~ | ~~$25,209.63~~ | ~~$17,639.00~~ |

Compared to the movant with the next largest financial interest, Ye, TCP Fund expended over three times more net funds during the Class Period, and therefore lost nearly $360,000 more. Therefore, TCP Fund has the largest financial interest in this matter.

TCP Fund has also made a preliminary showing of typicality and adequacy, which is all that is needed at this stage in the litigation. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at \*14 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA…, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'").TCP Fund's claims are typical of those of other Class members because, like other Class members, it acquired Gaotu ADSs during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. *See* Memorandum in Support of Motion, ECF No. 6. TCP Fund has also made a preliminary showing of adequacy. TCP Fund's choice of counsel, Levi & Korsinsky, is qualified, experienced, and able to conduct the litigation. *See* Levi & Korsinsky's firm resume, ECF No. 7-5. Finally, TCP Fund has further demonstrated its adequacy by submitting a declaration in support of its Motion signed by Vincent Smith. *See* Declaration, ECF No. 7-4. Mr. Smith is the Chief Investment Officer of Temescal Canyon Partners LP, TCP Fund's investment advisor, and authorized to act on behalf of the TCP Fund with respect to this Action. *Id*. Mr. Smith has over 36 years of investing experience. *Id*. He has a bachelor's degree in finance and has worked in the finance business for many years. *Id*. Mr. Smith also has experience overseeing attorneys for routine business matters, including overseeing Temescal Canyon Partners LP's general counsel. *Id*. Mr. Smith has attested that the TCP Fund will take all steps necessary to maximize the recovery for itself and the rest of the Class. *Id*. TCP Fund, through its authorized representative, will confer with counsel, attend court

proceedings, depositions, settlement negotiations, hearings, and whatever else is necessary to adequately protect the interests of the Class. *Id*. TCP Fund will ensure that the claims asserted in the Action are prosecuted zealously. *Id*.

TCP Fund, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, TCP Fund is entitled to the presumption that it is the "most adequate plaintiff" and should be appointed lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**B.**    **No Movant Can Rebut the Strong Presumption in Favor of Appointing TCP Fund as Lead Plaintiff.**

As established by the absence of any opposition to TCP Fund's appointment, TCP Fund is entitled to appointment as Lead Plaintiff under the PSLRA, as it has the largest financial interest among the movants, its claims are typical, and it will fairly and adequately protect the interests of the class. No movant has submitted a response brief challenging any aspect of TCP Fund's motion or its entitlement to appointment. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). In addition, TCP Fund is the only remaining movant for Lead Plaintiff. On March 14, 2023, movant Babaria withdrew his application for appointment as Lead Plaintiff. *See* ECF No. 15. Competing movants Breitinger and Ye acknowledged that they do not have the largest financial interest in the relief sought by the class. *See* ECF Nos. 14 and 17. Moreover, movant Ye acknowledged in his notice non-opposition that TCP Fund has the largest financial interest and that he, "does not oppose TCP Fund's lead plaintiff motion." *See* ECF No. 17. Accordingly, it is undisputed that TCP Fund is the most adequate plaintiff.

**III.    CONCLUSION**

For the foregoing reasons, TCP Fund respectfully requests that the Court grant its Motion

4

and enter an Order: (1) appointing TCP Fund as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: March 21, 2023

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for TCP Diversified Technology Fund and [Proposed] Lead Counsel for the Class*

5