UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSHUA ZHANG, Individually and on behalf
of all others similarly situated,

              Plaintiff,

        v.

GAOTU TECHEDU INC. F/K/A GSX
TECHEDU INC., XIANGDONG CHEN, and
NAN SHEN,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

22-cv-7966 (PKC) (CLP)

### DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

Defendants Gaotu Techedu Inc. ("Gaotu" or the "Company"), Xiangdong Chen and Nan Shen (collectively "Defendants"), by their undersigned counsel, respectfully submit this answer to the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). Defendants deny all of the Complaint's allegations unless expressly admitted herein. The first non-numbered paragraph of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny such allegations, except lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first non-numbered paragraph of the Complaint to the extent that they relate to persons other than Defendants. To the extent any headings in the Complaint contain any factual allegations or legal conclusions, Defendants deny those allegations or legal conclusions. Defendants answer the allegations contained in the like-numbered paragraphs of the Complaint as follows:

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring this action against Gaotu and two of its senior executives. Defendants deny that they have violated any law or that Plaintiffs have suffered any damages.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that on July 24, 2021, the Chinese government officially published its "Opinions on Further Alleviating the Burden of Homework and After-School Tutoring in Compulsory Education" ("Double Reduction Regulation") and refer to the Double Reduction Regulation for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the Double Reduction Regulation, and any factual inferences or legal conclusions made by Plaintiffs based on it.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint and refer to Gaotu's Form 20-F for the year ended December 31, 2021 ("FY 2021 Form 20-F"), filed on April 26, 2022, for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2021 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that the closing price of Gaotu American Depositary Shares ("ADSs") was $3.52 per ADS on July 23, 2021, and $2.50 per ADS on July 26, 2021.

6.      The allegations contained in Paragraph 6 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, but state that the Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

7.      The allegations contained in Paragraph 7 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, but admit that the Court has jurisdiction over this action pursuant to the referenced statutes.

8.      The allegations contained in Paragraph 8 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, but admit that Plaintiffs allege certain acts and conduct taking place in this District.

9.      The allegations contained in Paragraph 9 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

10.     Defendants deny that Plaintiff TCP Diversified Technology Fund has suffered any damages.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny that named Plaintiff Jun Ye has suffered any damages. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint, except state that Gaotu is incorporated in the Cayman Islands and that Gaotu ADSs have traded on the New York Stock Exchange under the tickers "GSX" and "GOTU."  Defendants further admit that Gaotu's principal executive offices were, and still are located in Beijing.  Defendants refer to Gaotu's filings with the Securities and Exchange Commission ("SEC") for their complete and accurate contents about Gaotu's business.  Defendants deny any paraphrasing, summarizing or

3

characterization of Gaotu's SEC filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint, except admit that Xiangdong Chen ("Chen") has served as Gaotu's Chairman and Chief Executive Officer since June 2014.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Nan Shen ("Shen") has served as Gaotu's Chief Financial Officer since December 2018.

15.     Paragraph 15 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required.  To the extent a response is required, Defendants deny such allegations.

16.     The allegations contained in Paragraph 16 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

17.     The allegations contained in Paragraph 17 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

18.     The allegations contained in Paragraph 18 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

19.     Paragraph 19 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required.  To the extent a response is required, Defendants deny such allegations.

20.     The allegations contained in the second sentence of Paragraph 20 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants refer to the March 9, 2023 Eol.cn article referenced in Paragraph 23 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the March 9, 2023 Eol.cn article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants refer to the April 27, 2023 Theinterview.asia article, July 15, 2023 Forbes article and the December 13, 2022 QQ.com article referenced in Paragraph 26 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the April 27, 2023 Theinterview.asia article, July 15, 2023 Forbes article and the December 13, 2022 QQ.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

27.     Defendants refer to the April 17, 2013 Ministry of Education article, the February 11, 2019 Sohu.com article and the May 4, 2013 Ministry of Education article referenced in Paragraph 27 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the April 17, 2013 Ministry of Education article, the February 11, 2019 Sohu.com article and the May 4, 2013 Ministry of Education article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants refer to the June 9, 2022 Thepaper.cn article, the August 18, 2020 Thepaper.cn article, the Weibo.com article, the Zhihu.com article, the July 17, 2019 Pennonedu.com article and the November 28, 2019 Ministry of Education article referenced in Paragraph 29 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the June 9, 2022 Thepaper.cn article, the August 18, 2020 Thepaper.cn article, the Weibo.com article, the Zhihu.com article, the July 17, 2019 Pennonedu.com article and the November 28, 2019 Ministry of Education article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

30.     Defendants refer to the June 9, 2022 Thepaper.cn article, the June 6, 2022 Jiemodui.com article and the November 27, 2020 Sohu.com article referenced in Paragraph 30 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the June 9, 2022 Thepaper.cn article, the June 6, 2022 Jiemodui.com article and the November 27, 2020 Sohu.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

31.    Defendants refer to the June 9, 2022 Thepaper.cn article, the November 12, 2021 QQ.com article and the Toutiao.com article referenced in Paragraph 30 of the Complaint for their complete contents.    Defendants deny any paraphrasing, summarizing, translation or characterization of the June 9, 2022 Thepaper.cn article, the November 12, 2021 QQ.com article and the Toutiao.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants refer to the Sohu.com article, the February 14, 2021 State Council article and the September 14, 2022 Ministry of Education article referenced in Paragraph 33 of the Complaint for their complete contents.    Defendants deny any paraphrasing, summarizing, translation or characterization of the Sohu.com article, the February 14, 2021 State Council article and the September 14, 2022 Ministry of Education article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint and refer to the Xueqiu.com article and the January 15, 2020 UBS Report ("UBS Report") referenced in Paragraph 34 of the Complaint for their complete contents.    Defendants deny any paraphrasing, summarizing, translation or characterization of the Xueqiu.com article and the UBS Report, and any factual inferences or legal conclusions made by Plaintiffs based on them.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint and refer to Gaotu's Amended Form F-1 Registration Statement filed on May 24, 2019 ("Registration Statement") for its complete and accurate contents.    Defendants deny any paraphrasing,

summarizing or characterization of Gaotu's Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint, except admit that Gaotu conducted an initial public offering on the New York Stock Exchange on June 6, 2019 of 19.8 million ADSs at $10.50 per ADS.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint and refer to Gaotu's Registration Statement for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint and refer to Gaotu's Registration Statement for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint and refer to Gaotu's Form 20-F for the year ended December 31, 2020 ("FY 2020 Form 20-F"), filed on April 26, 2021, for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2020 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint and refer to Gaotu's FY 2020 Form 20-F for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2020 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint and refer to Gaotu's FY 2020 Form 20-F for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2020 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint and refer to Gaotu's Registration Statement and other SEC filings for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement and other SEC filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint and refer to Gaotu's Registration Statement for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

44. Defendants refer to the April 4, 2023 Cn.investing article and the July 29, 2021 Ministry of Education article referenced in the last sentence of Paragraph 44 of the Complaint for their complete contents. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint and refer to Gaotu's FY 2021 Form 20-F for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the April 4, 2023 Cn.investing article, the July 29, 2021 Ministry of Education article and Gaotu's FY 2021 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on them.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint and refer to the UBS Report for its complete contents. Defendants deny any paraphrasing,

9

summarizing or characterization of the UBS Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

46.     Defendants deny the allegations contained in the first and last sentences of Paragraph 46 of the Complaint and refer to Gaotu's FY 2020 Form 20-F for its complete and accurate contents.  Defendants refer to the December 17, 2021 Appgrowing.cn article and the September 27, 2020 27sem.com article referenced in the remaining allegations in Paragraph 46 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of Gaotu's FY 2020 Form 20-F, the December 17, 2021 Appgrowing.cn article and the September 27, 2020 27sem.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants refer to the July 23, 2021 Reuters article and the March 29, 2019 Sohu.com article referenced in Paragraph 48 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the July 23, 2021 Reuters article and the March 29, 2019 Sohu.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

49.     Defendants refer to the January 15, 2018 Xinhuanet.com article, the June 22, 2021 Peking University article and the January 17, 2020 National Bureau of Statistics article referenced in Paragraph 49 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the January 15, 2018 Xinhuanet.com article, the June 22, 2021 Peking University article and the January 17, 2020 National Bureau of Statistics article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

50. Defendants refer to the December 29, 2020 163.com article referenced in Paragraph 50 of the Complaint for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the December 29, 2020 163.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint to the extent the allegations refer to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendants refer to the January 18, 2021 Xinhuanet.com article and the App Growing article referenced in Paragraph 53 of the Complaint for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the January 18, 2021 Xinhuanet.com article and the App Growing article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint and refer to the March 19, 2021 Ministry of Education article referenced for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the March 19, 2021 Ministry of Education article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint. Defendants refer to the March 19, 2021 Ministry of Education article, the August 7, 2021 QQ.com article and the May 11, 2021 State Administration for Market Regulation article referenced in Paragraph 55 of the Complaint for their complete contents. Defendants deny any paraphrasing,

summarizing, translation or characterization of the March 19, 2021 Ministry of Education article, the August 7, 2021 QQ.com article and the May 11, 2021 State Administration for Market Regulation article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants refer to the "Circular on Alleviating After-school Burdens on Primary and Secondary School Students and Implementing Inspections on Afterschool Training Institutions" referenced in Paragraph 57 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the "Circular on Alleviating After-school Burdens on Primary and Secondary School Students and Implementing Inspections on Afterschool Training Institutions," and any factual inferences or legal conclusions made by Plaintiffs based on it.

58.     Defendants refer to the "Opinion on the Regulation of the Development of Extracurricular Training Institutions" ("Circular 80") referenced in Paragraph 58 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of Circular 80, and any factual inferences or legal conclusions made by Plaintiffs based on it.

59.     Defendants refer to the "Notice on Improving the Specific Governance and Rectification Mechanisms of After-School Tutoring Institutions" ("Circular 10") referenced in Paragraph 59 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of Circular 10, and any factual inferences or legal conclusions made by Plaintiffs based on it.

60.    Defendants refer to the "Opinions on Deepening the Reform of Education and Teaching to Improve the Quality of Compulsory Education" referenced in Paragraph 60 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the "Opinions on Deepening the Reform of Education and Teaching to Improve the Quality of Compulsory Education," and any factual inferences or legal conclusions made by Plaintiffs based on it.

61.    Defendants refer to the "Implementation Opinions on Regulating Online After-School Training" ("Online After-School Training Opinions") referenced in Paragraph 61 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the Online After-School Training Opinions, and any factual inferences or legal conclusions made by Plaintiffs based on it.

62.    Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of the complaint and refer to the January 25, 2021 Sina.com.cn article, the March 16, 2021 Zhihu.com article, the March 16, 2021 Ce.cn article, the Iqilu.com article and the February 19, 2021 Ministry of Justice article referenced in Paragraph 63 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the January 25, 2021 Sina.com.cn article, the March 16, 2021 Zhihu.com article, the March 16, 2021 Ce.cn article, the Iqilu.com article and the February 19, 2021 Ministry of Justice article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

64.    Defendants refer to the October 20, 2020 Stcn.com article referenced in Paragraph 64 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing,

translation or characterization of the October 20, 2020 Stcn.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint and refer to the February 19, 2021 Ministry of Justice article referenced for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the February 19, 2021 Ministry of Justice article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

66.     Defendants refer to the March 9, 2021 21jingji.com article, the March 6, 2021 Edu.china.com article and the March 18, 2021 Sina.cn article referenced in Paragraph 66 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the March 9, 2021 21jingji.com article, the March 6, 2021 Edu.china.com article and the March 18, 2021 Sina.cn article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

67.     Defendants refer to the May 21, 2021 Xinhuanet.com article referenced in Paragraph 67 for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 21, 2021 Xinhuanet.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint and refer to the Double Reduction Regulation for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the Double Reduction Regulation, and any factual inferences or legal conclusions made by Plaintiffs based on it.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint and refer to the Double Reduction Regulation and the June 25, 2014 People.com.cn article for their

complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the Double Reduction Regulation and the June 25, 2014 People.com.cn article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint and refer to the May 21, 2021 People.com.cn article and the July 25, 2021 Xinhuanet.com article for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the May 21, 2021 People.com.cn article and the July 25, 2021 Xinhuanet.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint and refer to the July 23, 2021 J.P. Morgan Report for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the July 23, 2021 J.P. Morgan Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, except admit that the closing price of Gaotu ADSs was $9.58 on July 22, 2021, the opening price of Gaotu ADSs was $4.00 on July 23, 2021 and the closing price of Gaotu ADSs was $3.52 on July 23, 2021.

73. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, except admit that the closing price of Gaotu ADSs was $2.50 on July 26, 2021.

74. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, except admit that the closing price of Gaotu ADSs was $3.52 on July 23, 2021.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint and refer to the Double Reduction Regulation for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the Double Reduction Regulation, and any factual inferences or legal conclusions made by Plaintiffs based on it.

77.    Defendants deny the allegations contained in Paragraph 77 of the Complaint and refer to the Double Reduction Regulation for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the Double Reduction Regulation, and any factual inferences or legal conclusions made by Plaintiffs based on it.

78.    Defendants deny the allegations contained in Paragraph 78 of the Complaint and refer to the Double Reduction Regulation for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the Double Reduction Regulation, and any factual inferences or legal conclusions made by Plaintiffs based on it.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint, except admit that the opening price of Gaotu ADSs was $4.00 on July 23, 2021, the closing price of Gaotu ADSs was $3.52 on July 23, 2021 and the closing price of Gaotu ADSs was $2.50 per ADS on July 26, 2021.

80.    Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in Paragraph 82 of the Complaint and refer to the July 24, 2021 Ministry of Education article, the October 20, 2021 Reuters article and the July 26, 2021 Caixin Global article for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the July 24, 2021 Ministry of

Education article, the October 20, 2021 Reuters article and the July 26, 2021 Caixin Global article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

83.    Defendants deny the allegations contained in Paragraph 83 of the Complaint and refer to the Communist Party's Central Commission for Discipline Inspection ("CCDI") article referenced for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the CCDI article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.    Defendants deny the allegations contained in Paragraph 85 of the Complaint and refer to the March 10, 2021 Deutsche Bank Report ("Deutsche Bank Report") for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the Deutsche Bank Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

86.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.    Defendants deny the allegations contained in Paragraph 87 of the Complaint and refer to the March 8, 2021 Beijing News article, the March 9, 2021 Tsinghua University News article and the March 29, 2021 Caixin Global article for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the March 8, 2021 Beijing News article, the March 9, 2021 Tsinghua University News article and the March 29, 2021 Caixin Global article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

88.    Defendants deny the allegations contained in Paragraph 88 of the Complaint and refer to the March 29, 2021 Caixin Global article referenced for its complete contents. Defendants

deny any paraphrasing, summarizing or characterization of the March 29, 2021 Caixin Global article, and any factual inferences or legal conclusions made by plaintiffs based on it.

89.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.    Defendants deny the allegations contained in Paragraph 90 of the Complaint and refer to the May 8, 2021 Beijing Municipality article referenced for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the May 8, 2021 Beijing Municipality article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

91.    Defendants deny the allegations contained in Paragraph 91 of the Complaint and refer to the October 23, 2022 Voachinese.com article and the March 30, 2023 Asia.nikkei.com article referenced for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the October 23, 2022 Voachinese.com article and the March 30, 2023 Asia.nikkei.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

92.    Defendants deny the allegations contained in Paragraph 92 of the Complaint and refer to the May 25, 2021 Caixin article and the November 29, 2021 People.com.cn article referenced for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the May 25, 2021 Caixin article and the November 29, 2021 People.com.cn article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

93.    Defendants deny the allegations contained in Paragraph 93 of the Complaint and refer to the May 25, 2021 South China Morning Post article for its complete contents. Defendants

18

deny any paraphrasing, summarizing or characterization of the May 25, 2021 South China Morning Post article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

94.    Defendants deny the allegations contained in Paragraph 94 of the Complaint and refer to the May 25, 2021 Sohu.com article referenced for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 25, 2021 Sohu.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

95.    Defendants deny the allegations contained in Paragraph 95 of the Complaint and refer to the May 25, 2021 Sohu.com article referenced for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 25, 2021 Sohu.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the contents of the May 25, 2021 Sohu.com article.

96.    Defendants deny the allegations contained in Paragraph 96 of the Complaint and refer to the May 25, 2021 Caixin article referenced for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 25, 2021 Caixin article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint and refer to the May 25, 2021 Caixin article referenced for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 25, 2021 Caixin article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants refer to the Fuzhou University article referenced in Paragraph 99 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the Fuzhou University article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

100.     Defendants refer to the July 19, 2021 Lawxp.com article referenced in Paragraph 100 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the July 19, 2021 Lawxp.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

101.     Defendants refer to the July 20, 2021 Taihu County article referenced in Paragraph 101 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the July 20, 2021 Taihu County article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

102.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.  Defendants refer to the May 21, 2021 Tongman article for its complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 21, 2021 Tongman article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

103.     Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.     Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.     Defendants deny the allegations contained in Paragraph 105 of the Complaint and refer to Gaotu's Registration Statement for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint and refer to Gaotu's Registration Statement and FY 2021 Form 20-F referenced for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement and FY 2021 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on them.

108.    The allegations in the first sentence of Paragraph 108 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.  Defendants deny the remaining allegations contained in Paragraph 108 of the Complaint and refer to Gaotu's FY 2021 Form 20-F for its complete and accurate contents and refer to the Deutsche Bank Report for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2021 Form 20-F and the Deutsche Bank Report, and any factual inferences or legal conclusions made by Plaintiffs based on them.

109.    Defendants deny the allegations contained in the first sentence of Paragraph 109 of the Complaint and refer to the March 9, 2021 Form 144 for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the March 9, 2021 Form 144, and any factual inferences or legal conclusions made by Plaintiffs based on it.  Defendants deny the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 110 of the Complaint. Defendants deny the allegations contained in the last two sentences of Paragraph 110 of the Complaint and refer to Gaotu's FY 2021 Form 20-F for its complete and accurate contents.

Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2021 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

111.    Defendants deny the allegations contained in the last sentence of Paragraph 111 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 111 of the Complaint and refer to Gaotu's FY 2020 Form 20-F and FY 2021 Form 20-F referenced in Paragraph 111 of the Complaint for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2020 Form 20-F and FY 2021 Form 20-F and any factual inferences or legal conclusions made by Plaintiffs based on them.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint, except admit that the closing price of Gaotu ADSs was $88.62 on March 9, 2021, $81.10 per ADS on March 10, 2021, $9.58 per ADS on July 22, 2021 and $2.50 per ADS on July 26, 2021.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint and refer to the May 26, 2021 Earnings Call, the September 22, 2021 Earnings Call and the May 28, 2021 36Kr article for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 26, 2021 Earnings Call, the September 22, 2021 Earnings Call and the May 28, 2021 36Kr article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint and refer to the May 27, 2021 Sohu.com article and the July 19, 2021 Sohu.com article referenced for their complete contents.  Defendants deny any paraphrasing, summarizing, translation or characterization of the May 27, 2021 Sohu.com article and the July 19, 2021 Sohu.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint and refer to Gaotu's Registration Statement and other SEC filings for their complete and accurate contents about Gaotu's business. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Registration Statement and other SEC filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

117. Defendants refer to the July 28, 2021 163.com article referenced in Paragraph 117 of the Complaint for its complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the July 28, 2021 163.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 118 of the Complaint. Defendants refer to the July 26, 2021 Sina.cn article, the July 28, 2021 163.com article and the July 26, 2021 Caixin Global article referenced in Paragraph 118 of the Complaint for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the July 26, 2021 Sina.cn article, the July 28, 2021 163.com article and the July 26, 2021 Caixin Global article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of FE 1 contained in Paragraph 119 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 119 of the Complaint.

120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of FE 1 contained in Paragraph 120 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 120 of the Complaint.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of FE 2 contained in Paragraph 121 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 121 of the Complaint.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of FE 3 contained in Paragraph 122 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants refer to the July 23, 2021 Bloomberg article referenced in Paragraph 124 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the July 23, 2021 Bloomberg article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

125.    Defendants refer to the July 23, 2021 Wall Street Journal article referenced in Paragraph 125 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the July 23, 2021 Wall Street Journal article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, except admit that the closing price of Gaotu ADSs was $9.58 on July 22, 2021 and the opening price of Gaotu ADSs was $4.00 on July 23, 2021.

127.    Defendants refer to the July 23, 2021 Reuters article referenced in Paragraph 127 of the Complaint for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the July 23, 2021 Reuters article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint and refer to the July 24, 2021 Caixin Global article referenced for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the July 24, 2021 Caixin Global article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint, except admit that the closing price of Gaotu ADSs was $9.58 on July 22, 2021 and $3.52 per ADS on July 23, 2021.

130.    Defendants admit that the Chinese government officially published the Double Reduction Regulation on July 24, 2021.

131.    Defendants refer to Gaotu's Form 6-K filed on July 26, 2021 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Form 6-K filed on July 26, 2021, and any factual inferences or legal conclusions made by Plaintiffs based on it.

132.    Defendants deny the allegations contained in Paragraph 129 of the Complaint, except admit that the closing price of Gaotu ADSs was $2.50 on July 26, 2021.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint and refer to the August 1, 2021 Stcn.com article referenced in Paragraph 133 of the Complaint for its complete contents.    Defendants deny any paraphrasing, summarizing, translation or characterization of the August 1, 2021 Stcn.com article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

134.    Defendants refer to the August 5, 2021 21jingji.com article and the August 1, 2021 Stcn.com article referenced in Paragraph 134 of the Complaint for their complete contents. Defendants deny any paraphrasing, summarizing, translation or characterization of the August 5,

2021 21jingji.com article and the August 1, 2021 Stcn.com article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

135. The allegations in the first sentence of Paragraph 135 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants deny the remaining allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in the last sentence of Paragraph 136 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 136 of the Complaint and refer to the September 22, 2021 Earnings Call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the September 22, 2021 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint and refer to the November 6, 2021 Financial Times article ("Financial Times Article") and the SEC's "About EDGAR" article referenced in Paragraph 137 for their complete contents. Defendants deny any paraphrasing, summarizing or characterization of the Financial Times Article and the SEC's "About EDGAR" article, and any factual inferences or legal conclusions made by Plaintiffs based on them.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint and refer to the Financial Times Article referenced for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the Financial Times Article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Defendants refer to Gaotu's Form 6-K filed on November 15, 2021 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Form 6-K filed on November 15, 2021, and any factual inferences or legal conclusions made by Plaintiffs based on it.

141. Defendants refer to Gaotu's Form 6-K filed on February 17, 2022 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's Form 6-K filed on February 17, 2022, and any factual inferences or legal conclusions made by Plaintiffs based on it.

142. Defendants deny the allegations contained in Paragraph 142 of the Complaint and refer to Gaotu's FY 2021 Form 20-F for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2021 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

143. Defendants submit that the allegations regarding Defendants' statements on the March 5, 2021 Earnings Call contained in Paragraph 143 were dismissed by the Court's Opinion and Order dated February 6, 2025 (ECF No. 49 at 13-14), and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 143 of the Complaint and refer to the March 5, 2021 Earnings Call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the March 5, 2021 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

144. Defendants submit that the allegations regarding Defendants' statements on the March 5, 2021 Earnings Call contained in Paragraph 144 were dismissed by the Court's Opinion and Order dated February 6, 2025 (ECF No. 49 at 13-14), and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 144

of the Complaint and refer to the March 5, 2021 Earnings Call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the March 5, 2021 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

145. Defendants submit that the allegations regarding Defendants' statements on the March 5, 2021 Earnings Call contained in Paragraph 145 were dismissed by the Court's Opinion and Order dated February 6, 2025 (ECF No. 49 at 13-14), and therefore no response is required. Further, the allegations in Paragraph 145 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 145 of the Complaint and refer to the March 5, 2021 Earnings Call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the March 5, 2021 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint and refer to Gaotu's FY 2020 Form 20-F for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2020 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

147. The allegations contained in Paragraph 147 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

148. Defendants refer to Gaotu's FY 2020 Form 20-F referenced in Paragraph 148 of the Complaint for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's FY 2020 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

149.   The allegations contained in Paragraph 149 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

150.   Defendants admit the allegations contained in Paragraph 150 of the Complaint.

151.   The allegations contained in Paragraph 151 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

152.   The allegations contained in Paragraph 152 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and refer to 17 C.F.R. § 229.105 for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of 17 C.F.R. § 229.105, and any factual inferences or legal conclusions made by Plaintiffs based on it.

153.   The allegations contained in Paragraph 153 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

154.   Defendants refer to Part I, Item 5(D) of Form 20-F for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of Part I, Item 5(D) of Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

155.   The allegations contained in Paragraph 155 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and refer to Part I, Item 5(D) of Form 20-F for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of Part I, Item 5(D) of Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

156.    The allegations contained in Paragraph 156 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and refer to Item 5(D) of Form 20-F, the SEC Division of Corporation Finance's Financial Reporting Manual ("FRM") and the Commission Guidance Regarding Management's Discussion & Analysis of Financial Condition & Results of Operations dated December 19, 2003 (the "2003 Guidance") referenced in Paragraph 156 of the Complaint for their complete contents. Defendants deny any paraphrasing, summarizing or characterization of Item 5(D) of Form 20-F, the FRM and the 2003 Guidance, and any factual inferences or legal conclusions made by Plaintiffs based on them.

157.    The allegations contained in Paragraph 157 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and refer to the Management's Discussion & Analysis of Fin. Condition & Results of Operations; Certain Investment Company Disclosures dated May 18, 1989 (the "1989 Interpretive Release"), Instruction 5 of Form 20-F, and the 2003 Guidance referenced in Paragraph 157 of the Complaint for their complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the 1989 Interpretive Release, Instruction 5 of Form 20-F, and the 2003 Guidance, and any factual inferences or legal conclusions made by Plaintiffs based on them.

158.    The allegations contained in Paragraph 158 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and refer to Item 5(D) of Form 20-F and the 1989 Interpretive Release for their complete contents.  Defendants deny any paraphrasing, summarizing or characterization of Item 5(D) of Form 20-F and the 1989 Interpretive Release, and any factual inferences or legal conclusions made by Plaintiffs based on them.

159. The allegations contained in Paragraph 159 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations and refer to the 1989 Interpretive Release for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the 1989 Interpretive Release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

160. The allegations contained in Paragraph 160 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations and refer to the 1989 Interpretive Release for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of 1989 Interpretive Release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

161. The allegations contained in Paragraph 161 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations and refer to the 1989 Interpretive Release for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the 1989 Interpretive Release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

162. The allegations contained in Paragraph 162 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations and refer to 17 C.F.R. § 229.303 for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of 17 C.F.R. § 229.303, and any factual inferences or legal conclusions made by Plaintiffs based on it.

163. The allegations contained in Paragraph 163 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint and refer to the May 26, 2021 Earnings Call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the May 26, 2021 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

165. The allegations contained in Paragraph 165 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

166. The allegations contained in Paragraph 166 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

167. Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168. Defendants deny the allegations contained in Paragraph 168 of the Complaint, except admit that the closing price of Gaotu ADSs was $9.58 on July 22, 2021 and $3.52 per ADS on July 23, 2021, and refer to Gaotu's July 23, 2021 Press Release and Form 6-K filed on July 26, 2021 for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of Gaotu's July 23, 2021 Press Release and Form 6-K filed on July 26, 2021, and any factual inferences or legal conclusions made by Plaintiffs based on them.

169. The allegations contained in Paragraph 169 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

170. The allegations contained in the first two sentences of Paragraph 170 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 170 of the Complaint. Defendants also deny that Plaintiffs have suffered any damages.

171. The allegations contained in Paragraph 171 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

172. The allegations contained in Paragraph 172 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants also deny that Plaintiffs have suffered any damages.

173. The allegations contained in Paragraph 173 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

174. The allegations contained in Paragraph 174 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants also deny that Plaintiffs have suffered damages.

175. The allegations contained in Paragraph 175 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants also deny that Plaintiffs have suffered any damages.

176. The allegations contained in Paragraph 176 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, except submit that following the Court's dismissal of Plaintiffs' allegations regarding Defendants' statements on the March 5, 2021 Earnings Call (ECF No. 49 at 13-14), Plaintiffs purport to bring this action on behalf of themselves and all persons or entities that purchased Gaotu

33

ADSs from April 26, 2021 to July 23, 2021, inclusive, under Rule 23. Defendants deny that Plaintiffs have suffered any damages.

177. The allegations contained in the first sentence of Paragraph 177 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 of the Complaint, except admit that Gaotu ADSs were listed on the New York Stock Exchange from April 26, 2021 to July 23, 2021, inclusive.

178. The allegations contained in Paragraph 178 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

179. The allegations contained in Paragraph 179 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

180. The allegations contained in Paragraph 180 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

181. The allegations contained in Paragraph 181 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Complaint.

182.    The allegations contained in Paragraph 182 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

183.    The allegations contained in Paragraph 183 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

184.    The allegations contained in Paragraph 184 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.  Defendants also deny that Plaintiffs have suffered any damages.

185.    The allegations contained in Paragraph 185 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

186.    The allegations contained in Paragraph 186 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

187.    The allegations contained in Paragraph 187 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

188.    The allegations contained in Paragraph 188 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

189.    Defendants repeat each of the above responses as though fully set forth herein.

190.    The allegations contained in Paragraph 190 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants admit Plaintiffs purport to assert a claim under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

191.    The allegations contained in Paragraph 191 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

192.    The allegations contained in Paragraph 192 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

193.    The allegations contained in Paragraph 193 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

194.    The allegations contained in Paragraph 194 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

195.    The allegations contained in Paragraph 195 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.  Defendants also deny that Plaintiffs have suffered any damages.

196.    The allegations contained in Paragraph 196 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint.  Defendants deny that Plaintiffs have suffered any damages.

36

197.    The allegations contained in Paragraph 197 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.  Defendants also deny that Plaintiffs have suffered any damages.

198.    The allegations contained in Paragraph 198 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.  Defendants also deny that Plaintiffs have suffered any damages.

199.    Defendants repeat and incorporate by reference each of the above responses as though fully set forth herein.

200.    The allegations contained in Paragraph 200 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

201.    The allegations contained in Paragraph 201 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

202.    The allegations contained in Paragraph 202 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

203.    The allegations contained in Paragraph 203 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief and respectfully request that the Court dismiss all claims against Defendants with prejudice and order such further relief for Defendants

as the Court deems just and proper.  Defendants further deny that this action is appropriate for class action treatment.

## JURY TRIAL DEMANDED

Defendants deny the allegations of Plaintiffs' demand for a jury trial, except admit that Plaintiffs purport to demand a jury trial.  Defendants reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows: By alleging the matters set forth below, Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore, Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve the right to amend their answer and assert all such defenses.

### First Defense

The action is barred, in whole or in part, because the statements Plaintiffs challenge were not false or misleading and Defendants neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### Second Defense

The action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

### Third Defense

The action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Complaint under the safe harbor provisions of the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-5 and/or the bespeaks caution doctrine.

## Fourth Defense

The action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion.

## Fifth Defense

The action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of puffery.

## Sixth Defense

The action is barred, in whole or in part, because Plaintiffs are not entitled to any recovery from Defendants because, at the time Plaintiffs acquired Gaotu's ADSs, Plaintiffs and the putative class knew or should have known of any alleged untrue statement of material fact disclosed in Gaotu's public filings, disclosures and announcements, or of any omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## Seventh Defense

The action is barred, in whole or in part, because Defendants did not omit to state any material facts necessary in order to make any statement made by Defendants not false or misleading.

## Eighth Defense

The action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

**Ninth Defense**

The action is barred, in whole or in part, because no one whose intent could be imputed to Gaotu acted with scienter.

**Tenth Defense**

The action is barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

**Eleventh Defense**

The action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiffs or the putative class.

**Twelfth Defense**

The action is barred, in whole or in part, because the statements or omissions alleged in the Complaint were not made for the purpose of inducing the purchase or sale of securities.

**Thirteenth Defense**

The action is barred, in whole or in part, because Plaintiffs and the putative class are not entitled to any recovery from Defendants because Plaintiffs and members of the putative class did not acquire Gaotu ADSs relying on any alleged untrue statement of material fact disclosed in Gaotu's public filings, disclosures and announcements, or relying upon Gaotu's public filings, disclosures and announcements and not knowing of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Fourteenth Defense**

The action is barred, in whole or in part, to the extent there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiffs or the putative class.

40

**Fifteenth Defense**

The action is barred, in whole or in part, because Plaintiffs' and the putative class's damages, if any, are speculative and thus are not recoverable.

**Sixteenth Defense**

The action is barred, in whole or in part, because Plaintiffs and the putative class have no compensable damages.

**Seventeenth Defense**

The action is barred, in whole or in part, due to the absence of loss causation.

**Eighteenth Defense**

The action is barred, in whole or in part, because the fraud on the market theory does not apply.

**Nineteenth Defense**

The action is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

**Twentieth Defense**

The action is barred, in whole or in part, because Plaintiffs cannot establish that Gaotu securities were traded in an efficient market.

**Twenty-First Defense**

The action is barred, in whole or in part, to the extent Plaintiffs and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable laws.

**Twenty-Second Defense**

The action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for Gaotu in violation of the Securities

41

Exchange Act of 1934 or any rules of the SEC, with respect to any of the alleged conduct on which the Complaint is based, those actions cannot be imputed to Gaotu.

### Twenty-Third Defense

The action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiffs and the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and they assumed the risk of a decline in the value of their investments.

### Twenty-Fourth Defense

The action is barred, in whole or in part, because the putative class period is overbroad and therefore, many of the putative class members are not entitled to any recovery.

### Twenty-Fifth Defense

The action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### Twenty-Sixth Defense

The action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

### Twenty-Seventh Defense

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiffs' alleged

damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §78u-4(f)(3)(A).

### Twenty-Eighth Defense

Plaintiffs' cause of action under Section 20(a) of the Securities Exchange Act of 1934 is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**WHEREFORE**, Gaotu respectfully requests that the Complaint be dismissed with prejudice and that the Court award Gaotu its costs and attorneys' fees and any other relief deemed just and proper.

Dated: New York, New York
       April 7, 2025

Respectfully submitted,

*/s/ Robert A. Fumerton*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
Judith A. Flumenbaum
One Manhattan West
New York, New York 10001
Phone:  (212) 735-3000
Fax:      (212) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com
judy.flumenbaum@skadden.com

*Counsel for Defendants Gaotu Techedu*
  *Inc., Xiangdong Chen and Nan Shen*