# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSHUA ZHANG, Individually and on behalf
of all others similarly situated,

          Plaintiff,

        v.

GAOTU TECHEDU INC. F/K/A GSX
TECHEDU INC., XIANGDONG CHEN, and
NAN SHEN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

:    22-cv-7966 (PKC) (CLP)

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## AGAINST LEAD PLAINTIFF TCP DIVERSIFIED TECHNOLOGY FUND

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the Eastern District of New York, and the Court's Individual

Motion Practices and Rules, Gaotu Techedu Inc. f/k/a GSX Techedu Inc. ("Gaotu" or the

"Company"), Xiangdong Chen and Nan Shen (collectively, "Defendants"), by and through their

undersigned counsel, hereby request that Lead Plaintiff TCP Diversified Technology Fund ("Lead

Plaintiff") answer fully, and in writing under oath, each of the Interrogatories listed below within

thirty (30) days as specified by the Federal Rules of Civil Procedure and the Court's May 8, 2025

Order.

## DEFINITIONS

1.     These definitions incorporate by reference the Uniform Definitions in Discovery

Requests set forth in Local Civil Rule 26.3.

2.     "Action" shall mean *TCP Diversified Technology Fund et al. v. Gaotu Techedu Inc.*

*f/k/a GSX Techedu Inc.* et al., Case No. 1:22-cv-07966-PKC-CLP (E.D.N.Y.).

3.    "Complaint" shall mean the Amended Class Action Complaint (Oct. 16, 2023) (Dkt. No. 31.)

4.    "Communication" is defined to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3.

5.    "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

6.    "Former Employee(s)" refers to the purported former employees of Gaotu and Gaotu's subsidiaries referenced in the Complaint.[1]

7.    "Defendant(s)" refers to, collectively and individually, Gaotu Techedu Inc., f/k/a GSX Techedu Inc., Xiangdong Chen and Nan Shen.

8.    "Gaotu" or the "Company" shall mean Gaotu Techedu Inc., f/k/a GSX Techedu, Inc., and its officers, directors, employees, subsidiaries, or affiliates.

9.    "Gaotu Securities" refers to any equity securities such as common stock, preferred stock, debenture, bond, note, American Depositary Shares, or other debt or equity interest, including any derivative interest such as future contracts, options, and swaps and any direct or indirect, legal, or beneficial interest associated with Gaotu.

10.    "Identify" is defined to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3.

11.    "Initial Disclosures" shall mean Plaintiffs' Initial Disclosures served on April 26, 2025, and any subsequent disclosures made thereafter.

12.    "Interrogatory(ies)" shall refer to the interrogatories stated herein.

---

[1] The use of any Definitions for the purposes of these Interrogatories shall not be deemed to constitute an agreement or acknowledgment on the part of Defendants that such Definition is accurate, meaningful, or appropriate for any other purpose in this Action.

2

13.     "Person" is defined to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3, including, but not limited to, any natural person, corporation, trust, estate, cooperative, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other entity, and all past and present officers, directors, trustees, employees and agents, along with all others acting on such Person's behalf.

14.     "Plaintiffs' Counsel" refers to Levi & Korsinsky, LLP and The Rosen Law Firm, P.A.

15.     "Proposed Class" shall refer to all Persons and entities who purchased or otherwise acquired publicly traded American Depository Shares, evidenced by American Depositary Receipts, of Gaotu Techedu, Inc., f/k/a GSX Techedu, Inc., between March 5, 2021, and July 23, 2021, inclusive, as defined by Plaintiffs in their Complaint.

16.     "Relating to" or "Referring to" shall mean relating to, referring to, concerning, describing, pertaining to, evidencing, reflecting, regarding, constituting, involving, or touching upon in any way.  Each of these terms may be used interchangeably herein and will be treated as encompassing all these meanings.

17.     "Transaction" or "Transact" as used herein refers to the purchase, sale, loan, taking of a long or short position in, or any other disposition or acquisition of any interest, whether direct, indirect, legal, or beneficial, in Gaotu Securities.

18.     "You" shall mean, collectively and individually, Lead Plaintiff TCP Diversified Technology Fund, Your agents, any Person or entity acting on Your behalf or for Your benefit, including any Person, organization, entity, trust, fund, account, investment manager, or affiliated entity, including, but not limited to, Temescal Canyon Partners LP, and those Persons or entities upon whose behalf You have acted in connection with this Action.  "You" shall be construed to

3

include Lead Plaintiff TCP Diversified Technology Fund and as to any other Person, organization, entity, trust, fund, account, or affiliated entity, acting on Your behalf or for Your benefit in connection with this Action.  "Your" is the possessive of "You."

## **INSTRUCTIONS**

These Interrogatories and the terms used in these Interrogatories shall be construed to require the fullest disclosure permitted by law.  In addition, the following instructions apply to the below Interrogatories and should be considered as part of each Interrogatory:

1.    You should respond to each Interrogatory separately, fully, in writing and in accordance with the Instructions and Definitions.

2.    Each Interrogatory shall be construed independently.  No Interrogatory shall be construed by reference to any other Interrogatory for the purpose of limiting the response to such Interrogatory.

3.    Each Interrogatory is to be fully and separately answered, and before each answer is given, the Interrogatory in question must be set forth in full.

4.    The Interrogatories shall be deemed to be continuing so as to require supplemental information as You obtain additional information between the time of the initial answer hereunder and the time of the trial in this Action.

5.    Each Interrogatory calls for information in Your possession, custody, or control, including, without limitation, information in the possession, custody, or control of Your attorneys, agents, representatives and/or any other Person or entity that acts, acted or is acting on Your behalf.

6.    If any information called for by an Interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2.

4

7.      If you cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

8.      If You claim any ambiguity in interpreting any Interrogatory or any definition or instruction applicable to the Interrogatory, You may not use that claim as a basis for refusing to respond to the Interrogatory, but shall meet and confer with Defendants concerning the intended meaning.

9.      In order to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside of their scope, the following rules of construction, including those set forth in Local Civil Rule 26.3(d), apply:

    a.    The singular shall include the plural and vice versa;

    b.    The masculine, feminine, or neuter pronoun shall not exclude other genders;

    c.    The terms "all," "any" and "each" shall each be construed as encompassing any and all;

    d.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope;

    e.    The terms "including," "include," or "includes" shall be read in their broadest sense and are not meant to be limiting;

    f.    The present tense shall be construed to include the past tense and vice versa.

10.      If you cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent

possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

11.    To the extent that You consider any of the following Interrogatories objectionable, You shall answer so much of each Interrogatory which is not deemed objectionable, and separately state the part of each Interrogatory to which You object, and each ground for such objection.

12.    Defendants reserve the right to serve supplemental and additional Interrogatories upon You.

**INTERROGATORIES**

1.    Identify and describe the rationale for each Transaction of Gaotu Securities referenced in Your PSLRA Certification, filed on February 28, 2023.  (Dkt. No. 7, Ex. A).

2.    Describe the specific number and type of Gaotu Securities You currently hold, have previously held, or have had control over, as well as any transactions involving Gaotu Securities between March 5, 2021, and the date of these Interrogatories.

3.    Identify each Former Employee in the Complaint, including their full name, the title used in the Complaint to mask the identity of that Person, and their present or last known contact information, including, but not limited to, their business and residential address; their business and personal telephone number; and their business and personal email address.

4.    For each Former Employee in the Complaint, identify each Communication and attempted Communication between any Former Employee and You, including any attorney representing You in this Action, or any agent of an attorney representing You in this Action, including investigators and other law firms.

5.    Identify each current or former employee of Gaotu or any of its subsidiaries You have Communicated with or attempted to Communicate with, including their full name, job title, date(s) they were employed by Gaotu or any of its subsidiaries and their present or last known

6

contact information, including, but not limited to, their business and residential address; their business and personal telephone number; and their business and personal email address.

6.      Identify each third party to this Action You have Communicated with or attempted to Communicate with, including, but not limited to, third parties listed in Your Initial Disclosures, and provide the full name of each third party, and their present or last known contact information, including, but not limited to, their business and residential address; their business and personal telephone number; and their business and personal email address.

7.      Identify each Communication and attempted Communication between any Person You communicated with about being a plaintiff or class representative in this Action, including any attorney representing You in this Action, or any agent of any attorney representing You in this Action, including investigators and other law firms.

8.      Identify each Communication and attempted Communication between any other law firm considered by You to serve as Plaintiff's Counsel in this Action and You.

9.      Identify each Person who provides investment-related services or advice to You, including, but not limited to, any and all Transactions involving Gaotu Securities.

10.      Identify and describe Your investment objectives, criteria, strategy, or philosophy underlying Your decision with respect to any and all Transactions involving Gaotu Securities, including, but not limited to, any hedging, risk transfer or leveraging strategy with respect to investments in securities issued by companies in the technology sector.

11.      Identify and describe any financial payment made by Plaintiffs' Counsel to You or any other Person at Your request.

12. Identify and describe all legal, business, financial, familial, or social relationships between You and any current or former attorneys who were partners, associates, or otherwise affiliated with Plaintiffs' Counsel in this Action.

13. Identify and describe anything of value, other than legal representation, provided by Plaintiffs' Counsel to any Person at Your request.

14. Identify each Person who authorized and/or participated in discussions regarding the filing of the Action, the reasons for initiating litigation, and the dates on which You first considered filing any litigation concerning this Action.

15. Identify each and every Person from whom You, or anyone acting on Your behalf, have sought expert advice regarding the Action, the subject of the advice, the date on which contact with such Person was first initiated, and who first initiated contact.

16. Identify any lawsuit within the last seven years in which You have been involved regarding securities that You have owned, either as a record or beneficial owner, the parties involved, the subject matter of the lawsuit and the status or resolution of the lawsuit.

8

Dated: New York, New York
      June 9, 2025

*/s/ Robert A. Fumerton*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
Judith A. Flumenbaum
One Manhattan West
New York, New York 10001
Phone:  (212) 735-3000
Fax:     (212) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com
judy.flumenbaum@skadden.com

*Counsel for Defendants Gaotu*
*Techedu Inc., Xiangdong Chen*
*and Nan Shen*

9

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 9th Day of June, 2025, a true and correct copy of the foregoing document was emailed to counsel of record for Plaintiffs.

*/s/ Robert A. Fumerton*
Robert A. Fumerton