# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSHUA ZHANG, Individually and on behalf   :
of all others similarly situated,

                       :

        Plaintiff,             :

                       :

        v.              :    22-cv-7966 (PKC) (CLP)

                       :

GAOTU TECHEDU INC. F/K/A GSX    :
TECHEDU INC., XIANGDONG CHEN, and  :
NAN SHEN,                 :

                       :

        Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM ADDITIONAL NAMED PLAINTIFF JUN YE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York, and the Court's Individual Motion Practices and Rules, Gaotu Techedu Inc. f/k/a GSX Techedu Inc. ("Gaotu" or the "Company"), Xiangdong Chen and Nan Shen (collectively, "Defendants"), by and through their undersigned counsel, hereby request that Additional Named Plaintiff Jun Ye ("Additional Named Plaintiff") produce the following materials for inspection and copying within thirty (30) days as specified by the Federal Rules of Civil Procedure and the Court's May 8, 2025 Order at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, or some other location mutually agreeable to the parties.

## DEFINITIONS

1.      These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3.

2.      "Action" shall mean *TCP Diversified Technology Fund et al. v. Gaotu Techedu Inc. f/k/a GSX Techedu Inc.* et al., Case No. 1:22-cv-07966-PKC-CLP (E.D.N.Y.).

3.    "Complaint" shall mean the Amended Class Action Complaint (Oct. 16, 2023) (Dkt. No. 31.)

4.    "Communication" is defined to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3.

5.    "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

6.    "Former Employee(s)" refers to the purported former employees of Gaotu and Gaotu's subsidiaries referenced in the Complaint.[1]

7.    "Defendant(s)" refers to, collectively and individually, Gaotu Techedu Inc., f/k/a GSX Techedu Inc., Xiangdong Chen and Nan Shen.

8.    "Document" is defined to be synonymous in meaning, and equal in scope, to the usage of the term in Federal Rule of Civil Procedure 34(a) and Local Civil Rule 26.3, including, but not limited to, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  The term "Document" includes Communications.

9.    "Gaotu" or the "Company" shall mean Gaotu Techedu Inc., f/k/a GSX Techedu, Inc., and its officers, directors, employees, subsidiaries, or affiliates.

10.    "Gaotu Securities" refers to any equity securities such as common stock, preferred stock, debenture, bond, note, American Depositary Shares, or other debt or equity interest, including any derivative interest such as future contracts, options, and swaps and any direct or indirect, legal, or beneficial interest associated with Gaotu.

---

[1]    The use of any Definitions for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgment on the part of Defendants that such Definition is accurate, meaningful, or appropriate for any other purpose in this Action.

11. "Initial Disclosures" shall mean Plaintiffs' Initial Disclosures served on April 26, 2025, and any subsequent disclosures made thereafter.

12. "Person" is defined to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3, including, but not limited to, any natural person, corporation, trust, estate, cooperative, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other entity, and all past and present officers, directors, trustees, employees and agents, along with all others acting on such Person's behalf.

13. "Plaintiffs' Counsel" refers to Levi & Korsinsky, LLP and The Rosen Law Firm, P.A.

14. "Proposed Class" shall refer to all Persons and entities who purchased or otherwise acquired publicly traded American Depository Shares, evidenced by American Depositary Receipts, of Gaotu Techedu, Inc., f/k/a GSX Techedu, Inc., between March 5, 2021, and July 23, 2021, inclusive, as defined by Plaintiffs in their Complaint.

15. "Relating to" or "Referring to" shall mean relating to, referring to, concerning, describing, pertaining to, evidencing, reflecting, regarding, constituting, involving, or touching upon in any way. Each of these terms may be used interchangeably herein and will be treated as encompassing all these meanings.

16. "Request(s)" shall refer to the requests stated herein.

17. "Transaction" or "Transact" as used herein refers to the purchase, sale, loan, taking of a long or short position in, or any other disposition or acquisition of any interest, whether direct, indirect, legal, or beneficial, in Gaotu Securities.

18. "You" shall mean, collectively and individually, Additional Named Plaintiff Jun Ye, Your agents, any Person or entity acting on Your behalf or for Your benefit, including any

3

Person, organization, entity, trust, fund, account, investment advisor, and those Persons or entities upon whose behalf You have acted in connection with this Action.  "You" shall be construed to require production of responsive materials as to Additional Named Plaintiff Jun Ye, and as to any other Person, organization, entity, trust, fund, account, acting on Your behalf or for Your benefit in connection with this Action.  "Your" is the possessive of "You."

## **INSTRUCTIONS**

These Requests and the terms used in these Requests shall be construed to require the fullest disclosure permitted by law.  In addition, the following instructions apply to the below Requests and should be considered as part of each Request:

1.      You should respond to each Request separately.  You should produce any responsive Documents as they are kept in the ordinary course.

2.      Each Request shall be construed independently.  No Request shall be construed by reference to any other Request for the purpose of limiting the response to such Request.

3.      Documents shall be produced and numbered in such a manner that ensures that the source of each Document may be determined.  Absent unusual circumstances, Documents should be Bates-numbered.

4.      Each requested Document should be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.

5.      The Requests shall be deemed to be continuing so as to require supplemental productions as You obtain additional Documents between the time of the initial production hereunder and the time of the trial in this Action.

6.    Each Request calls for Documents in Your possession, custody, or control, including, without limitation, Documents in the possession, custody, or control of Your attorneys, agents, representatives and/or any other Person or entity that acts, acted or is acting on Your behalf.

7.    If any information or Document called for by a Request is withheld by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2.

8.    Should You seek to withhold any Document based on any limitation, identify the Document for which the limitation is claimed, and describe the basis for withholding such Document in sufficient detail as to permit Defendants and the Court to assess the validity of the basis for withholding such Document.  You are to produce each Document requested herein in its entirety, without deletion or excision, except for privilege, regardless of whether You consider the entire Document to be relevant or responsive to the Requests.  If any requested Document cannot be produced in full, produce it to the extent possible, indicating which Document, or portion thereof, is being withheld, and the reason that the Document, or portion thereof, is being withheld.

9.    If You claim any ambiguity in interpreting any Request or any definition or instruction applicable to the Request, You may not use that claim as a basis for refusing to respond to the Request, but shall meet and confer with Defendants concerning the intended meaning.

10.    In order to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope, the following rules of construction, including those set forth in Local Civil Rule 26.3(d), apply:

a.    The singular shall include the plural and vice versa;

b.    The masculine, feminine, or neuter pronoun shall not exclude other genders;

c.    The terms "all," "any" and "each" shall each be construed as encompassing any and all;

5

d.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope;

e.    The terms "including," "include," or "includes" shall be read in their broadest sense and are not meant to be limiting;

f.    The present tense shall be construed to include the past tense and vice versa.

11.    If any Document has been modified or altered in any way, in whole or in part, please identify each such Document and state how the Document was modified or altered.

12.    If there are no Documents responsive to a Request, please provide a written response so stating.

13.    To the extent that You consider any of the following Requests objectionable, You shall provide Documents responsive to so much of each Request which is not deemed objectionable, and separately state the part of each Request to which You object, and each ground for such objection.

14.    Defendants reserve the right to serve supplemental and additional Requests for the Production of Documents upon You.

## **DOCUMENT REQUESTS**

1.    All Documents concerning Your purchases, other acquisitions, sales, other dispositions or other Transactions in or concerning Gaotu Securities including:

i)    Documents sufficient to show the details, including, but not limited to, the date, price, number of shares, counterparty and any broker involved, of all of Your acquisitions, sales, other dispositions, or other Transactions in or Concerning Gaotu Securities;

6

ii)   All Documents that You, or any entity acting on Your Behalf, read, reviewed, received, or otherwise relied upon in connection with Your decision to purchase, hold, sell and/or otherwise Transact in Gaotu Securities, including, but not limited to, any analysts' reports, statements, opinions, analyses, periodicals, newsletters or other written materials read, reviewed or acquired by You that relate in any manner to Gaotu or Gaotu Securities;

iii)  All Documents relating to any research, modeling, projections, studies, due diligence, investigations, analysis or evaluation relating to Gaotu or Gaotu Securities;

iv)   Documents sufficient to show any hedging, risk transfer or leveraging strategy You, or any entity acting on your behalf, have or had relating to Your investment in Gaotu Securities;

v)    Any formal or informal investment policies, procedures, philosophy, strategies or practices You, or any entity acting on your behalf, used to analyze Gaotu Securities;

vi)   All Documents relating to Your investment strategies and guidelines, including strategies for conducting research or diligence into actual or potential investments.

2.   All Documents and Communications between or among You and any advisors, consultants, agents, representatives, or other Persons concerning the performance of Your investment in Gaotu Securities and any steps taken by You, or anyone else on Your behalf, to

7

monitor, supervise, or investigate Your investments in Gaotu Securities, including, but not limited to, any remittance reports, account statements and profit or loss statements.

3.      Documents sufficient to identify those Persons who made, participated in or advised You in Your decision(s) to acquire, hold, purchase, sell, convert, or transfer Gaotu Securities or who were otherwise involved Concerning Your investment in Gaotu Securities, including advisors, consultants, investment managers, agents, or representatives, and all Documents Concerning: (i) Your Communications with any such Person relating to Gaotu or Gaotu Securities; and (ii) the retention, employment, advisory or other relationship between You and any such Person.

4.      Documents sufficient to show the details, including, but not limited to, the date, price, number of shares, counterparty and any broker involved, of all of Your acquisitions, sales, other dispositions, or other Transactions in or Concerning securities of after-school tutoring institutions, including, but not limited to, TAL Education, New Oriental Education & Technology, 17 Education & Technology, NetEase Youdao, Jingrui Education and 51 Talk.

5.      Resume of Additional Named Plaintiff Jun Ye.

6.      All Documents and Communications relating to Gaotu, Gaotu Securities, or any aspect of Gaotu's business or financials.

7.      All Documents and Communications relating to any investigation or research conducted by You or on Your behalf prior to the filing of the Complaint or since the filing of the Complaint, including, but not limited to, all Documents You consulted, reviewed and/or referred to in any way in the preparation of the Complaint, including documents received from, reviewed with, or provided to the Former Employees or any third party.

8

8.      All Documents and Communications relating to: (i) the representations made in Gaotu's public filings, disclosures and announcements; (ii) the accuracy of those representations; or (iii) any due diligence performed by You or any third party on Your behalf, at any point in time, to determine the accuracy of those representations.

9.      All Documents upon which You intend to rely on to identify any false or misleading statements and/or omissions made by Defendants, including, but not limited to, any statements or omissions made in Gaotu's public filings, disclosures and announcements.

10.     All Documents and Communications between You, or anyone acting on Your behalf, and Gaotu or any of its current or former employees, contractors, directors, agents, representatives, or any other Persons working on behalf of Gaotu or any of its subsidiaries, including, but not limited to, the Former Employees referenced in Your Complaint.

11.     All Documents and Communications between You, or anyone acting on Your behalf, and any other third parties concerning Gaotu or Gaotu Securities, including, but not limited to, the third parties listed in Your Initial Disclosures.

12.     All Documents and Communications from any third party to this Action, including, but not limited to, Responses and Objections to any document requests you have served.

13.     All Documents relating to any loss or gain calculations conducted by You or on Your behalf in connection with Gaotu Securities, including all Documents relating to any modeling or other analyses used to estimate or project expected loss or gain relating to Gaotu Securities.

14.     All Documents and Communications concerning the type, amount or computation of damages allegedly suffered as a result of the conduct alleged in the Complaint by: (i) You and (ii) the proposed class or any putative member of such proposed class.

9

15.  All Documents and Communications relating to loss causation, including relating to Your allegation that the market price of Gaotu Securities was artificially inflated as a result of the alleged misrepresentations or failure to disclose material facts or otherwise, and/or concerning Your contention that You acquired Gaotu Securities at artificially inflated prices.

16.  All Documents and Communications Concerning any expert witness who may testify in this Action including, but not limited to, reports of any such witness, Documents Concerning Communications with such witness, and any Documents intended to be used, reviewed or relied upon by such witness.

17.  All Documents concerning any affirmative defense asserted by any Defendant in this Action.

18.  All Documents that You intend to rely on to support certification of this Action as a class action.

19.  All Documents and Communication Concerning the identity of the members of the alleged class that You purport to represent in this Action, including but not limited to: (i) any lists of such members or potential members; and (ii) Documents Concerning Communications between You and any such potential or actual members.

20.  All Communications between You and any potential or actual members of the alleged class that You purport to represent in this Action, relating to any of the allegations, claims or defenses in this Action.

21.  All Communications between You and Plaintiffs' Counsel prior to the retention of Plaintiffs' Counsel as Your counsel in this Action.

22.  All Documents considered or reviewed in connection with Your decision to seek to be appointed Lead Plaintiff and any decision to be named Additional Named Plaintiff, not Lead

10

Plaintiff, including all Documents relating to Your understanding of Your role, obligations, duties, or responsibilities as either a Lead Plaintiff, additional named Plaintiff or class action representative.

23.    All Documents Concerning any known or potential conflict or difference between Your claim, as a proposed representative of the Proposed Class, and the claim of any potential or actual members of the Proposed Class You claim to represent in this Action.

24.    All Documents and Communications Concerning Your decision to retain counsel and Your relationship with counsel in this Action, including, but not limited to, Documents Concerning: (i) any engagement letters, retainer agreements, contracts or, other similar Documents evidencing the terms under which You have retained counsel; (ii) Your relationship with any law firm representing You in this Action (including, without limitation, any individual attorney who is now, or who was, associated with, or a member of, any such firm); (iii) any financial or other arrangements that exist or existed between You and any such lawyer or law firm, whether in this Action or otherwise; (iv) Your relationship with such lawyer or law firm in connection with any other litigation in which any such lawyer or law firm has acted on Your behalf at any time; (v) any social, familial or other relationship that exists or has existed at any time between You and any such lawyer or law firm; (vi) arrangements for oversight of class counsel; and (vii) all Communications with Lead Plaintiff TCP Diversified Technology Fund.

25.    All Documents and Communications Concerning any agreement that relates to this Action.

26.    All Documents and Communications Concerning any consideration, of any nature, that You either have received, expect to receive or have been promised in return for acting as a Plaintiff in this Action, including, but not limited to, any financial interest that You have in

11

common with Your counsel in this Action (or any lawyer associated with or of counsel to these law firms).

27.     Documents sufficient to identify: (i) any action, alternative dispute resolution matter, or other legal proceeding(s) in which You are or have been a party; (ii) Your capacity in each of those legal proceedings; (iii) Your counsel in those proceedings; (iv) whether any sanction or reprimand was imposed in those legal proceedings; and (v) the terms under which those actions or other legal proceedings are being maintained, have settled or otherwise concluded.

28.     All transcripts of any testimony You have given, or affidavits You have submitted, in any deposition, administrative proceeding, arbitration, alternate dispute resolution action, trial, hearing, or any other legal proceeding in any forum.

Dated: New York, New York
      June 9, 2025

*/s/ Robert A. Fumerton*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
Judith A. Flumenbaum
One Manhattan West
New York, New York 10001
Phone:  (212) 735-3000
Fax:     (212) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com
judy.flumenbaum@skadden.com

*Counsel for Defendants Gaotu
Techedu Inc., Xiangdong Chen
and Nan Shen*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th Day of June, 2025, a true and correct copy of the foregoing document was emailed to counsel of record for Plaintiffs.

*/s/ Robert A. Fumerton*
Robert A. Fumerton
