# Exhibit E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TCP DIVERSIFIED TECHNOLOGY FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED,<br><br>                              Plaintiff,<br><br>        v.<br><br>GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN, and NAN SHEN,<br><br>                              Defendants. | Case No. 22-cv-7966-PKC-CLP |

**LEAD PLAINTIFF TCP DIVERSIFIED TECHNOLOGY FUND'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Eastern District of New York ("Local Rules"), Lead Plaintiff TCP Diversified Technology Fund ("Plaintiff"), by and through its undersigned counsel, hereby provide the following responses and objections to Defendants Gaotu Techedu Inc. f/k/a GSX Techedu Inc. ("Gaotu") Xiangdong Chen, and Nan Shen (collectively, "Defendants"), First Set of Interrogatories (the "Interrogatories") in the above-captioned action (the "Action").

**RESERVATION OF RIGHTS AND GENERAL OBJECTIONS**

1.      Plaintiff's Responses to these Interrogatories are made for the sole purpose of the Action. Plaintiff reserves all objections to the use of this Response, including all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and all other objections. Plaintiff reserves the right to amend, supplement, or withdraw this Response.

2.      No incidental or implied admissions are intended in this Response. Plaintiff's

1

Responses to all or any part of the Interrogatories should not be taken as an admission that: (i) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (ii) Plaintiff has in its possession, custody, or control any document responsive to that Interrogatory; or (iii) Plaintiff's Responses constitute admissible evidence. Plaintiff's Responses to all or any part of an Interrogatory is not intended to be, and shall not be, a waiver by the Plaintiff of all or any part of its objection(s) to that Interrogatory.

3.      These Responses are based upon information known and legal positions held at this time. Plaintiff reserves the right to make use of, or to introduce at any deposition, hearing, and/or trial, documents or information responsive to the Interrogatories but discovered or newly determined to be responsive subsequent to the date of service of Plaintiff's objections and responses to the Interrogatories, including, but not limited to, any documents or information obtained in discovery herein or any documents or information Plaintiff newly determines to be responsive based on its development of legal theories or as part of its preparation for trial.

4.      Plaintiff objects to the Interrogatories to the extent that they are premature at this stage of the litigation, when discovery is ongoing, the record has not yet been fully developed, and the parties have not finalized their legal positions or prepared for trial.

5.      Plaintiff objects to the Interrogatories, and the Definitions and Instructions, to the extent that they purport to impose obligations or burdens on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules. Subject to and without waiving these Objections, in responding to the Interrogatories, Plaintiff will construe the Interrogatories in accordance with the Federal Rules of Civil Procedure and the Local Rules.

6.      Plaintiff objects to the Interrogatories to the extent they purport to seek information that is not relevant to any party's claims or defenses or that is not proportional to the needs of the

Action.

7.    Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, or unreasonable.

8.    Plaintiff objects to the Interrogatories to the extent they seek information that is more appropriately identified by reference to documents. Pursuant to Fed. R. Civ. P. 33(d), Plaintiff is not required to provide written responses to interrogatories where the information sought can be derived or ascertained from documents and where the burden of doing so is substantially the same for all parties.

9.    Plaintiff objects to the Interrogatories to the extent that they request that Plaintiff provides information and documents that are equally or more readily available to Defendants.

10.    Plaintiff objects to the Interrogatories on the grounds that they assume incorrect or disputed facts. In responding to any Interrogatories, Plaintiff does not admit the correctness of any such allegations or assertions.

11.    Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of information, documents, or communications protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

12.    Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of information, documents, or communications that are not within the possession, custody or control of Plaintiff and/or Vince Smith.

13.    Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of information, documents or communications that have already been produced in this Action.

14.    Plaintiff objects to the Interrogatories to the extent that it calls for the disclosure of information, documents or communications already in the possession, custody or control of the

3

Defendants.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition, and subject to the General Objections set forth in this Response, Plaintiff submits the following further Specific Objections and Supplemental Responses to each Specific Interrogatory. To the extent that any Objection is set forth in responding to a Specific Interrogatory, that Objection is set forth because it is believed to be particularly pertinent to such Specific Interrogatory and does not constitute a waiver or limitation of any other Objections.

**INTERROGATORY NO. 1:**

Identify and describe the rationale for each Transaction of Gaotu Securities referenced in Your PSLRA Certification, filed on February 28, 2023. (Dkt. No. 7, Ex. A).

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to the Interrogatory to the extent that it calls for the disclosure of information or communications that are not within the possession, custody or control of Plaintiff. Plaintiff further objects to "rationale" as vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case.

Plaintiff invokes Federal Rule of Civil Procedure 33(d) to the extent that the Interrogatory seeks information that is more appropriately identified by reference to documents. The document filed in this action at Dkt. No. 7, Ex. A (ECF 7-1) identifies Plaintiff's transactions in Gaotu Securities.

Subject to the General Objections and the foregoing, Plaintiff operated itself as a fund targeting investments capable of growth at a reasonable price. It invested in Gaotu under the belief that the company was well positioned for growth relative to other educational companies in the sector thereby creating an opportunity to increase in value.

4

**INTERROGATORY NO. 2:**

Describe the specific number and type of Gaotu Securities You currently hold, have previously held, or have had control over, as well as any transactions involving Gaotu Securities between March 5, 2021, and the date of these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, lacking in particularity, or unreasonable.

Plaintiff invokes Federal Rule of Civil Procedure 33(d) to the extent that the Interrogatory seeks information that is more appropriately identified by reference to documents.

The document filed in this action at Dkt. No. 7, Ex. A (ECF 7-1) identifies Plaintiff's transactions in Gaotu Securities. Plaintiff does not presently own any Gaotu securities.

**INTERROGATORY NO. 3:**

Identify each Former Employee in the Complaint, including their full name, the title used in the Complaint to mask the identity of that Person, and their present or last known contact information, including, but not limited to, their business and residential address; their business and personal telephone number; and their business and personal email address.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Plaintiff is willing to meet and confer with Defendants regarding this Interrogatory.

**INTERROGATORY NO. 4:**

For each Former Employee in the Complaint, identify each Communication and attempted Communication between any Former Employee and You, including any attorney representing You in this Action, or any agent of an attorney representing You in this Action, including investigators

5

and other law firms.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Plaintiff is willing to meet and confer with Defendants regarding this Interrogatory.

**INTERROGATORY NO. 5:**

Identify each current or former employee of Gaotu or any of its subsidiaries You have Communicated with or attempted to Communicate with, including their full name, job title, date(s) they were employed by Gaotu or any of its subsidiaries and their present or last known contact information, including, but not limited to, their business and residential address; their business and personal telephone number; and their business and personal email address.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

In light of the foregoing General and Specific Objections, Plaintiff states that Vince Smith communicated with only Plaintiffs' Counsel concerning this Action and will not otherwise respond to this Interrogatory because it calls for the disclosure of information or communications protected from discovery by the attorney-client privilege and the attorney work-product doctrine.

**INTERROGATORY NO. 6:**

Identify each third party to this Action You have Communicated with or attempted to Communicate with, including, but not limited to, third parties listed in Your Initial Disclosures, and provide the full name of each third party, and their present or last known contact information, including, but not limited to, their business and residential address; their business and personal

6

telephone number; and their business and personal email address.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

In light of the foregoing General and Specific Objections, Plaintiff states that Vince Smith communicated with only Levi & Korsinsky, LLP concerning this Action and will not otherwise respond to this Interrogatory because it calls for the disclosure of information or communications protected from discovery by the attorney-client privilege and the attorney work-product doctrine.

**INTERROGATORY NO. 7:**

Identify each Communication and attempted Communication between any Person You communicated with about being a plaintiff or class representative in this Action, including any attorney representing You in this Action, or any agent of any attorney representing You in this Action, including investigators and other law firms.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to "each Communication and attempted Communication," and "any Person," as overbroad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

In light of the foregoing General and Specific Objections, Plaintiff states that Vince Smith communicated with only Levi & Korsinsky, LLP concerning this Action.

**INTERROGATORY NO. 8:**

Identify each Communication and attempted Communication between any other law firm considered by You to serve as Plaintiff's Counsel in this Action and You.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to "each Communication and attempted Communication," as overbroad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects to "attempted Communication" as seeking information that is not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

In light of the foregoing General and Specific Objections, Plaintiff states that Vince Smith communicated with only Levi & Korsinsky, LLP concerning this Action.

**INTERROGATORY NO. 9:**

Identify each Person who provides investment-related services or advice to You, including, but not limited to, any and all Transactions involving Gaotu Securities.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, spousal privilege, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to "any person," and "provides investment-related services or advice," as vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case.

Subject to the General Objections and the foregoing, Plaintiff did not receive investment-related advice concerning Gaotu.

**INTERROGATORY NO. 10:**

Identify and describe Your investment objectives, criteria, strategy, or philosophy underlying Your decision with respect to any and all Transactions involving Gaotu Securities, including, but not limited to, any hedging, risk transfer or leveraging strategy with respect to investments in securities issued by companies in the technology sector.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, spousal privilege, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to "investment objectives," "criteria," "strategy," "philosophy," "decision," "hedging," "risk transfer," "leveraging strategy," and "technology sector" as vague, ambiguous, overbroad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case.

Subject to the General Objections and the foregoing, Plaintiff operated itself as a fund targeting investments capable of growth at a reasonable price. It invested in Gaotu under the belief that the company was well positioned for growth relative to other educational companies in the sector thereby creating an opportunity to increase in value. During its investment in Gaotu, Plaintiff may have also held a hedge position to protect against an overall market downturn such as an inverse S&P 500 fund.

**INTERROGATORY NO. 11:**

Identify and describe any financial payment made by Plaintiffs' Counsel to You or any other Person at Your request.

9

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to "any financial payment," and "any other Person," as overbroad, unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff has not received or directed any payment from Plaintiffs' Counsel to itself or anyone else.

**INTERROGATORY NO. 12:**

Identify and describe all legal, business, financial, familial, or social relationships between You and any current or former attorneys who were partners, associates, or otherwise affiliated with Plaintiffs' Counsel in this Action.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to "all legal, business, financial, familial, or social relationships," and "otherwise affiliated," as overbroad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information or communications that are not within the possession, custody or control of Plaintiff. Plaintiff further objects to the Interrogatory to the extent that it calls for the disclosure of information or communications already in the possession, custody or control of the Defendants.

10

Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds that, other than the legal relationship Plaintiff has with Plaintiff's Counsel in this Action, Plaintiff does not have any legal, business, financial, familial, or social relationships with Plaintiff's Counsel.

**INTERROGATORY NO. 13:**

Identify and describe anything of value, other than legal representation, provided by Plaintiffs' Counsel to any Person at Your request.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to "anything of value," and "any Person," as overbroad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff has not received anything of value from Plaintiffs' Counsel other than legal representation in this Action and/or directed Plaintiffs' Counsel to provide anything of value to anyone else.

**INTERROGATORY NO. 14:**

Identify each Person who authorized and/or participated in discussions regarding the filing of the Action, the reasons for initiating litigation, and the dates on which You first considered filing any litigation concerning this Action.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint

11

defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information or communications that are not within the possession, custody or control of Plaintiff.

In light of the foregoing General and Specific Objections, Plaintiff will not respond to this Interrogatory because it calls for the disclosure of information or communications protected from discovery by the attorney-client privilege and the attorney work-product doctrine except to confirm that Vince Smith authorized and/or participated in the filing of this Action on behalf of Plaintiff.

**INTERROGATORY NO. 15:**

Identify each and every Person from whom You, or anyone acting on Your behalf, have sought expert advice regarding the Action, the subject of the advice, the date on which contact with such Person was first initiated, and who first initiated contact.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to "each and every Person," as overbroad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to this Interrogatory to the extent that its calls for the disclosure of information, documents, or communications that are not within the possession, custody or control of Plaintiff. Plaintiff further objects to this Interrogatory on the ground that it is premature. The timeline for expert disclosure and other evidence is set by the Federal Rules, the Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the Court, in this Action.

Subject to and without waiving the foregoing General Objections and Specific Objections,

Plaintiff received legal advice from Levi & Korsinsky, LLP.

**INTERROGATORY NO. 16:**

Identify any lawsuit within the last seven years in which You have been involved regarding securities that You have owned, either as a record or beneficial owner, the parties involved, the subject matter of the lawsuit and the status or resolution of the lawsuit.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff incorporates its General Objections by reference. Plaintiff further objects to "any lawsuit," as overbroad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects to this Request on the ground that the phrase "have been involved" in this context is vague and ambiguous, and Plaintiff limits its response to cases in which Plaintiff participated as a party. Plaintiff further objects to this Interrogatory on the grounds that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Subject to the General Objections and the foregoing, this Action is the only lawsuit regarding securities within the last seven years in which Plaintiff has been involved.

13

Dated: July 9, 2025

**LEVI & KORSINSKY, LLP**

*/s/Adam M. Apton*
Adam M. Apton, Esq.
33 Whitehall Street, 17th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Lead Plaintiff*
*and Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Yu Shi
Jing Chen
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: yshi@rosenlegal.com
Email: jchen@rosenlegal.com

*Additional Counsel for Plaintiffs and the*
*Class*

**VERIFICATION**

I, Vince Smith, as the authorized representative of Plaintiff in the above-captioned action, hereby state that the foregoing responses to Defendants' interrogatories are true and correct to the best of my knowledge, except as to the objections stated within for which I defer to counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of July 2025.

*Vince Smith*
Vince Smith (Jul 7, 2025 13:13 EDT)

VINCE SMITH

## <u>CERTIFICATE OF SERVICE</u>

I, Adam M. Apton, hereby certify that on July 9, 2025, I caused a copy of Lead Plaintiff TCP Diversified Technology Fund's Responses and Objections to Defendants' First Set Of Interrogatories to be served on the following counsel of record via e-mail:

Scott D. Musoff, scott.musoff@skadden.com

Robert A. Fumerton, robert.fumerton@skadden.com

Michael C. Griffin, michael.griffin@skadden.com

Judith A. Flumenbaum, judy.flumenbaum@skadden.com

I certify under penalty of perjury that the foregoing is true and correct. Executed this 9th day of July, 2025.


*/s/Adam M. Apton*
Adam M. Apton, Esq.