# Exhibit H

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

<table>
<tr><td>

TCP DIVERSIFIED TECHNOLOGY FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED,

                     Plaintiff,

    v.

GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN, and NAN SHEN,

                     Defendants.

</td><td>

Case No. 22-cv-7966-PKC-CLP

</td></tr>
</table>

**PLAINTIFF JUN YE'S RESPONSES AND OBJECTIONS TO DEFENDANTS'**
**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Eastern District of New York ("Local Rules"), Plaintiff Jun Ye ("Plaintiff"), by and through his undersigned counsel, hereby provides the following responses and objections to the First Set of Requests for the Production of Documents (the "Requests") of Defendants Gaotu Techedu Inc. f/k/a GSX Techedu Inc. ("Gaotu"), Xiangdong Chen, and Nan Shen (collectively, "Defendants") in the above-captioned action (the "Action").

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into each of Plaintiff's responses as if fully set forth therein:

1.      Plaintiff objects to each Request, Definition, and Instruction to the extent it purports to impose obligations on Plaintiff beyond those required under the Federal Rules of Civil Procedure and/or the Local Rules.

1

2. Plaintiff objects to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. No waiver of any such privilege or immunity is intended by any production of documents by Plaintiff. Any documents produced are produced pursuant to the protective order entered in this Action.

3. Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of this case, vague, ambiguous, intended solely to harass, and/or it seeks documents irrelevant to the claim or defense of any party or documents of such marginal relevance that their probative value is substantially outweighed by the burden imposed on Plaintiff in having to search for and produce such documents.

4. Plaintiff objects to each Request to the extent documents requested are already in Defendants' possession, publicly available, or are available to Defendants from another source that is more convenient, less burdensome or less expensive.

5. Plaintiff objects to each Request to the extent it seeks documents outside of Plaintiff's possession, custody, or control.

6. Plaintiff objects to each Request to the extent it seeks documents prematurely, including, but not limited to, documents that are properly the subject of expert discovery.

7. Plaintiff objects to the Requests to the extent that they seek the production of documents or information, the production of which would result in the violation of any applicable law or regulation.

8. Plaintiff objects to each Request to the extent it calls for legal conclusions or arguments, or to the extent that it seeks documents concerning Plaintiff's factual and legal contentions in this Action and, as such, is premature at this stage of the litigation, when discovery

is ongoing and the record has not yet been fully developed.

9.    Plaintiff objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume disputed facts or legal conclusions, or purport to characterize facts in describing the information requested. Plaintiff denies any such disputed facts, legal conclusions or characterizations to the extent assumed by any of the Requests. Plaintiff's responses and objections with respect to any such Request are made without prejudice to this objection. Plaintiff's production of any document in response to the Requests is not intended to be, and shall not be, deemed an admission of the relevance or admissibility of that document.

10.    Plaintiff objects to each Request to the extent it is duplicative of another Request.

11.    Plaintiff objects to the Requests to the extent they seek production of "all" documents or "any" documents on the grounds that such requests are overbroad and unduly burdensome. Plaintiff will produce documents in response to the Requests only to the extent such documents can be located after a reasonable search.

12.    Any statement that Plaintiff "will perform a reasonable search for, and will produce, responsive, non-privileged documents in his possession, custody, or control" or the substantive equivalent, means that Plaintiff will conduct a reasonable search for documents where Plaintiff believes such documents are likely to be located. Plaintiff does not concede that any such documents exist.

13.    Plaintiff objects to Definition No. 15 on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to this Action and not proportional to the needs of this case.

14.    Plaintiff objects to Definition No. 18 on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to this Action and not proportional

3

to the needs of this case. Plaintiff further objects to Definition No. 18 on the grounds that it seeks to compel the production of materials outside Plaintiff's possession, custody or control. In responding to these Requests, Plaintiff will interpret the terms "Plaintiff" and "You" to mean Plaintiff.

15.    Plaintiff objects to Instructions Nos. 4 and 8. Plaintiff will provide information concerning the treatment of privileged documents in the form and manner agreed upon by the Parties.

16.    Plaintiff reserves the right to revise, supplement, withdraw, or modify these responses in accordance with the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST NO. 1:**

All Documents concerning Your purchases, other acquisitions, sales, other dispositions or other Transactions in or concerning Gaotu Securities including: (i) Documents sufficient to show the details, including, but not limited to, the date, price, number of shares, counterparty and any broker involved, of all of Your acquisitions, sales, other dispositions, or other Transactions in or Concerning Gaotu Securities; (ii) All Documents that You, or any entity acting on Your Behalf, read, reviewed, received, or otherwise relied upon in connection with Your decision to purchase, hold, sell and/or otherwise Transact in Gaotu Securities, including, but not limited to, any analysts' reports, statements, opinions, analyses, periodicals, newsletters or other written materials read, reviewed or acquired by You that relate in any manner to Gaotu or Gaotu Securities; (iii) All Documents relating to any research, modeling, projections, studies, due diligence, investigations, analysis or evaluation relating to Gaotu or Gaotu Securities; (iv) Documents sufficient to show any hedging, risk transfer or leveraging strategy You, or any entity acting on your behalf, have or had relating to Your investment in Gaotu Securities; (v) Any formal or informal investment policies, procedures, philosophy, strategies or practices You, or any entity acting on your behalf, used to analyze Gaotu Securities; (vi) All Documents relating to Your investment strategies and guidelines, including strategies for conducting research or diligence into actual or potential investments.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to

4

any party's claims or defenses and not proportional to the needs of this case. Plaintiff further

objects to this Request on the ground that the phrases "any analysts' reports, statements, opinions,

analyses, periodicals, newsletters or other written materials read, reviewed or acquired by You that

relate in any manner," "All Documents relating to any research, modeling, projections, studies,

due diligence, investigations, analysis or evaluation relating to Gaotu or Gaotu Securities,"

"Documents sufficient to show any hedging, risk transfer or leveraging strategy You, or any entity

acting on your behalf, have or had relating to Your investment in Gaotu Securities," and "formal

or informal investment policies, procedures, philosophy, strategies or practices You, or any entity

acting on your behalf, used to analyze Gaotu Securities," in this context are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

will produce documents sufficient to show all his transactions in Gaotu Securities during the period

of March 5, 2021 to October 21, 2021.

**REQUEST NO. 2:**

All Documents and Communications between or among You and any advisors, consultants, agents, representatives, or other Persons concerning the performance of Your investment in Gaotu Securities and any steps taken by You, or anyone else on Your behalf, to monitor, supervise, or investigate Your investments in Gaotu Securities, including, but not limited to, any remittance reports, account statements and profit or loss statements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the

grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to

any party's claims or defenses and not proportional to the needs of this case. Plaintiff further

objects to this Request to the extent it seeks documents protected from discovery by the attorney-

client privilege, work product doctrine, or other applicable protection. Plaintiff further objects to

this Request on the ground that the phrases "any advisors, consultants, agents, representatives, or

other Persons," "monitor, supervise, or investigate," in this context are vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks the production of documents not in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will meet and confer with Defendants concerning the scope of this Request.

**REQUEST NO. 3:**

Documents sufficient to identify those Persons who made, participated in or advised You in Your decision(s) to acquire, hold, purchase, sell, convert, or transfer Gaotu Securities or who were otherwise involved Concerning Your investment in Gaotu Securities, including advisors, consultants, investment managers, agents, or representatives, and all Documents Concerning: (i) Your Communications with any such Person relating to Gaotu or Gaotu Securities; and (ii) the retention, employment, advisory or other relationship between You and any such Person.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will meet and confer with Defendants concerning the scope of this Request.

**REQUEST NO. 4:**

Documents sufficient to show the details, including, but not limited to, the date, price, number of shares, counterparty and any broker involved, of all of Your acquisitions, sales, other dispositions, or other Transactions in or Concerning securities of after-school tutoring institutions, including, but not limited to, TAL Education, New Oriental Education & Technology, 17 Education & Technology, NetEase Youdao, Jingrui Education and 51 Talk.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to

any party's claims or defenses and not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff does not have documents concerning transactions in after-school tutoring institutions except for Gaotu, including TAL Education, New Oriental Education & Technology, 17 Education & Technology, NetEase Youdao, Jingrui Education and 51 Talk, that would be responsive to this Request.

**REQUEST NO. 5:**

Resume of Additional Named Plaintiff Jun Ye.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request to the extent that it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce his resume to the extent any exists.

**REQUEST NO. 6:**

All Documents and Communications relating to Gaotu, Gaotu Securities, or any aspect of Gaotu's business or financials.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects that the term "any aspect of Gaotu's business or financials" is vague and ambiguous as used herein.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff

7

does not have any documents or communications responsive to this Request other than what has already been or will be produced.

**REQUEST NO. 7:**

All Documents and Communications relating to any investigation or research conducted by You or on Your behalf prior to the filing of the Complaint or since the filing of the Complaint, including, but not limited to, all Documents You consulted, reviewed and/or referred to in any way in the preparation of the Complaint, including documents received from, reviewed with, or provided to the Former Employees or any third party.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request on the grounds that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine or other applicable protection.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 8:**

All Documents and Communications relating to: (i) the representations made in Gaotu's public filings, disclosures and announcements; (ii) the accuracy of those representations; or (iii) any due diligence performed by You or any third party on Your behalf, at any point in time, to determine the accuracy of those representations.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-

8

client privilege, work product doctrine, or other applicable protection.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 9:**

All Documents upon which You intend to rely on to identify any false or misleading statements and/or omissions made by Defendants, including, but not limited to, any statements or omissions made in Gaotu's public filings, disclosures and announcements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection. Finally, Plaintiff objects to the vague and ambiguous term "Documents upon which You intend to rely on to identify any false or misleading statements and/or omissions made by Defendants" because its meaning is incomprehensible in this context.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 10:**

All Documents and Communications between You, or anyone acting on Your behalf, and Gaotu or any of its current or former employees, contractors, directors, agents, representatives, or any other Persons working on behalf of Gaotu or any of its subsidiaries, including, but not limited to, the Former Employees referenced in Your Complaint.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to

9

any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine or other applicable protection. Plaintiff further objects to this Request to the extent that the documents requested are already in Defendants' possession, are publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent it seeks the production of documents not in Plaintiff's possession, custody, or control.

Subject to and without waiving his General and Specific Objections, Plaintiff will meet and confer with Defendants concerning the scope of this Request.

**REQUEST NO. 11:**

All Documents and Communications between You, or anyone acting on Your behalf, and any other third parties concerning Gaotu or Gaotu Securities, including, but not limited to, the third parties listed in Your Initial Disclosures.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine or other applicable protection.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 12:**

All Documents and Communications from any third party to this Action, including, but not limited

10

to, Responses and Objections to any document requests you have served.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 13:**

All Documents relating to any loss or gain calculations conducted by You or on Your behalf in connection with Gaotu Securities, including all Documents relating to any modeling or other analyses used to estimate or project expected loss or gain relating to Gaotu Securities.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 13:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Plaintiff further objects to this Request on the ground that it is premature. The timeline for the disclosure of trial exhibits, expert disclosure and other evidence is set by the Federal Rules, the Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the Court, in this Action.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have

11

any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 14:**

All Documents and Communications concerning the type, amount or computation of damages allegedly suffered as a result of the conduct alleged in the Complaint by: (i) You and (ii) the proposed class or any putative member of such proposed class.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Plaintiff further objects to this Request on the ground that it is premature. The timeline for the disclosure of trial exhibits, expert disclosure and other evidence is set by the Federal Rules, the Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the Court, in this Action.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 15:**

All Documents and Communications relating to loss causation, including relating to Your allegation that the market price of Gaotu Securities was artificially inflated as a result of the alleged misrepresentations or failure to disclose material facts or otherwise, and/or concerning Your contention that You acquired Gaotu Securities at artificially inflated prices.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 15:**

12

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Plaintiff further objects to this Request on the ground that it is premature. The timeline for the disclosure of trial exhibits, expert disclosure and other evidence is set by the Federal Rules, the Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the Court, in this Action.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 16:**

All Documents and Communications Concerning any expert witness who may testify in this Action including, but not limited to, reports of any such witness, Documents Concerning Communications with such witness, and any Documents intended to be used, reviewed or relied upon by such witness.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Plaintiff further objects to this Request on the ground that it is premature. The timeline for

13

the disclosure of trial exhibits, expert disclosure and other evidence is set by the Federal Rules, the Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the Court, in this Action.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 17:**

All Documents concerning any affirmative defense asserted by any Defendant in this Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine or other applicable protection. Plaintiff further objects to this Request to the extent that the documents requested are already in Defendants' possession, are publicly available, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent it seeks the production of documents not in Plaintiff's possession, custody, or control. Plaintiff further objects to this request as vague and ambiguous to the extent it calls for Plaintiff to make legal judgments about Defendants' affirmative defenses or to invent legal arguments about what materials may support Defendants' affirmative defenses.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 18:**

All Documents that You intend to rely on to support certification of this Action as a class action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Plaintiff further objects to this Request on the ground that it is premature. The timeline for the disclosure of trial exhibits, expert disclosure and other evidence is set by the Federal Rules, the Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the Court, in this Action.

Plaintiff further objects to this request as vague and ambiguous to the extent it calls for Plaintiff to make legal judgments about certification of this Action as a class action or to invent legal arguments about what materials may support certification of this Action as a class action.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 19:**

All Documents and Communication Concerning the identity of the members of the alleged class that You purport to represent in this Action, including but not limited to: (i) any lists of such members or potential members; and (ii) Documents Concerning Communications between You and any such potential or actual members.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Plaintiff further objects to this Request on the ground that it is premature. The timeline for

15

the disclosure of trial exhibits, expert disclosure and other evidence is set by the Federal Rules, the

Local Rules, or other applicable law, or as otherwise agreed upon by the parties, or ordered by the

Court, in this Action.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have

any non-privileged documents or communications responsive to this Request other than what has

already been or will be produced in this Action.

**REQUEST NO. 20:**

All Communications between You and any potential or actual members of the alleged class that
You purport to represent in this Action, relating to any of the allegations, claims or defenses in this
Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the

extent it seeks documents protected from discovery by the attorney-client privilege, work product

doctrine, or other applicable protection.

Subject to and without waiving his General and Specific Objections, Plaintiff does not have

any non-privileged documents or communications responsive to this Request other than what has

already been or will be produced in this Action.

**REQUEST NO. 21:**

All Communications between You and Plaintiffs' Counsel prior to the retention of Plaintiffs'
Counsel as Your counsel in this Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the

grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to

any party's claims or defenses and not proportional to the needs of this case. Plaintiff further

objects to this Request to the extent it seeks documents protected from discovery by the attorney-

16

client privilege, work product doctrine, or other applicable protection. *See e.g., Groisman v. Feler,* No. 16-CV-1369 (CBA) (CLP), 2017 WL 11690933, at *3 (E.D.N.Y. Sept. 27, 2017) ("Since an attorney-client relationship does not depend on the existence of a formal retainer agreement or upon payment of a fee, a court must look to the words and actions of the parties to ascertain the existence of such a relationship.") (quoting *Moran v. Hurst*, 32 A.D.3d 909, 911, 822 N.Y.S.2d 564, 566 (2006)).

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 22:**

All Documents considered or reviewed in connection with Your decision to seek to be appointed Lead Plaintiff and any decision to be named Additional Named Plaintiff, not Lead Plaintiff, including all Documents relating to Your understanding of Your role, obligations, duties, or responsibilities as either a Lead Plaintiff, additional named Plaintiff or class action representative.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request on the grounds that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection. Plaintiff further objects to this Request to the extent that the documents requested are already in Defendants' possession or are publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 23:**

17

All Documents Concerning any known or potential conflict or difference between Your claim, as a proposed representative of the Proposed Class, and the claim of any potential or actual members of the Proposed Class You claim to represent in this Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 23:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection. Plaintiff further objects to this request as vague and ambiguous to the extent it calls for Plaintiff to make legal judgments about "conflict" or "difference" or to invent legal arguments about what materials may support a "conflict" or "difference".

Subject to and without waiving the foregoing General and Specific Objections Plaintiff does not have any documents concerning known or potential conflicts with other class members.

**REQUEST NO. 24:**

All Documents and Communications Concerning Your decision to retain counsel and Your relationship with counsel in this Action, including, but not limited to, Documents Concerning: (i) any engagement letters, retainer agreements, contracts or, other similar Documents evidencing the terms under which You have retained counsel; (ii) Your relationship with any law firm representing You in this Action (including, without limitation, any individual attorney who is now, or who was, associated with, or a member of, any such firm); (iii) any financial or other arrangements that exist or existed between You and any such lawyer or law firm, whether in this Action or otherwise; (iv) Your relationship with such lawyer or law firm in connection with any other litigation in which any such lawyer or law firm has acted on Your behalf at any time; (v) any social, familial or other relationship that exists or has existed at any time between You and any such lawyer or law firm; (vi) arrangements for oversight of class counsel; and (vii) all Communications with Lead Plaintiff TCP Diversified Technology Fund.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 24:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. In particular, the reference to documents and communications concerning "any other litigation" that has nothing to

18

do with this Action is not relevant to any party's claim or defenses in this action. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection. *See e.g., Groisman v. Feler,* No. 16-CV-1369 (CBA) (CLP), 2017 WL 11690933, at *3 (E.D.N.Y. Sept. 27, 2017) ("Since an attorney-client relationship does not depend on the existence of a formal retainer agreement or upon payment of a fee, a court must look to the words and actions of the parties to ascertain the existence of such a relationship.") (quoting *Moran v. Hurst*, 32 A.D.3d 909, 911, 822 N.Y.S.2d 564, 566 (2006)).

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 25:**

All Documents and Communications Concerning any agreement that relates to this Action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 25:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. Plaintiff further objects to this Request on the ground that the phrase "Concerning any agreement" in this context is vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will meet and confer with Defendants concerning the scope of this Request.

**REQUEST NO. 26:**

19

All Documents and Communications Concerning any consideration, of any nature, that You either have received, expect to receive or have been promised in return for acting as a Plaintiff in this Action, including, but not limited to, any financial interest that You have in common with Your counsel in this Action (or any lawyer associated with or of counsel to these law firms).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 26:**

Plaintiff incorporates his General Objections. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff does not have any non-privileged documents or communications responsive to this Request other than what has already been or will be produced in this Action.

**REQUEST NO. 27:**

Documents sufficient to identify: (i) any action, alternative dispute resolution matter, or other legal proceeding(s) in which You are or have been a party; (ii) Your capacity in each of those legal proceedings; (iii) Your counsel in those proceedings; (iv) whether any sanction or reprimand was imposed in those legal proceedings; and (v) the terms under which those actions or other legal proceedings are being maintained, have settled or otherwise concluded.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 27:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. In particular, the reference to documents concerning "other legal proceeding(s)" has nothing to do with this Action and is not relevant to any party's claims or defenses in this Action. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Subject to and without waiving its General and Specific Objections, Plaintiff does not have any documents identifying any relevant securities legal proceedings that would be responsive to

20

this Request.

**REQUEST NO. 28:**

All transcripts of any testimony You have given, or affidavits You have submitted, in any deposition, administrative proceeding, arbitration, alternate dispute resolution action, trial, hearing, or any other legal proceeding in any forum.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 28:**

Plaintiff incorporates his General Objections. Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this case. In particular, the reference to documents concerning "any other legal proceeding in any forum" has nothing to do with this Action and is not relevant to any party's claims or defenses in this Action. Plaintiff further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, or other applicable protection.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff does not have any transcripts or affidavits from any relevant securities legal proceedings that would be responsive to this Request.

Dated: July 9, 2025                                   **LEVI & KORSINSKY, LLP**

                                                      */s/Adam M. Apton*
                                                      Adam M. Apton, Esq.
                                                      33 Whitehall Street, 17th Floor
                                                      New York, New York 10004
                                                      Tel.: (212) 363-7500
                                                      Fax: (212) 363-7171
                                                      Email: aapton@zlk.com

                                                      *Counsel for Lead Plaintiff*
                                                      *and Lead Counsel for the Class*

21

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim
Yu Shi
Jing Chen
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: yshi@rosenlegal.com
Email: jchen@rosenlegal.com

*Additional Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby certify that on July 9, 2025, I caused a copy of Plaintiff Jun Ye's Responses and Objections to Defendants' First Requests for Production of Documents to be served on the following counsel of record via e-mail:

Scott D. Musoff, scott.musoff@skadden.com

Robert A. Fumerton, robert.fumerton@skadden.com

Michael C. Griffin, michael.griffin@skadden.com

Judith A. Flumenbaum, judy.flumenbaum@skadden.com

I certify under penalty of perjury that the foregoing is true and correct. Executed this 9th day of July, 2025.


/s/Adam M. Apton
Adam M. Apton, Esq.

23