# Exhibit J

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JOSHUA ZHANG, Individually and on behalf of all other similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN, and NAN SHEN,<br><br>               Defendants. | Case No. 22-cv-7966-PKC-CLP<br><br>**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. Civ. P. 26** |

Lead Plaintiff TCP Diversified Technology Fund ("Lead Plaintiff") and additional named plaintiff Jun Ye (collectively with Lead Plaintiff, "Plaintiffs"), by and through their undersigned attorneys, hereby provide the following initial disclosures to Defendants Gaotu Techedu Inc. f/k/a GSX Techedu Inc. ("Gaotu"), Xiangdong Chen, and Nan Shen (collectively "Defendants," and together with Plaintiffs, the "Parties") pursuant to Federal Rule of Civil Procedure 26.

### I.    <u>Preliminary Statement</u>

Plaintiffs make these initial disclosures based on information reasonably available to them at this time. Plaintiffs' disclosures represent a good faith effort to identify information currently available that they reasonably believe are discoverable and supportive of their claims as required by the Federal Rules of Civil Procedure. By making these disclosures, Plaintiffs do not represent that they are identifying or producing every witness that they may ultimately use in support of their allegations. In addition, it is possible that some individuals listed here may not, in fact, possess material information regarding the issues involved in this litigation, or may only have knowledge which is duplicative of knowledge possessed by others.

Plaintiffs make these initial disclosures subject to and without waiving their rights to protect from disclosure any attorney-client privileged documents or work product of their attorneys and other representatives, including but not limited to their mental impressions, conclusions, opinions, or legal theories. Plaintiffs further make these initial disclosures without waiving any right or opportunity to assert a claim or defense, or otherwise present, at any time in this lawsuit, information, including information contained in any and all documents, addressing facts and issues other than those identified here.

Plaintiffs' initial disclosures are made without waiving in any way: (i) the right to object on the grounds of competency, privilege, admissibility, relevancy and materiality, undue burden, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (ii) the right to object on any grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

Finally, Plaintiffs may further affirm, clarify, modify, or otherwise develop their claims in this lawsuit. Plaintiffs therefore reserve the right, at any time, to identify additional individuals, if any, that may have discoverable information pertinent to any such claims, and further reserve the right to supplement or correct these disclosures upon continuing investigation and discovery, in accordance with Fed. R. Civ. P. 26(e).

II.    **Individuals Likely to Have Discoverable Information that Plaintiffs May Use to Support Their Claims**

The following individuals and entities are likely to have discoverable information regarding the claims asserted in the Amended Class Action Complaint for Violations of the Federal Securities Laws dated October 16, 2023 (Dkt. No. 31) (the "Complaint"):

A.    **Plaintiffs**

Plaintiffs TCP Diversified Technology Fund, including Temescal Canyon Partners LP as TCP Diversified Technology Fund's investment advisor and Vince Smith as Temescal Canyon Partners LP's Chief Investment Officer, and additional named plaintiff Jun Ye are likely to have discoverable information concerning Gaotu, their respective purchases or sales of Gaotu securities, and adequacy to serve as a class representatives.

B.    **Defendants**

Defendants are likely to have discoverable information that Plaintiffs may use to support their claims on one or more of the following subjects:

- Defendants' communications with representatives and/or agents of the Chinese government concerning regulation of the for-profit tutoring industry, including but not limited to official and unofficial committees, local municipalities, and known agents of President Xi Jinping such as Cai Qi.

- Defendants' communications by/between employees, agents, and/or representatives of Gaotu and its subsidiaries concerning regulation of the for-profit tutoring industry, including but not limited communications made in relation to the Two Sessions meetings held in March 2021 and the 19th Session of the Central Comprehensive Deepening Reform Committee in May 2021.

3

- Defendants' receipt and/or knowledge of the Double Reduction Regulation ("DRR").

- Defendants' communications by/between employees, agents, or representatives of other for-profit tutoring companies, including but not limited to TAL Education, New Oriental Education & Technology, 17 Education & Technology, Zuoyebang, NetEase Youdao, Jingrui Education, and 51 Talk, concerning the DRR.

- Gaotu's operations, marketing, advertising, earnings, and expenses before and after the enactment of the DRR.

- Defendants' communications by/between employees, agents, and/or representatives of Gaotu and its subsidiaries concerning Gaotu's operations before and after the enactment of the DRR.

- Gaotu's history of regulatory violations relating to after-school tutoring activities.

- Defendants' communications with media outlets and news reporters concerning regulation of the for-profit tutoring industry, including the DRR.

- Defendants' ownership, control, and trading of Gaotu securities, including but not limited to securities held and/or controlled by Irefresh Future Limited.

- Gaotu's internal reporting channels, including Board of Director communications.

- Defendants' internal processes and procedures for drafting, revising, and disseminating public statements to investors, including but not limited to press releases and periodic reports.

- Gaotu's operational and organizational structure.

- Communications by/between Defendants and public/private investors concerning Gaotu's operations, earnings, and investment risks.

4

- Analyst coverage of Gaotu and valuation of stock.

- The market for Gaotu's securities, including America Depositary Shares traded on the New York Stock Exchange.

- Any denial or affirmative defenses set forth in Defendants' Answer to the Complaint dated April 7, 2025 (Dkt. No. 55) (the "Answer").

The foregoing list of subject matter areas is not exhaustive and is offered without prejudice to Plaintiffs' right to obtain information from Defendants that is reasonably calculated to lead to the discovery of admissible evidence concerning other topics.

### C.    Other Individuals

The following third-parties are likely to have discoverable information that Plaintiffs may use to support their claims on one or more of the topics referred to above:

| Name | Contact Information | Subject(s) |
|---|---|---|
| TAL Education Group | 5/F, Tower B, Heying Center Xiaoying West Street, Haidian District Beijing 100085 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |
| New Oriental Education & Technology Group Inc. | No. 6 Hai Dian Zhong Street Haidian District, Beijing 100080 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |
| 17 Education & Technology Group Inc. | 16/F, Block B, Wangjing Greenland Center Chaoyang District, Beijing 100102 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |
| Zuoyebang Education Technology (Beijing) Co., Ltd. | 4001, 4th Floor, No. 1 Kaifeng Road Shangdi Information Industry Base Haidian District, Beijing, 100085 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |

5

| Name | Contact Information | Subject(s) |
|---|---|---|
| NetEase Youdao Information Technology (Beijing) Co., Ltd. | No. 7 W. Zn Zhongguancun Software Park ( Courtyard 10 Xibeiwang East Road Haidian District, Beijing, 100193 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |
| Guangzhou Jingrui Education Training Center Co., Ltd. | Floor 2, Self-Numbered, No.88, Huacheng Avenue, Tianhe District, Guangzhou, 51000-0 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |
| 51Talk Online Education Group | 24 Raffles Place No.17-04 Clifford Centre, Singapore, 048621, Singapore | Enactment, disclosure, implementation, and effect of the DRR |
| Beijing Yuanli Education Technology Co., Ltd. | 6th Floor, Area F Block A, Lixingxing Center No. 8 Guangshun South Street Wangjing, Chaoyang District, Beijing, 100000 People's Republic of China | Enactment, disclosure, implementation, and effect of the DRR |
| UBS Securities LLC | 1285 Avenue of the Americas, New York, NY, 10019 | Gaotu's operations, earnings, investment risks, and value |
| J.P. Morgan Securities LLC | 383 Madison Avenue, New York, NY, 10179 | Gaotu's operations, earnings, investment risks, and value |
| Goldman Sachs & Co. LLC | 200 West Street, New York, NY, 10282 | Gaotu's operations, earnings, investment risks, and value |
| Deutsche Bank Securities Inc. | One Columbus Circle, New York, NY, 10019 | Gaotu's operations, earnings, investment risks, and value |
| CLSA Capital Markets Limited | 26/F CITIC Tower One Tim Mei Avenue, Hong Kong | Gaotu's operations, earnings, investment risks, and value |
| Credit Suisse Securities (USA) LLC | 11 Madison Avenue 24th Floor, New York, NY, 10010 | Gaotu's operations, earnings, investment risks, and value |
| Beijing News Media Co., Ltd. | No.37, Xingfu St., Dongcheng District Beijing, Beijing, 100005 People's Republic of China | Public reporting of the DRR and its impact on Gaotu |

6

| Name | Contact Information | Subject(s) |
|---|---|---|
| Tsinghua University News | c/o Tsinghua University, Haidian District, Beijing, 100084, People's Republic of China | Public reporting of the DRR and its impact on Gaotu |
| Reuters | 5 Canada Square, London E14 5AQ, UK | Public reporting of the DRR and its impact on Gaotu |
| The Wall Street Journal | 1211 6th Avenue, New York, NY 10036 | Public reporting of the DRR and its impact on Gaotu |
| Bloomberg News | 731 Lexington Ave, New York, NY 10022 | Public reporting of the DRR and its impact on Gaotu |
| The 21st Century Economic Report | Unknown | Public reporting of the DRR and its impact on Gaotu, including but not limited to operational changes pre- and post-enactment |
| The Financial Times | Bracken House, 1 Friday Street, London, England, EC4M 9BT | Public reporting of the DRR and its impact on Gaotu |
| Caixin Global | Floor 5, Building 6, 8 Gongti Beilu, Chaoyang District of Beijing, People's Republic of China | Public reporting of the DRR and its impact on Gaotu |
| South China Morning Post | 19/F, Tower 1, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong | Public reporting of the DRR and its impact on Gaotu |
| Tiger Global Management, LLC | Nine West 57th Street 35th Floor, New York, NY, 10019 | Beneficial ownership, control, and trading of Gaotu securities |
| Hillhouse Capital Group Holdings Limited | Floor 28, Building B, Pingan International Financial Center, Beijing, 100027 People's Republic of China | Beneficial ownership, control, and trading of Gaotu securities |
| Greenwoods Asset Management Limited | Suite 3601-05, 36/F Jardine House, 1 Connaught Place, Central Hong Kong | Beneficial ownership, control, and trading of Gaotu securities |

| Name | Contact Information | Subject(s) |
|---|---|---|
|  |  |  |
| Irefresh Future Limited | Maples Corporate Services (BVI) Limited, Kingston Chambers, PO Box 173, Road Town, Tortola, British Virgin Islands | Beneficial ownership, control, and trading of Gaotu securities |

## III.    Documents and Information that Lead Plaintiff May Use to Support his Claims

Defendants and third-parties are believed to possess the vast majority of records that Plaintiffs may use to support their claims. Defendants are in the best position to identify documents and other materials referenced in Rule 26(a)(1)(A)(ii). Plaintiffs may rely on documents in Defendants' possession, custody, or control as production is made through the discovery process and through any informal productions. Further, Plaintiffs reserve the right to rely on information discovered from sources identified in Defendants' initial disclosures.

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiffs have identified the following documents, data compilations and tangible things in their possession, custody or control: documents concerning Plaintiffs' respective purchases or sales of Gaotu securities.

Plaintiffs will provide, during the course of discovery, copies of non-privileged, non-work product documents in their possession, custody or control that Plaintiffs may use to support their claims.

## IV.    Computation of Damages

As set forth in the Complaint, Plaintiffs seek damages, reasonable attorneys' fees, expert witness fees, other reasonable costs and expenses and such other relief the Court deems proper. Disclosure of the computation of Plaintiffs' damages is premature at this point. Plaintiffs reserve the right to supplement this initial disclosure on the basis of information obtained during discovery.

Plaintiffs cannot now calculate the amount of damages, attorneys and witness fees and costs that they seeks. The issue of damages is subject to expert calculation and is properly a topic for expert discovery. Plaintiffs have or will retain an expert to opine on damages and will disclose expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Case Management and Pretrial Order governing this proceeding. Further, attorneys and expert witness fees and costs will be incurred on an ongoing basis, in addition to those fees and costs already incurred. Accordingly, Plaintiffs cannot now state the amount of this claim and reserve the right to supplement this initial disclosure accordingly.

## V.       **Insurance Policies**

Plaintiffs do not have any insurance agreements subject to disclosure under Federal Rule of Civil Procedure 26.

[*Signature blocks of following page*]

9

Dated: April 25, 2025

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Lead Plaintiff
and Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Yu Shi
Jing Chen
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: yshi@rosenlegal.com
Email: jchen@rosenlegal.com

*Additional Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby certify that on April 25, 2025, I caused a copy of Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26 to be served on the following counsel of record via e-mail:

Scott D. Musoff, scott.musoff@skadden.com

Robert A. Fumerton, robert.fumerton@skadden.com

Michael C. Griffin, michael.griffin@skadden.com

Judith A. Flumenbaum, judy.flumenbaum@skadden.com

I certify under penalty of perjury that the foregoing is true and correct. Executed this 25th day of April, 2025.

_s/ Adam M. Apton_
Adam M. Apton

11