# Exhibit K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WU,                              .
                                 .
          Plaintiff,             .
                                 . Case No. 20-cv-04457
vs.                              .
                                 . Newark, New Jersey
GSX TECHEDU INC., et al.,        . February 4, 2025
                                 .
          Defendants.            .
                                 .


TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE


APPEARANCES (the parties appeared in person):

For the Plaintiff:     AUSTIN P. VAN, ESQ.
                       Pomerantz
                       600 Third Avenue, Suite 20th Floor
                       New York, NY 10016
                       (212) 661-1100
                       Avan@pomlaw.com


Audio Operator:

Transcription Service:     KING TRANSCRIPTION SERVICES, LLC
                           3 South Corporate Drive, Suite 203
                           Riverdale, NJ  07457
                           (973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(APPEARANCES continued)

For the Defendants:   KEITH J. MILLER, ESQ.
                      Robinson Miller LLC
                      Ironside Newark
                      110 Edison Place
                      Suite 302
                      Newark, NJ 07102
                      (973) 690-5400
                      Kmiller@rwmlegal.com

                      JUDITH (JUDY) A. FLUMENBAUM, ESQ.
                      Skadden, Arps, Slate, Meagher & Flom
                      LLP
                      One Manhattan West
                      New York, NY 10001
                      (212) 735-2764
                      judy.flumenbaum@skadden.com

                      ROBERT A. FUMERTON, ESQ.
                      Skadden, Arps, Slate, Meagher & Flom
                      LLP
                      One Manhattan West
                      New York, NY 10001
                      (212) 735-3902
                      robert.fumerton@skadden.com

(Commencement of proceedings)

THE COURT:  Good afternoon.  We're on the record in the matter of Wu versus GSX Techedu, Docket Number 20-4457.

May I have the appearance starting with plaintiff, please.

MR. VAN:  Good afternoon, Your Honor.  Austin Van from Pomerantz on behalf of lead plaintiffs.

THE COURT:  Okay.

MALE SPEAKER:  Good afternoon.  Thomas -- on behalf of plaintiffs as well.

THE COURT:  Good afternoon.

And defendants?

MR. MILLER:  Good afternoon, Your Honor.  For defendants, Keith Miller, Robinson Miller, Newark, New Jersey.  Also with me are my co-counsel from Skadden Arps, Rob Fumerton and Judy Flumenbaum.

THE COURT:  Good afternoon.

So I received a discovery dispute letter.  And the first issue that we need to address is whether defendants should be required to produce organizational charts now in response to requests to -- Document Request Number 26 and without waiting for the Chinese government to approve that production.

So let me hear from plaintiff on this.

record, no one disputes is relevant.  It's just that you're trying to figure out -- you're trying to comply with the People's Republic of China's regulations, and I get that; I understand that.

But at the same time we can't hold this case in abeyance for what could be a year-long review.

MS. FLUMENBAUM:  Understood.

Sitting here today I am not exactly sure how much -- how that review would take.  We could check in with you in 30 days to give you an assessment of how it's going, if that works for Your Honor.

THE COURT:  Okay.  Here's what I'll do -- because I do think this is somewhat different and I don't think I can say, you know, 30 days produce everything.  But I also don't want to wait for the Chinese government to decide, okay, now we're ready to release this information.

So I'm going to give you 90 days to produce the information.  That's an order that you can take back.  If for whatever reason there's an issue either with the redaction or with the type of information or there's something else you want to bring to my attention, bring it to me as soon as you find out.

MS. FLUMENBAUM:  Understood, Your Honor.

THE COURT:  Okay.

Then, next we are now having to deal with

disclosure of plaintiff's confidential witness.

So you raised that issue.

MR. FUMERTON:  We did, Your Honor.  Thank you.

Your Honor, plaintiff's survived a motion to dismiss on the strength of these confidential witnesses.  They don't dispute that.

Judge Salas originally dismissed this case.  And the amended complaint, Judge Farbiarz sustained it and the -- quote, "the newly added confidential witness allegations decidedly strengthen the inference here of scienter well beyond what was before the Court in the plaintiff's previous complaint."

Your Honor, plaintiffs don't dispute in every case you have to disclose the identity of your confidential witnesses after the pleading state.  We need to litigate a case here.  We need to know who to interview, who to depose, who's substantiating these allegations.

The PSLRA, Rule 11, require counsel to do this good faith investigation before they bring the pleading.

We found out in discovery, after several meet-and-confers, plaintiffs don't even know who these witnesses are.  Not only did they never talk to them, which standing alone, violates the PSLRA Rule 11, they don't even know their identities.

Plaintiffs first told us we need time to convince

these confidential witnesses to reveal their identities. Then they said, actually, we don't know who they are. At one point -- and they're still asserting work product privilege over their identities.

You know, the identity of somebody can't be privileged. That's required to be disclosed on a privilege log under Rule 26.

This is both a discovery and procedural issue, and it's a substantive issue. If they don't know who these witnesses are, we submit this case can't go forward; these allegations need to be stricken. And if these allegations are stricken, we're back in the exact same place we were before Judge Salas, which is they can't state a claim much less a claim particularity as required by the PSLRA.

So what we ask Your Honor for is an order compelling them to disclose this information, which they say they don't have and can't get. And if they can't comply with that order, we intend to move the Court to strike the allegations and to renew the motion to motion to dismiss.

THE COURT: Mr. Van?

MR. VAN: So it's not totally clear to us what defendants are asking. We have provided them all the facts about these confidential witnesses that are in our possession, custody, and control.

THE COURT: But the identity is what they're asking

for.  Am I correct?

MR. VAN:  Right.  We don't have their identity.  We used investigators in China.  And this is typical for Chinese investigations.  And those investigators are legitimately afraid of repercussions both for themselves and for the people from whom they were gathering these facts.  And for that reason, they have been unwilling to close to us the identities of these confidential witnesses.

And that's -- so we don't have any more information to give defendants.  That seems to be the only dispute before Your Honor.  They seem to be, you know, throwing swords around in the air about, you know, bringing some motion for -- to strike -- I am not sure.  But that's not before this Court.

I think the only issue is whether or not it would be productive at all for you to order us to provide additional information about these confidential witnesses.  But we can't.  It would be a useless order.

THE COURT:  When you said there's a difference between we can't and we won't.

So the investigators, I assume these are people that you hired; right?

MR. VAN:  Yes.

THE COURT:  Not you specifically --

MR. VAN:  Our firm absolutely did.  But we don't

own them.  We don't control them.

THE COURT:  But they're your agents.  No?

MR. VAN:  Well, they -- we don't control them.  We can't force them to do any --

THE COURT:  I'll get to it in a second.

MR. VAN:  We can't -- there's no way we have of compelling them to give us this information.  So we don't control that information.  It's not in our possession, custody, or control.

We -- by the way, we would really like to know these --

THE COURT:  But I think that you're --

MR. VAN:  -- the names of these folks.

THE COURT:  But aren't you using them as a sword and a shield?  You're using them to get the information you want but then the shield to prevent defendants from getting the information need so that they can provide -- you know, do their own investigation and perhaps even depose these witnesses.

MR. VAN:  No.  In discovery, if we can't depose them, we will not be able to use them.  What they say will not be facts in this case.

So we --

THE COURT:  Should that be stricken from the complaint?

MR. VAN:  Well, the complaint is a different matter, and that, again, should not be something that we've discussed at this hearing.  All that's required for a complaint is that you provide sufficient information about confidential witnesses to make it likely that those individuals possess the information being ascribed to them.

Confidential witnesses are routinely used in complaints.  And it's perfectly proper.  There's nothing wrong with it.

Then once you're past the complaint, a motion to dismiss phase and in discovery, the question becomes, you know, whether or not they can be relied on to prove the case.  And if we can't rely on them and that becomes -- you know, then I guess our proof will be that much less, but it doesn't suggest somehow that we were acting wrongly in drafting the complaint.

And, again, that's not before this Court.

I think the question that they have raised in their papers and that we've briefed is just whether we should be compelled to provide something that we cannot provide.

THE COURT:  But I am not convinced that you cannot provide -- right? -- because these investigators are your agent; so they were acting at your direction when they went and got the information that you were seeking that was beneficial to you.

MR. VAN:  That's correct, Your Honor.  But what tools we have to compel them to get this to us?  We've tried.  We've called them up repeatedly.  We've begged them to give us the names.  We want them too.

But we have no legal process by which to get these names.

THE COURT:  Have you provided the names of the investigators to them?

MR. VAN:  I am not sure that that's been requested formally from us.

THE COURT:  Okay.

MR. FUMERTON:  Your Honor, if I could make two brief points.

On this question of whether the names are in their possession, custody, or control, as Your Honor pointed out, of course, they are the agents.  Plaintiffs are paying these investigators -- they've asserted work product privilege to this day over their notes.  It's a black-letter law, you cannot assert work product over a non-agent.  They're telling Your Honor by asserting work product, this is an agent.  This is within our possession, custody, or control.

Second, on Your Honor's sword-and-shield point, you're exactly right.  Counsel's saying they're not going to use these allegations.  They already have.  It was their only ticket to survive the motion to dismiss.  They survived the

|Hearing
|20-cv-04457, February 4, 2025

motion to dismiss solely on the backs of these confidential witnesses.

Now they're telling you, "Sorry.  We don't know who they are.  We can't get them for you."

If that's the only case, the only remedy is to strike the allegations and we renew the motion to dismiss.

THE COURT:  Can you repeat the quote that you said from Judge Farbiarz's opinion?

MR. FUMERTON:  Absolutely.

"The newly added confidential witness allegations decidedly strengthen the inference here of scienter well beyond what was before the Court in the plaintiff's previous complaint."

Your Honor, we would submit that if these allegations are stricken, which is the only appropriate remedy once they can't comply with Your Honor's order, we're in the exact same place we were before Judge Salas and the case should be dismissed.  And we'd like to brief that.

THE COURT:  Okay.

Mr. Van, I am struggling here because, you know, I think defendants are right in the sense that if it's in the complaint, they should be entitled to explore that information.

But you're saying that you didn't have the ability to compel the investigator to produce this information.  I am

just not convinced by that, given that it was your firm that hired them.  So presumably, you have the ability to tell them, "Here's what I want."

MR. VAN:  Your Honor, we have told them that. We've told them that repeatedly.

We have promised in the future, you know, we won't do business with them if this continues.  One of them is already basically a defunct entity.

It's -- we have no way of getting this information. We want it.  We would like to go to these individuals and have them be deposed so we can use as proof what they've said, their damning statements.

THE COURT:  So would you consent then to strike the allegations in the complaint that makes reference to the information that you cannot provide them?

MR. VAN:  No, Your Honor.  Absolutely not.  And we haven't briefed that.  That is a -- that's a case-changing points that we should brief thoroughly if Your Honor is interested in it.

But respectfully, that's just -- we've never seen that before.  I've never seen that in any case where you go retroactively and strike allegations in a complaint because of problems in discovery.  All that's supposed to be alleged to survive a motion to dismiss are sufficient facts that make it likely the discovery will produce proof of a claim.

THE COURT:  Those allegations in the complaint have to be grounded on due diligence and facts --

MR. VAN:  They are.

THE COURT:  -- and presumably on information --

MR. VAN:  They absolutely are.

THE COURT:  -- that is going to be available to your adversary.

MR. VAN:  Your Honor, we spent tens of thousands of dollars and had these two investigative firms conduct extensive investigations in China.  This -- there should be no serious dispute that we conducted a thorough investigation here.

The only concern here is whether or not the identity of those witnesses has to be given.  And there is clear authority that you do not have to identify witnesses for the purpose of complaint.  You can have confidential witnesses.  All that has to be shown for a complaint is sufficient information to make it likely that that individual possessed or was in a place to have the information ascribed to them.

And so, you know, you can have allegations based on, you know -- that has some individual who is giving testimony.

THE COURT:  But eventually that information has to be disclosed; right?  These individuals cannot remain

confidential informants, for lack of a better word, forever.

MR. VAN: So if we had the information, we would -- we'd absolutely disclose that.

There is -- you know, they've asked a legitimate discovery request that we provide the information we have in our possession, custody, and control about those individuals, and we've given them everything that we have. And that's the only question before the Court now.

We don't have anything more to give them. And we don't have a means of getting that.

THE COURT: All right. So -- go ahead.

MR. FUMERTON: Your Honor, just briefly, for the purposes of a pleading, you don't have to identify confidential witnesses by name. They can't point to a single court anywhere that's held that you can survive a motion to dismiss on the backs of confidential witnesses and then turn around and say, "Sorry. We'd really like to give you the names, but we don't even know who they are." I mean, if you look at the opinion, it's peppered with references to this.

Judge Farbiarz also says, quote, "taken together, the confidential witnesses paint an unmistakable picture of allegedly systematic and large-scale use of bots by the company to generate fake student enrollments." These aren't New York Times articles. This was the only thing that separated the complaint that was sustained from the complaint

that was dismissed.

We think Rule 11 is clear. We think the PSLRA is clear. Judge Kaplan in the Southern District of New York has said you need to talk to confidential witnesses personally if you're going to plead them in a complaint.

But Your Honor doesn't need to decide that issue. Not we survived a motion to dismiss on the backs of confidential witnesses and they don't know who they are.

We respect plaintiff's counsel. We're not saying he's not being forthright with the Court.

The only remedy is to strike those allegations. And if we strike those allegations, we're back in the same place we were before Judge Salas, and this case should be dismissed.

We completely agree this is a game-changer. We would like to brief it.

But for now, we'd like a court order that this has to be produced, and if they can't comply with it, we intend to move to strike the allegations.

THE COURT: Here's what I'm going to do then, and I think this changes my prior decisions as well.

It seems to me that this is a threshold issue because if defendant is right that Judge Farbiarz's decision was based on relying on confidential informants who now cannot be identified and the prior complaint was dismissed,

then I think we may need to re-examine that.

So I'm going to give you the opportunity to convince me that, under the circumstances of this case, I shouldn't order your client to produce this information.

I understand your argument that you don't have it. But you have to convince me that this investigator is not somehow an agent of yours.

MR. VAN:  Your Honor, we don't understand what you'd be asking us to do.  I don't know what I would do with that order beyond what we've done already.  We've done everything we can to get that information.

So I'm just -- I am not sure what we would do with that order.  We have given them all the information in our possession, custody, or control.  We would not be able to comply.

And I'm -- we desperately want to comply.  It is in our interests to get this information, but we can't because these investigators who we do not own, do not control -- refuse to give them to us.

THE COURT:  So what you're saying is that no matter what I ask you to brief, you will not be able to provide any more information?

MR. VAN:  Yes.  I can't think of way to get it.  We can't go into China and compel them.

THE COURT:  Okay.  That's fair.

So here's what we're going do, then --

MR. VAN:  Well, so, but my colleague's thinking of a subpoena.

THE COURT:  The subpoena to a foreign country, we know that that's going to go through the Hague Convention and there's going to be -- you're going to be in even a worse position than you are now with respect to having the PRC review information.  That's going to take even longer.

So here's the bottom line.  I'm hearing that you cannot produce any more information about the confidential witnesses.  So I am going to authorize the defendants to file a motion to strike.  I am going to hold today's decision in abeyance pending a decision on the motion to strike.

Is there anything else that we need to discuss from either side?

MR. FUMERTON:  No.  Thank you, Your Honor.

THE COURT:  From plaintiff's side, anything else we need to discuss?

MR. VAN:  Well, Your Honor, I am not sure why the discovery shouldn't proceed as you've outlined.  It -- I -- but I understand the Court's holding.

THE COURT:  Because this could be a game-changer from what I'm hearing.  I mean, I heard the excerpt of Judge Farbiarz's decided.  You haven't told me that that's inaccurate.

If the reason why the complaint survived the motion to dismiss because of these confidential witnesses who are not available and not identifiable, I think in fairness to the defendants, they should be able to move to strike that information. If it's stricken, then I think Judge Farbiarz will have to reconsider whether or not the complaint should survive the motion to dismiss.

MR. VAN: Well, I think our preference would be that any such motion be brought before Judge Farbiarz.

THE COURT: It will be.

MR. VAN: Okay.

THE COURT: Yeah.

So anything else?

MR. VAN: Is there a deadline for that motion to be brought?

THE COURT: How much time do you need?

MR. FUMERTON: Your Honor, could we have 30 days to bring it?

THE COURT: Sure. That is fine.

MR. FUMERTON: And, Your Honor, so we're clear, all discovery is stayed pending that threshold motion.

THE COURT: Yes.

MR. FUMERTON: Thank you, Your Honor.

THE COURT: Anything else, Mr. Van?

MR. VAN: No, Your Honor.

THE COURT:  All right.  Thank you.  This matter's adjourned.

(Conclusion of proceedings)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 51 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

s/ *Sara L. Kern*                    10th of February, 2025
_____    _____
Signature of Approved Transcriber           Date


Sara L. Kern, CET**D-338
King Transcription Services, LLC
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080