

33 Whitehall St., 27th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam Apton
aapton@zlk.com

September 12, 2025

**VIA CM/ECF**

Hon. Pamela K. Chen
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, N.Y. 11201

>       Re:    ***Zhang v. Gaotu Techedu Inc. f/k/a GSZ Techedu Inc. et al.***
>              **Case No.: 22-cv-7966**

Dear Judge Chen:

Our office represents Lead Plaintiff TCP Diversified Technology Fund and additional named plaintiff Jun Ye (together, "Plaintiffs") in the above-referenced securities class action litigation. Pursuant to Local Civil Rule 7.1(e), we respectfully request leave to add Carlos Monge as an additional named plaintiff to be included as a proposed class representative during class certification proceedings. If our request is granted, Plaintiffs would file the attached amended complaint including Mr. Monge as an additional plaintiff; no other changes to the pleadings would be made.[1]

Mr. Monge's claims arise from the same facts and circumstances presently set forth in the operative complaint. Similar to Plaintiffs, Mr. Monge is an investor in Gaotu who suffered losses because of Defendants' alleged fraudulent conduct. Mr. Monge seeks relief for damages resulting from the same series of events or occurrences. Plaintiffs' and Mr. Monge's claims turn on common questions of law and fact, favoring his inclusion in the action as an additional named plaintiff.

While the class is currently represented by Plaintiffs, leadership of this action by multiple jointly represented named plaintiffs will ensure long-term stability and aid in litigation efficiency if, for example, Defendants attempt to undermine the Plaintiffs' ability to represent the class when responding to their anticipated motion for class certification. Further, joining Mr. Monge will not prejudice any party or delay this action, given that discovery is at an early stage.

Background. This case is a putative class action brought on behalf of a putative class of investors who incurred substantial losses in their Gaotu securities as a result of Defendants'

---

[1] The attached amended complaint identifies Mr. Monge's proposed inclusion in redline and also contains the requisite PSLRA Certification.

violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. On December 30, 2022, plaintiff Joshua Zhang commenced this action on behalf of himself and a proposed class of similarly situated Gaotu investors. ECF No. 1. On August 16, 2023, the Court appointed TCP Diversified Technology Fund as Lead Plaintiff and its counsel, Levi & Korsinsky, LLP as Lead Counsel for the putative class. Dkt. No. 28.

On October 16, 2023, Plaintiffs filed the amended complaint. Defendants moved to dismiss Plaintiffs' claims under Rule 12(b)(6) for failure to state a claim. And on February 6, 2025, the Court largely denied Defendants' motion to dismiss. Dkt. No. 49. In pertinent part, the Court held that Plaintiffs sufficiently alleged that Defendants made materially false and misleading statements between April 26, 2021 and July 23, 2021 by, *inter alia*, concealing the effects of a new regulation (known as the Double Reduction Regulation or DRR) that would essentially forbid Gaotu from providing after-school education services, and the materialization of the undisclosed condition or events caused Gaotu investors to suffer significant losses. *See id*.

On May 8, 2025, the Court approved the parties' joint proposed case management plan outlined in the parties' Joint Initial Conference Questionnaire filed on May 2, 2025. Dkt. No. 56. Per the Joint Initial Conference Questionnaire, any motion(s) to join additional parties must be filed by September 12, 2025. *See id.* Consequently, Plaintiffs' present motion is timely.

The Joint Initial Conference Questionnaire states that fact discovery must be completed by April 10, 2026. *See id.* Although the parties have exchanged demands and responses, production of documents has not yet commenced. There are pending discovery disputes that Magistrate Judge Pollack is overseeing. A conference is scheduled for November 6, 2025.

Legal Support for Joinder of Carlos Monge. Under Rule 20(a), multiple persons may join as plaintiffs in the same action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Rule 20(a) is designed to encourage joinder," *Shakespeare v. Live Well Fin., Inc.*, 2022 WL 4642736, at *4 (E.D.N.Y. Sept. 30, 2022), and as such, "courts have interpreted the requirements of Rule 20(a) liberally to promote judicial economy." *Wang v. Paterson*, 2008 WL 5272736, at *7 (S.D.N.Y. Dec. 18, 2008). "The phrase 'same transaction or occurrence' in Rule 20(a) is interpreted to include all logically related claims by or against different parties to be tried in a single proceeding." *Shakespeare*, 2022 WL 4642736, at *4; *see also Lee v. HDR Glob. Trading Ltd.*, 347 F.R.D. 633, 638 (S.D.N.Y. 2024) ("There is no rigid rule as to what constitutes the same series of transactions or occurrences for purposes of joinder under Rule 20."). The court also possesses broad discretion under Rule 21 which provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

To help courts assess the requirements of Rule 20(a) and support "just terms" for joinder under Rule 21, parties frequently combine their motion for joinder with a motion to amend under Rule 15. *Hatemi v. M&T Bank Corp.*, 2015 WL 13549199, at *1 (W.D.N.Y. Mar. 5, 2015). Motions to add parties under Rules 20 and 21 are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see also e Oneida Indian Nation of New York State v. County of Oneida*, 199



F.R.D. 61, 72 (N.D.N.Y. 2000) (citing cases) (stating with respect to Rule 15(a), Rules 20(a) and 21: "in practical terms there is little difference between these three rules in that they all leave the decision whether to permit or deny amendment to the district court's discretion" (cleaned up)). Under Rule 15(a)(2), "[t]he court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, '[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend.'" *Xianghe Cnty. Yibang Furniture Co. v. Liu*, 2024 WL 2222200, at \*5 (E.D.N.Y. Apr. 9, 2024) (internal citation omitted); *see also Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at \*3 (S.D.N.Y. Apr. 5, 2010) (applying the same four factors in deciding whether to permit joinder).

Joinder of Mr. Monge as an additional named plaintiff in this action is appropriate under Rules 20(a), 21, and 15(a)(2) because his claims are substantially identical to Plaintiffs' claims, arising out of the same occurrences and implicating the same questions of law and fact; their joinder in the present action would further protect the interests of the putative class while also promoting judicial economy; and the leave requested is neither made in bad faith or futile, it would not cause undue delay, nor would it unduly prejudice Defendants.

*First*, like Plaintiffs, Mr. Monge purchased and/or acquired Gaotu securities during the Class Period at artificially inflated prices, and as a result of Defendants fraudulent conduct, suffered damages thereby. *See* Proposed Amended Complaint, Certification (attached hereto). Plaintiffs and Mr. Monge also propose identical causes of action arising from common facts alleged in the PSAC. Accordingly, Mr. Monge's and Plaintiffs' claims are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit," and "there is 'substantial' overlap in questions of law or fact across the claims." *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019) (permitting joinder under Rule 20(a)); *see also Pejovic v. State Univ. of New York at Albany*, 2018 WL 4228423, at \*4 (N.D.N.Y. Sept. 5, 2018) (allowing joinder of additional plaintiffs in putative class action to avoid "waste of judicial and litigation resources").

*Second*, justice so requires the joinder of Mr. Monge as an additional named plaintiff in order to further safeguard the interests of the putative class and to ensure that this action can continue if Plaintiffs, for whatever reason, become unable to serve as class representatives. *See, e.g., Lee*, 347 F.R.D. at 638 (permitting the joinder of an additional named plaintiff to "ensure[] that the litigation may continue uninterrupted if further events or information undermine [the] lead plaintiff's ability to represent the class"); *see also Lang v. Tower Grp. Int'l, Ltd.,* 2014 WL 12779212, at \*3 (S.D.N.Y. June 17, 2014) (emphasizing "a co-lead plaintiff structure can 'have the salutary effect of providing greater stability in the prosecution'" of a class action) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *Malasky v. IAC/Interactivecorp*, 2004 WL 2980085, at \*4 (S.D.N.Y. Dec. 21, 2004) (finding a multi-plaintiff "structure provides flexibility and stability to the class if presented with the situation that either co-lead plaintiff fails to address certain interests within the class, drops out of the action or compromises the class in some fashion"); *Dolan v. Axis Capital Holdings Ltd.*, 2005 WL 883008, at \*5 (S.D.N.Y. Apr. 13, 2005) (similar).

*Next*, the addition of Mr. Monge's claims would not prejudice Defendants because "the proposed claims are related closely to the original claims" already asserted by Plaintiffs. *Duling v. Gristede's Op. Corp.*, 265 F.R.D. 91, 102 (S.D.N.Y. 2010); *see also see also Waite v. UMG*

*Recordings, Inc.,* 477 F. Supp. 3d 265, 270 (S.D.N.Y 2020) (new plaintiffs' "joinder would not alter the scope of the claims against defendant, as they would be substantially similar to others raised already by other named plaintiffs"). Accordingly, joinder here would not "materially add to the burden of defending this action" or subject Defendants to any "unfair surprise." *Duling*, 265 F.R.D. at 102; *see also Franco v. Ideal Mortg. Bankers, Ltd.*, 2009 WL 3150320, at *3 (E.D.N.Y. Sept. 28, 2009) (finding no undue prejudice where "[t]his is not a case in which Defendant would need to re-vamp its trial strategy or prepare to defend against claims based on new legal theories."). *Similarly*, the proposed amendment is not futile because Mr. Monge's claims "would survive a motion to dismiss," *Liana Carrier Ltd. v. Pure Biofuels Corp.*, 151 F. Supp. 3d 319, 329 (S.D.N.Y. 2015), as demonstrated by the fact that Plaintiffs' virtually identical claims have already survived a motion to dismiss. *See* ECF No. 49.

*Lastly*, the fact that "there will be no delay (much less undue delay)" strongly favors Mr. Monge's joinder. *Cortese v. Skanska Koch, Inc.*, 2020 WL 13093237, at *2 (S.D.N.Y. Oct. 22, 2020) (permitting joinder of additional plaintiffs); *see also Fastiggi v. Waterview Hills Nursing Center, Inc.,* 6 F. Supp. 2d 242, 243 (S.D.N.Y. 1998) (finding that the "proposed amendment is not prejudicial or in bad faith because it comes early in the litigation, before substantial discovery has taken place, and relies on the same facts as the original complaint."). Indeed, as described above, little discovery has taken place to date: no documents have been produced by the parties, search parameters are still subject to dispute, no depositions have occurred, and no party has sought discovery from any third party. *See, e.g., Leonard v. Abbott Labs., Inc.*, 2012 WL 764199, at *8 (E.D.N.Y. Mar. 5, 2012) (finding that "at this stage in the litigation, before the Plaintiffs have moved for class certification and where the parties have only engaged in limited discovery, the Defendant would not be prejudiced by the intervention" of an additional plaintiff.); *see also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (finding defendant "not prejudiced" by joining additional plaintiffs "because discovery has not yet concluded").

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to join Mr. Monge as an additional named plaintiff and file the attached proposed amended complaint.

Respectfully,

 s/ Adam M. Apton
Adam M. Apton

Encls.

cc:    All counsel of record (*via CM/ECF*)

4