SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

September 26, 2025

**BY ECF**
Honorable Pamela K. Chen
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:   *TCP Diversified Technology Fund v. Gaotu Techedu Inc. et al.*,
>        22-cv-07966 (PKC) (CLP) – Defendants' Opposition to Plaintiffs'
>        <u>Letter Motion for Leave to Amend and Add an Additional Named Plaintiff</u>

Dear Judge Chen:

On behalf of Defendants, we respectfully write in opposition to Plaintiffs' letter motion ("Mot."), dated September 12, 2025, to add Carlos Monge as a named plaintiff and file a proposed second amended complaint ("PSAC"). <u>First</u>, adding another named plaintiff at this stage serves no purpose and would impose additional, otherwise unnecessary work on Defendants. <u>Second</u>, Plaintiffs' PSAC improperly includes claims that the Court held were inactionable as a matter of law and proposes an extended class period based on those very same claims. <u>Third</u>, Defendants intend to move to strike all of Plaintiffs' former employee ("FE") allegations, on which the Court relied to partially deny Defendants' motion to dismiss and which Plaintiffs again include in the PSAC. Plaintiffs' counsel recently admitted that they have never spoken to any of the alleged FEs, do not even know who the FEs are, and failed to prevent their third-party investigator (on whom they blindly relied for the FE allegations) from intentionally destroying all electronic records of its investigation. Courts have held that such conduct violates Rule 11 and the Private Securities Litigation Reform Act ("PSLRA") and warrants striking the FE allegations in their entirety and reconsidering the motion to dismiss. *See infra* at 4-5. This threshold issue could be case-dispositive and should be resolved before any further proceedings, including Plaintiffs' motion to amend.

## I.    Adding Another Named Plaintiff Serves No Purpose and Would Create Unnecessary Work for Defendants

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive . . . or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam); *see also Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, No. 14-cv-6016 (ER), 318 F.R.D. 28, 40 (S.D.N.Y. 2016) ("As with amendments under Rule 15, courts may deny joinder of parties pursuant to Rule 21 upon a showing of undue delay, bad faith, prejudice, or futility.").

Adding Mr. Monge as an additional named plaintiff at this stage is futile because it serves no purpose. The only purported justification Plaintiffs offer is that Mr. Monge could lead the putative class if the two current Plaintiffs (court-appointed Lead Plaintiff TCP Diversified Technology Fund and additional named plaintiff Jun Ye) are unable to serve as class representatives. But the time to address that would be at the class certification stage. A putative class member can seek appointment as a class representative without being a named plaintiff. *See, e.g.*, *Noble v. 93 Univ. Place Corp.*, No. 02-cv-1803 (SAS), 224 F.R.D. 330, 343 n.97 (S.D.N.Y. 2004) ("Nunez can serve as the class representative, even though he is not a named plaintiff."). Plaintiffs proffer no reason for adding Mr. Monge as a mere named plaintiff now before the class certification stage.[1]

Moreover, adding Mr. Monge now in the PSAC would unduly prejudice Defendants by creating unnecessary work. Defendants have already filed an Answer, propounded interrogatories on Plaintiffs and received responses, spent substantial time conferring over Plaintiffs' responses, and negotiated requests for document production. Defendants would need to redo all of that work, including file a new Answer, if Plaintiffs are permitted to file the PSAC and add Mr. Monge. *See City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Ryanair Holdings plc*, No. 18-cv-10330 (JPO), 2022 WL 4377898, at *1 (S.D.N.Y. Sept. 22, 2022) (leave to amend should not be granted where it would "negate [prior] work" or "waste [prior] efforts" (alterations in original)). Notably, Plaintiffs offer no explanation for failing to add Mr. Monge before this significant work was done, including why he did not seek appointment as lead plaintiff during the PSLRA lead plaintiff process in March 2023, and why he was not included in the Amended Complaint in October 2023, when named plaintiff Jun Ye was added (ECF No. 31). "When a 'considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay.'" *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-cv-2800 (LMM), 2006 WL 3833440, at *3 (S.D.N.Y. Dec. 29, 2006) (denying "leave to amend where the motion is made after an inordinate delay [and] no satisfactory explanation is offered for the delay").[2]

---

[1]    Defendants reserve all rights to challenge Mr. Monge's (and Plaintiffs') appointment as a class representative at class certification. However, if Plaintiffs' counsel is currently aware of some reason that Plaintiffs cannot represent the putative class, they have an obligation to disclose that information immediately, and Plaintiffs should withdraw from this Action.

[2]    Plaintiffs' cases purportedly showing that "justice so requires joinder of Mr. Monge" are inapposite. (Mot. at 3.) In each case, the court appointed co-lead plaintiffs to address class certification issues presented by a candidate for lead plaintiff, or the withdrawal of a lead plaintiff, neither of which Plaintiffs assert exists here. *See Lee v.*
*(cont'd)*

There is no reason to subject Defendants to **any** additional burden when Plaintiffs gain nothing from adding Mr. Monge at this stage. *See Reyling v. Three Vill. Cent. Sch. Dist.*, No. 23-cv-266 (RER) (AYS), 2025 WL 2371019, at \*3 (E.D.N.Y. Aug. 13, 2025) (court should "weigh[] any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied").[3]

## II.     Plaintiffs Cannot Use the PSAC to Revive Dismissed Allegations

Separately, Plaintiffs' motion also should be denied to the extent the PSAC attempts to revive allegations the Court already dismissed. A motion to amend is futile if it seeks to "revive" or reassert claims that have already been dismissed. *See Ryanair*, 2022 WL 4377898, at \*2 ("[T]o the extent that [Plaintiffs] seek[] to revive previously dismissed claims, the proposed second amended complaint is futile."); *see also Blanchard v. Doe*, No. 17-cv-6893 (PKC) (JO), 2019 WL 2211079, at \*4 (E.D.N.Y. May 22, 2019) ("Allowing Plaintiff to reassert claims that have already been dismissed once would be futile.").

The Court already held that two alleged misstatements made by Defendants on a March 5 earnings call were "inactionable as a matter of law," because "Defendants made these statements not only before the DRR [was] adopted on May 21, 2021, but even before Xi Jinping publicly

---

*HDR Glob. Trading Ltd.*, 347 F.R.D. 633, 637 (S.D.N.Y. 2024) (joinder granted where "[former lead plaintiff's] motion to withdraw . . . left a single named-Plaintiff in th[e] action"); *Lang v. Tower Grp. Int'l, Ltd.*, 2014 WL 12779212, at \*3 (S.D.N.Y. June 17, 2014) (appointing co-lead plaintiffs where "atypicality of the acquisition [of shares] and the possibility for unique defenses" undermined the presumption of the candidate for lead plaintiff "as the most adequate plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 418 (S.D.N.Y. 2004) (appointing co-lead plaintiffs where one candidate "has neither an in-house legal department nor any experience acting as a lead plaintiff in a securities class action"); *Malasky v. IAC/Interactivecorp*, 2004 WL 2980085, at \*4 (S.D.N.Y. Dec. 21, 2004) (appointing co-lead plaintiffs because one candidate was "not an institutional investor"); *Dolan v. Axis Cap. Holdings Ltd.*, 2005 WL 883008, at \*5 (S.D.N.Y. Apr. 13, 2005) (appointing co-lead plaintiffs because neither candidate was "an institutional investor" nor had "a particularly large financial interest").

3     Plaintiffs' cases supporting their argument that the addition of Mr. Monge would not unduly prejudice Defendants are inapposite. (Mot. at 3-4.) *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 101 (S.D.N.Y. 2010) (no undue prejudice where "denying plaintiffs' motion will not cause [proposed new named plaintiff's] claims to evaporate . . . [but] she will, in all probability, simply assert them in an independent action"); *Waite v. UMG Recordings, Inc.*, 477 F. Supp. 3d 265, 270 (S.D.N.Y. 2020) (no undue prejudice where "jury trials [had] been suspended indefinitely in this district due to the COVID-19 pandemic"); *Franco v. Ideal Mortg. Bankers, Ltd.*, 2009 WL 3150320, at \*3 (E.D.N.Y. Sept. 28, 2009) (no undue prejudice where plaintiff sought to add "four executives" as defendants and "intend[ed] to depose the four executives whether or not they [we]re named as defendants"); *Cortese v. Skanska Koch, Inc.*, 2020 WL 13093237, at \*3 (S.D.N.Y. Oct. 22, 2020) (no undue prejudice where "motion to dismiss is pending . . . [b]ut that motion is not fully submitted and the Court has not yet ruled on any motion to dismiss"); *Fastiggi v. Waterview Hills Nursing Ctr., Inc.*, 6 F. Supp. 2d 242, 243 n.1 (S.D.N.Y. 1998) (no undue prejudice where plaintiffs' proposed additional "state law discrimination claim could not have been included in the original complaint because [plaintiff] had a discrimination complaint pending with the New York State Division of Human Rights at the time"); *Leonard v. Abbott Lab'ys, Inc.*, 2012 WL 764199, at \*8 (E.D.N.Y. Mar. 5, 2012) (no undue prejudice where motion to add plaintiff, if denied, would result in the class being "severely prejudiced by the dismissal of their . . . claims," because prior lead plaintiff sought to voluntarily dismiss her claims); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (no undue prejudice where defendant already "sought to conduct document discovery on all opt-in plaintiffs" which included the four new plaintiffs sought to be added).

spoke against the industry on March 6, 2021." (ECF No. 49 ("MTD Op.") at 13-14.) Indeed, Plaintiffs acknowledge the resulting putative class period was shortened to "April 26, 2021 [to] July 23, 2021." (Mot. at 2.) Nonetheless, the PSAC includes the same allegations relating to the March 5, 2021 earnings call the Court held were inactionable. (*See* PSAC ¶¶ 144-46; AC ¶¶ 143-45.) It also reasserts a putative class period, based on these inactionable statements, of "March 5, 2021 [to] July 23, 2021." (PSAC ¶¶ 1, 175.) Thus, at a minimum, Plaintiffs should not be given leave to file the PSAC with these previously dismissed allegations.

### III.    The Court Need Not Decide Plaintiffs' Motion Until Defendants' Forthcoming Motion to Strike Plaintiffs' FE Allegations Is Resolved

In any event, the Court need not decide this Motion pending Defendants' forthcoming motion to strike Plaintiffs' FE allegations for failure to comply with the requirements of Rule 11 and the PSLRA. The PSAC includes the same FE allegations as the Amended Complaint, and the Court expressly relied on these allegations in ruling that Plaintiffs adequately alleged scienter. (*See* MTD Op. at 23-24 ("Plaintiffs offer several anonymized statements by former Gaotu employees that speak to Defendants' scienter . . . . These first hand accounts, although anonymous for now, are consistent with the news reports upon which Plaintiffs also rely.").) The Court also acknowledged that the FEs were only "anonymous *for now*." (*Id.* at 24 (emphasis added).)

However, when Defendants sought the names of the FEs in discovery so they could test the veracity of the FE allegations, Plaintiffs' counsel revealed that they have *never* spoken to any of the FEs and do not even know who they are. (*See* ECF No. 64 at 3.) Plaintiffs' counsel admitted they blindly relied on anonymized accounts from a third-party investigator and did nothing whatsoever to verify those accounts. (*Id.*) After Defendants raised this issue with Magistrate Judge Pollak, Plaintiffs' counsel further revealed that their investigator intentionally destroyed its records of the investigation. (*Id.*) Following these revelations, Defendants informed Magistrate Judge Pollak and Plaintiffs of their intention to move to strike the FE allegations and renew or reconsider their motion to dismiss. (*See* ECF No. 67 at 1-3.)

Plaintiffs cannot use the FEs as a sword and shield, relying on them to survive the motion to dismiss only to later admit they never spoke with the FEs and cannot identify them for discovery. Such conduct violates Rule 11 and the PSLRA. *See, e.g.*, *In re Lehman Bros. Sec. & ERISA Litig.*, No. 10-cv-6637 (LAK), 2013 WL 3989066, at *4 (S.D.N.Y. July 31, 2013) ("When citing alleged confidential witnesses in a complaint, the [Rule 11] certification means that counsel has spoken with these confidential witnesses and *knows who they are*." (emphasis added)); *Long Miao v. Fanhua, Inc.*, No. 18-cv-8183 (PAE), 442 F. Supp. 3d 774, 804 (S.D.N.Y. 2020) ("[Confidential witness] allegations—where neither investigated nor corroborated—sit, at best, uneasily with the requirements of Rule 11."); *In re Millennial Media, Inc. Sec. Litig.*, No. 14-cv-7923 (PAE), 2015 WL 3443918, at *11 (S.D.N.Y. May 29, 2015) ("[A]n investigator's memo of an initial witness interview is an inadequate substitute for counsel's independent confirmation of accuracy."); *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175, 181-3 (N.D. Ill. 2014) (Rule 11 violation where plaintiffs' counsel "blindly relied on their investigators" at the pleading stage).[4]

---

[4]    *See also In re MINISO Grp. Holding Ltd. Sec. Litig.*, No. 22-cv-9864 (ER), 2024 WL 759246, at *12 (S.D.N.Y. Feb. 23, 2024) (dismissing complaint and holding "it is 'inappropriate to give any weight to . . . [CW] statements' when '[t]here is no suggestion that counsel in this action has spoken with these [CWs] or even knows who they are'" (alterations in original) (citation omitted)), *reconsideration denied*, 2025 WL 965688 (Mar. 30, 2025);

*(cont'd)*

Remarkably, Defendants faced this same situation earlier this year in another securities case involving one of the two firms representing Plaintiffs here. *See Wu v. GSX Techedu Inc.*, 2:20-cv-04457 (D.N.J. 2020). There, as here, plaintiffs relied on anonymous confidential witness allegations to survive the motion to dismiss, only to later admit in discovery that plaintiffs' counsel had never spoken to the alleged witnesses, did not know who they were, and could not obtain their identities from their investigator in China. Magistrate Judge José R. Almonte chastised plaintiffs' use of confidential witnesses as a sword and shield: "You're using them to get the information you want but then the shield to prevent defendants from getting the information [they] need so that they can . . . do their own investigation and perhaps even depose these witnesses." *Id.*, ECF No. 134 at 39:14-39:19 (D.N.J. Feb. 11, 2025). He agreed the motion to dismiss decision needed to be "re-examine[d]" because it "rel[ied] on confidential informants who now cannot be identified." *Id.* at 46:22-47:1. As Judge Almonte explained:

> If the reason why the complaint survived the motion to dismiss [is] because of these confidential witnesses who are not available and not identifiable, I think in fairness to the defendants, they should be able to move to strike that information. If it's stricken, then I think [the district court] will have to reconsider whether or not the complaint should survive the motion to dismiss.

*Id.* at 49:1-7. Judge Almonte stayed discovery pending Defendants' motions because "this is a threshold issue" and "could be a game-changer." *Id.* at 46:22, 48:22. And indeed, it was. Rather than oppose the motion to strike, plaintiffs swiftly settled the case.

Likewise here, Plaintiffs' FE allegations should be struck and, without those allegations, Defendants' motion to dismiss should have been granted. This threshold issue should be resolved before the Parties or the Court expend any further resources on this Action, including on Plaintiffs' instant motion to amend.

Respectfully submitted,

*/s/ Robert A. Fumerton*

Robert A. Fumerton

cc: All Counsel of Record (via ECF)

---

*In re DraftKings Inc. Sec. Litig.*, No. 21-cv-5739 (PAE), 650 F. Supp. 3d 120, 155 (S.D.N.Y. 2023) (dismissing complaint where "plaintiffs' counsel has not interacted with the unidentified source—and does not even know the source's name").