Levi & Korsinsky

33 Whitehall St., 27th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam Apton
aapton@zlk.com

October 3, 2025

**VIA CM/ECF**

Hon. Pamela K. Chen
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, N.Y. 11201

> Re:  ***Zhang v. Gaotu Techedu Inc. f/k/a GSX Techedu Inc. et al.***
> **Case No.: 22-cv-7966**

Dear Judge Chen:

Plaintiffs respectfully submit the following in reply and further support of their motion for leave to add Carlos Monge as an additional named plaintiff. In sum, Plaintiffs' request is routine in nature and supported by a large body of case law. Defendants' reasons for opposing the request are misguided and should be rejected.

1)  <u>Plaintiffs Seek Leave to Add Mr. Monge as an Additional Plaintiff Now to Avoid Claims of Prejudice and Burden Later.</u>

Defendants correctly point out that a "putative class member can seek appointment as a class representative without being a named plaintiff." Defs. Opp. at 2 (citing *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 343 n.97 (S.D.N.Y. 2004)). Consequently, while Defendants are right that Plaintiffs do not *need* to make this motion, it is still appropriate under the circumstances and the more prudent course of action for Plaintiffs to take.

In pertinent part, the parties' case schedule set September 12, 2025 as the deadline for amending pleadings and/or adding parties. Dkt. No. 56 at 3-4. Had Plaintiffs opted to wait until class certification to add Mr. Monge as an additional representative, Defendants may have accused them of waiving their right to do so by failing to add him as a party by the September 12 deadline. In addition, had Plaintiffs waited to bring Mr. Monge into this action as an additional plaintiff, Defendants may have argued they were prejudiced by not being afforded an opportunity to take discovery from Mr. Monge. By making the instant motion, Plaintiffs avoid both of these arguments.

Plaintiffs' decision to add Mr. Monge as an additional plaintiff now also has the benefit of being supported by a large body of case law showing that Plaintiffs' motion is routine practice in class action litigation. *See, e.g.*, *Shash v. Biogen Inc.*, No. 1:21-cv-10479-IT, 2025 U.S. Dist. LEXIS 57262, at *20-29 (D. Mass. Mar. 27, 2025) (granting leave to add additional named



plaintiffs); *Lee v. HDR Glob. Trading Ltd.*, 347 F.R.D. 633, 639-40 (S.D.N.Y. 2024) (granting motion to add additional plaintiff because "[d]eciding not to join [plaintiff] would be inefficient and an imprudent waste of judicial resources that would unnecessarily duplicate litigation" and "Defendants will not suffer undue prejudice as a result"); *Mehedi v. View, Inc.*, No. 21-cv-06374-BLF, 2024 U.S. Dist. LEXIS 115589, at *18-21 (N.D. Cal. June 28, 2024) (denying motion to strike additional named plaintiff); *Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 U.S. Dist. LEXIS 54984, at *4-6 (N.D. Cal. Mar. 23, 2021) (denying motion to strike additional named plaintiffs because "[t]he Court agrees with Plaintiffs that the additions are permissible and consistent with the Lead Plaintiff's duties"); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (finding defendant was "not prejudiced because discovery has not yet concluded" at the time of the proposed amendment).

      2)    <u>Adding Mr. Monge as an Additional Plaintiff Does Not Cause Any Prejudice to Defendants.</u>

Defendants claim that adding Mr. Monge to the case would "unduly prejudice [them] by creating unnecessary work." Defs. Opp. at 2. But "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1254-55 (2d Cir. 1989); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 346 (2d Cir. 1993) ("[m]ere delay… absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend").

In any event, discovery is still in its early stages. The parties have exchanged demands and responses but the deadline for substantial completion of factual discovery is not until January 16, 2026. Adding Mr. Monge now would ensure more than enough time to provide responses to Defendants' demands, produce responsive documents, and have him sit for a deposition. Moreover, as Defendants note, the parties have already engaged in meet-and-confer conversations over Plaintiffs' responses to Defendants' demands. Consequently, Mr. Monge's responses would follow the parties' agreements with respect to the issues discussed during those conversations, further expediting Mr. Monge's ability to respond to the discovery requests that Defendants will serve.

Defendants' complaint over having to draft a new answer is equally meritless. Plaintiffs' proposed amended pleading includes just one new paragraph (*i.e.*, Paragraph 12 adding Mr. Monge). There are no substantive differences. Thus, Defendants can re-use their answer to the previous complaint when responding by simply adjusting their responses by one paragraph number.

Defendants cite one case to support their position. That case, *City of Birmingham v. Ryanair Holdings PLC*, No. 18-CV-10330 (JPO), 2022 U.S. Dist. LEXIS 171896 (S.D.N.Y. Sep. 22, 2022), is easily distinguishable because the proposed amendment there was expansive in scope and dramatically changed the nature of the case. *Id*. at *5 ("Given the breadth of Lead Plaintiff's proposed amendment . . . ."). As the court explained, granting leave to amend in that case would have revived multiple discovery disputes concerning issues relating to employee grievances, labor practices, and post-corrective disclosure information. *Id*. at *6. The case also involved evidence of "bad faith" and "futility," which is not present here because Plaintiffs' proposed amended



complaint contains no substantive revisions; instead, it seeks only to add Mr. Monge as a named plaintiff. To be sure, Plaintiffs are *not* attempting to revive any of the dismissed claims (*i.e.*, the alleged March 5, 2021 misrepresentations), which should allay Defendants' concerns to the contrary. *See* Defs. Opp. at 3-4.

3. <u>The Parties' Pending Discovery Disputes Have No Bearing on Plaintiffs' Request to Add Mr. Monge as an Additional Plaintiff.</u>

The parties presently have four (4) discovery disputes pending before Magistrate Judge Pollak. The disputes relate to: (i) the relevant time period for document collection/production; (ii) Defendants' response to a particular interrogatory that Plaintiffs believe is deficient; (iii) the status of Defendants' internal review of documents and related requests to government authorities within the People's Republic of China to produce documents in discovery in this action; and (iv) the disclosure of Plaintiffs' confidential witnesses. *See* Dkt. Nos. 62-67. A hearing to discuss these matters is scheduled for November 6, 2025.

Instead of resolving these issues with Magistrate Judge Pollak, Defendants appear to suggest that they should be resolved through alternative means and in the context of Plaintiffs' instant motion. The pending discovery issues, however, have no bearing on the merits of Plaintiffs' request to add Mr. Monge as an additional plaintiff. Defendants do not explain the connection but rather just say that no "further resources" should be spent on this action before the discovery issues are resolved. Defs. Opp. at 5. This is not a sufficient basis to oppose Plaintiffs' motion.

Plaintiffs responded to Defendants' discovery motion in full. *See* Dkt. No. 64. In pertinent part, Plaintiffs told Magistrate Judge Pollak that they were prepared to provide the identity of "FE2" but that their investigator no longer possessed FE1 and FE3's identities following the PRC government's 2023 raids on various investigative firms. Dkt. No. 64 at 3. Notwithstanding, since opposing Defendants' motion, Plaintiffs have undertaken additional efforts to relocate the identities of these witnesses by serving an interrogatory on Defendants asking for the names of employees meeting the descriptions of "FE1" and "FE3". The information that Defendants provide, if complete, should allow Plaintiffs to confirm the identities of these witnesses. In any event, that entire process has no legal relevance to Plaintiffs' current request to add Mr. Monge as an additional plaintiff.

Respectfully,

*/s/ Adam Apton*
Adam M. Apton

cc: All counsel of record (*via CM/ECF*)