SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

December 4, 2025

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:     *TCP Diversified Technology Fund v. Gaotu Techedu Inc. et al.*,
22-cv-07966 (PKC) (CLP) – Defendants' Letter Motion for
Protective Order to Preclude Plaintiffs' Interrogatory No. 12

Dear Judge Pollak:

On behalf of Defendants, we respectfully write pursuant to Your Honor's Individual Rule V.B. to seek a protective order precluding Plaintiffs' Interrogatory No. 12, which asks Defendant Gaotu to "[i]dentify all individuals who were employed by [Gaotu's Beijing headquarters] whose employment commenced in September 2020 and ended in January 2022." (Ex. A, Plaintiffs' Third Set of Interrogatories Against Gaotu at 4.)  This corresponds to the alleged dates of employment for one of the purported former employees (FE 3) in the Amended Complaint. Despite relying on FE 3's allegations in the Amended Complaint and in opposition to Defendants' motion to dismiss, Plaintiffs and their counsel do not know who FE 3 is, have never spoken to FE 3, and their third-party investigator who allegedly interviewed FE 3 destroyed its records.  (*See* Order, ECF No. 72 at 15 ("[T]he Court finds that the destruction of that information . . . constitutes spoliation of evidence.").)

Since this came to light in discovery, Plaintiffs have tried to shift the burden of identifying the FEs to Defendants.  Gaotu already answered a prior interrogatory (No. 10) asking for the identity of all employees that matched FE 3's alleged months of employment, job title, and job description, but *no individuals fit Plaintiffs' criteria*.  Plaintiffs now make an even broader request

Honorable Cherryl L. Pollak
December 4, 2025
Page 2

for any employees—regardless of title or job description—who joined and left Gaotu around the times FE 3 allegedly did.

In any event, Plaintiffs claim to have "recovered" the names of FE 1 and FE 2, but still refuse to disclose them.[1]  So even if Plaintiffs' current fishing expedition helped ***them*** identify FE 3, it would not advance this litigation because Plaintiffs refuse to disclose any of the FEs' names. In short, Gaotu should not have to bear the burden of trying to fix Plaintiffs' own failure to conduct a reasonable pre-filing investigation.  We conferred with Plaintiffs' counsel, who refused to withdraw the Interrogatory.  Accordingly, Defendants now seek a protective order.[2]

## I. Interrogatory No. 12 Is Facially Overbroad and Unlikely to Lead to the Discovery of Relevant Information

As a threshold matter, Interrogatory No. 12 is facially overbroad and not reasonably calculated to lead to the discovery of any relevant information, including FE 3's identity.  Plaintiffs are only permitted to seek discovery that is "relevant." *See Phillips v. City of New York*, 2017 WL 11507183, at *2 (E.D.N.Y. July 19, 2017) (Pollak, M.J.) (citing Fed. R. Civ. P. 26(b)(1)) ("[D]iscovery may not be used to 'explore matter which does not presently appear germane on the theory that it might conceivably become so.'").  Courts regularly shield litigants from overbroad discovery requests that do not seek relevant information.  *See, e.g.*, *SEC v. Syron*, 2014 WL 13118274, at *3 (S.D.N.Y. Nov. 24, 2014) (granting protective order where request for production is "overbroad and unduly burdensome relative to the relevance of the documents likely to be produced").

Interrogatory No. 12 is plainly overbroad and, on its face, does not seek any relevant information that would not have been provided by Interrogatory No. 10.  Interrogatory No. 12 seeks the identities of ***all*** employees whose dates of employment correspond with FE 3's alleged employment, without regard to job description or title.  Plaintiffs provide no reason this would result in any relevant information, when the Company's answer to the more narrowly tailored Interrogatory No. 10 did not do so.  (Ex. C, Gaotu's Responses and Objections to Plaintiffs' Second Set of Interrogatories at 10.)  Nor can Plaintiffs provide any reasonable explanation as to how answering Interrogatory No. 12 would enable their investigator to identify FE 3, given the investigator "erased" all its electronic records more than two years ago.  (*See* ECF No. 64 at 3.) Any suggestion that the investigator might be able to identify FE 3 from simply looking at a list of all of Gaotu's Bejing employees is "highly speculative" and should be rejected.  *See DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2020 WL 13450956, at *4 (E.D.N.Y. Nov. 30, 2020) (Pollak, M.J.) (granting protective order barring a deposition where "the reasons advanced by

---

[1]   Plaintiffs claim that their investigator found FE 2's name in a notebook and somehow "recovered" FE 1's name without explanation.  We asked how FE 1's name was "recovered" and if any other information was recovered, (Ex. B, Nov. 11 Email from C. Mao), but Plaintiffs have ignored our request—despite this Court's prior order that "Defendants are entitled to whatever relevant information remains about these FEs."  (ECF No. 72 at 15.)

[2]   In its October 24 Order, this Court authorized Defendants "to make an application to the district court to strike the testimony of the FEs and to reconsider defendants' motion to dismiss."  (ECF No. 72 at 17.)  Defendants did so (ECF No. 73), and Judge Chen will hear oral argument on the motions on December 22, 2025.

Honorable Cherryl L. Pollak
December 4, 2025
Page 3

plaintiffs are in some instances completely irrelevant [and] highly speculative"). Plaintiffs' Interrogatory No. 12 is "nothing more than an impermissible fishing expedition." *Belluomo v. Tiger Schulmann's Mixed Martial Arts*, 2015 WL 5838732, at *5 (E.D.N.Y. Oct. 7, 2015).

## II.       Interrogatory No. 12 Is Unduly Burdensome

In any event, it is unduly burdensome to force Gaotu to expend ***any*** additional resources to try to identify FE 3, who is unknown only because Plaintiffs never bothered to speak to any of the FEs (or even ask for their names) before including allegations attributed to them in the Amended Complaint. *See DDK Hotels, LLC*, 2020 WL 13450956, at *1 (courts may "issue an order to protect a party or person from annoyance . . . or undue burden or expense"). "[D]iscovery becomes unreasonably burdensome where 'it is cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive' or where 'the burden or expense of the discovery outweighs its likely benefit.'" *Id.*; *see also New Falls Corp. v. Soni*, 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020) ("[E]ven relevant information must be 'reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources.'").

First, Interrogatory No. 12 is "unreasonably cumulative" of Plaintiffs' Interrogatory No. 10, which the Company already answered. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *see also DDK Hotels, LLC*, 2020 WL 13450956, at *3 (precluding plaintiffs' requested deposition where "any testimony [defendant's executive] could provide would be 'redundant and cumulative'"); *Essilor Int'l SAS v. J.P. Morgan Chase Bank, N.A.*, 2024 WL 2304961, at *1 (S.D.N.Y. May 21, 2024) (precluding discovery that was "unreasonably cumulative of information already produced"). As explained above, Interrogatory No. 12 asks for the same information as Interrogatory No. 10 but ***without consideration of title or responsibilities***, and therefore would only disclose individuals ***less*** likely to be FE 3 than the prior interrogatory.

Second, Interrogatory No. 12 is also unreasonably burdensome because Plaintiffs were obligated to possess this information prior to filing their Amended Complaint, and in any event, would possess this information had they fulfilled their duty of ensuring that their investigator did not intentionally destroy all evidence of its investigation. *See DDK Hotels, LLC*, 2020 WL 13450956, at *1. As part of their pre-filing investigation, Plaintiffs were required to speak with their FEs to verify the allegations attributed to them in the Amended Complaint, necessarily learning their names and contact information. *See In re Lehman Bros. Sec. & ERISA Litig.*, 2013 WL 3989066, at *4 (S.D.N.Y July 31, 2013) (Kaplan, J.) ("When citing alleged confidential witnesses in a complaint, the [Rule 11] certification means that counsel has spoken with these confidential witnesses and knows who they are."); *see also VNB Realty, Inc. v. Bank of Am. Corp.*, 2013 WL 5179197, at *7 (S.D.N.Y. Sept. 16, 2013) (Cote, J.) (citing confidential witness allegations without certifying "at least that the witnesses did in fact make such statements" is "impermissible, particularly in light of counsel's 'personal, non-delegable responsibility' under Rule 11 to 'validate the truth and legal reasonableness of the papers filed'"). Had Plaintiffs' counsel complied with their Rule 11 obligations, they would know FE 3's name. Even setting aside that failure, had Plaintiffs complied with their additional obligation to ensure that their investigator preserved (and certainly did not intentionally destroy) all relevant evidence, Plaintiffs also would have been able to ascertain FE 3's name. *See R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 24

3

Honorable Cherryl L. Pollak
December 4, 2025
Page 4

(S.D.N.Y. 2010) ("To fulfill this preservation obligation, a litigant must take affirmative steps to prevent inadvertent spoliation" of evidence, including "evidence that the party has the legal right, authority, or practical ability to obtain by virtue of its relationship with the party.").

Finally, Plaintiffs refuse to disclose any of the FEs' names to anyone except Defendants' U.S. counsel, and thus any benefit conferred by their discovery of FE 3's identity is outweighed by the burden imposed on Defendants. *See Safo v. Singh*, 2025 WL 2970281, at *2 (S.D.N.Y. Oct. 21, 2025) (denying plaintiffs' discovery request where the "minimal relevance [of the information] is far outweighed by the undue burden"). Plaintiffs purportedly recovered FE 2's identity around September 15 (ECF No. 64 at 3), and FE 1's identity around November 5 (Ex. B, Nov. 6 Email from A. Apton), yet refuse to disclose either name because Defendants will not agree to treat them as U.S.-attorneys' eyes only. Such a restriction would render the information effectively useless. We cannot reasonably be expected to investigate the FEs and their allegations without being able to even talk to the Company about them. Any marginal benefit to Plaintiffs of their investigator gleaning FE 3's name from an answer to Interrogatory No. 12 (which is unlikely) is outweighed by the Company's burden of searching all former employees in its Beijing headquarters for a 16-month timeframe.

Accordingly, Defendants respectfully request a protective order precluding Plaintiffs' Interrogatory No. 12.

Respectfully submitted,

*/s/ Robert A. Fumerton*

Robert A. Fumerton

cc: All Counsel of Record (via ECF)

4