# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TCP DIVERSIFIED TECHNOLOGY FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN, and NAN SHEN, <br><br> Defendants. | Case No. 22-cv-7966-PKC-CLP |

**PLAINTIFFS' THIRD SET OF INTERROGATORIES TO**
**DEFENDANT GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC.**

Pursuant to Federal Rule of Civil Procedure 33, Lead Plaintiff TCP Diversified Technology Fund and additional named plaintiff Jun Ye, by and through counsel, hereby propounds the following interrogatories to be answered by Defendant Gaotu Techedu Inc. f/k/a GSX Techedu Inc., in writing and under oath within 30 days following service hereof.

## DEFINITIONS

1.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether by letter, e-mail, text message, application (including, but not limited to, social media and/or collaboration and communication applications, on any device, including but not limited to computers, smartphones, or tablets), notes, memoranda, verbal, or otherwise.

2.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

3.      "Defendants" refers to Defendants Gaotu and Individual Defendants.

4.      "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" includes Communications.

5.      "Gaotu" or the "Company" means Gaotu Techedu Inc., formerly known as GSX Techedu Inc., its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, direct and indirect subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

6.      "Identify" or "identification,"

1

a.  when used with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b.  when used with respect to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.  "Include" and "Including" shall be construed to mean "include but not be limited to" and "including, but not limited to."

8.  "Person" means any natural person or any legal entity, including, without limit, any business or governmental entity or association.

9.  The terms "All," "Any," and "Each" shall each be construed as encompassing any and all.

10.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

11.  The use of the singular form of any word includes the plural and vice versa.

### INSTRUCTIONS FOR ALL INTERROGATORIES

1.  Responses to these Interrogatories shall be supplemented and/or amended to the

2

extent required by the Federal Rules of Civil Procedure. These Interrogatories shall be deemed to impose a continuing duty upon You to properly and timely serve upon Defendants supplemental and/or amended responses to these Interrogatories.

2. Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them.

3. If any Interrogatory is answered by a reference to documents, You shall either (i) identify such documents by Bates number, or (ii) attach such documents as Exhibits to Your responses to these Interrogatories.

4. With respect to any information or documents responsive hereto as to which You assert a claim of privilege or other immunity from discovery, You shall submit a list identifying each such piece of information or document by stating:

   a. its type (e.g., letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;

   b. the identity of each person who participated in its preparation;

   c. the identity of each person who signed or sent the document;

   d. the identity of each person to whom the document or information was addressed, copied to, or sent;

   e. the identity of each person who received the document or information; and

   f. the basis of the claim of privilege or immunity.

5. Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation or exclusion.

6.    If You object to any Interrogatory, state with specificity the grounds for such objection and the Interrogatory or Interrogatories to which each such objection applies. Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

## INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, you are requested to respond to each of the Interrogatories below within thirty (30) days of service.

**Interrogatory 11:**

Identify all individuals who were employed by Gaotu's subsidiary, Changsha Gaotuyunji Education Technology Co., Ltd. (in Chinese: 长沙高途云集教育科技有限公司), whose employment commenced in November 2020 and ended in July 2021. For each such individual, provide:
(i)    the individual's name in Chinese characters and Pinyin, and
(ii)    any English name(s) or nickname(s) used by the individual in connection with their employment at Gaotu.

**Response:**

**Interrogatory 12:**

Identify all individuals who were employed by Gaotu's subsidiary, Beijing Gaotu Yunji Education Technology Co. Ltd. (in Chinese: 北京高途云集教育科技有限公司), whose employment commenced in September 2020 and ended in January 2022.  For each such individual, provide:
(i)    the individual's name in Chinese characters and Pinyin, and
(ii)    any English name(s) or nickname(s) used by the individual in connection with their employment at Gaotu.

**Response:**

Dated: November 4, 2025

**LEVI & KORSINSKY, LLP**

/s/Adam M. Apton
Adam M. Apton, Esq.
33 Whitehall Street, 27th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Lead Plaintiff*
*and Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Yu Shi
Jing Chen
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: yshi@rosenlegal.com
Email: jchen@rosenlegal.com

*Additional Counsel for Plaintiffs and the Class*

# CERTIFICATE OF SERVICE

I, Adam M. Apton, declare on November 4, 2025, I caused the foregoing document to be served on Defendants by email to their counsel of record.

> Scott D. Musoff
> Robert A. Fumerton
> Michael C. Griffin
> Judith A. Flumenbaum
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
> One Manhattan West
> New York, New York 10001
> Phone: (212) 735-3000
> scott.musoff@skadden.com
> robert.fumerton@skadden.com
> michael.griffin@skadden.com
> judy.flumenbaum@skadden.com
>
> *Attorneys for Defendants*

> */s/Adam M. Apton*
> Adam M. Apton