# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSHUA ZHANG, Individually and on behalf    :
of all others similarly situated,           :
                                            :
            Plaintiff,                       :
                                            :
      v.                                     :   22-cv-7966 (PKC) (CLP)
                                            :
GAOTU TECHEDU INC. F/K/A GSX                 :
TECHEDU INC., XIANGDONG CHEN, and            :
NAN SHEN,                                    :
                                            :
            Defendants.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT GAOTU TECHEDU INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York and the Court's Individual Motion Practices and Rules, Gaotu Techedu Inc. f/k/a GSX Techedu Inc. ("Gaotu" or the "Defendant"), by and through its undersigned counsel, submits the following Responses and Objections (the "Responses") to Plaintiffs' Second Set of Interrogatories against Defendant Gaotu Techedu Inc. f/k/a GSX Techedu Inc., dated September 19, 2025 (the "Interrogatories").

Defendant is willing to meet and confer with Lead Plaintiff TCP Diversified Technology Fund and Additional Named Plaintiff Jun Ye (collectively, "Plaintiffs") regarding any of Defendant's Responses and Objections to the Interrogatories.

### PRELIMINARY STATEMENT

The Responses reflect only the present state of Defendant's investigation regarding the requested information. Other investigation and research concerning this litigation are continuing. It is anticipated that further independent investigation, legal research and analysis may supply additional facts or additional meaning to the known facts, as well as establish entirely new factual

conclusions, all of which may lead to additions to, changes in or variations from the Responses herein. Without in any way obligating itself to do so, Defendant expressly reserves the right to supplement, amend, clarify or modify the Responses as further information becomes available, or if it is discovered that information was omitted from these Responses.

Every Response is made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of admissibility, competency, privilege, relevancy, materiality or any other proper grounds, to the use of the Responses, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories, subpoenas duces tecum or other discovery procedures; and (c) the right at any time to revise, correct, supplement or clarify any of the Responses set forth herein.

Except where expressly stated, Defendant does not admit, adopt or acquiesce to any factual or legal contention, assertion or characterization contained in the Interrogatories, or any definition therein, even where Defendant has not otherwise objected to a particular definition or Interrogatory, or has agreed to provide information responsive to a particular Interrogatory. No incidental or implied admissions are intended by these Responses.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions ("Definition and Instruction Objections") are incorporated into each specific Response and objection below as if fully repeated therein.

1. Defendant objects to the definition of "Class Period" set forth in paragraph 3 of the Definitions because the Court dismissed the allegations regarding statements made on March 5, 2021. (ECF No. 49 at 13-14.) Defendant will interpret "Class Period" to mean April 26, 2021 to July 23, 2021.

2

2.  Defendant objects to the definition of "Communication(s)" set forth in paragraph 4 of the Definitions because it is overly broad, vague, ambiguous and duplicative of other proposed definitions, and, therefore, does not provide a principled way to identify the information Plaintiffs seek.  Defendant will interpret "Communication" to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3.

3.  Defendant objects to the definition of "Concerning" set forth in paragraph 6 of the Definitions because it is overly broad, vague and ambiguous, and, therefore, does not provide a principled way to identify the information Plaintiffs seek.

4.  Defendant objects to the definition of "Employee" set forth in paragraph 10 of the Definitions because it is overly broad, vague and ambiguous, and, therefore, does not provide a principled way to identify the information Plaintiffs seek.

5.  Defendant objects to the definition of "Gaotu" or the "Company" set forth in paragraph 11 of the Definitions because its reference to "present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, direct and indirect subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting or purporting to act, on behalf of any of the foregoing" renders it overly broad, vague and ambiguous, and thus does not provide Defendant with sufficient information to identify the entities or persons intended to be included within the definition.  Further, the definition includes persons not within the control of Defendant.  Defendant will interpret "Gaotu" or the "Company" to mean only Gaotu Techedu Inc.

6.  Defendant objects to the definition of "Identify" or "identification" set forth in paragraph 12 of the Definitions because it is overly broad, vague and ambiguous, and, therefore, does not provide a principled way to identify the information Plaintiffs seek.  Defendant will

interpret "Identify" or "identification" to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3.

7. Defendant objects to the definition of "Irefresh" set forth in paragraph 15 of the Definitions because its reference to "present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, direct and indirect subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting or purporting to act, on behalf of any of the foregoing" renders it overly broad, vague and ambiguous, and thus does not provide Defendant with sufficient information to identify the entities or persons intended to be included within the definition. Further, the definition includes persons not within the control of Defendant. Defendant will interpret "Irefresh" to mean only Irefresh Future Limited.

8. Defendant objects to the definition of "Person(s)" set forth in paragraph 19 of the Definitions because it is overly broad, vague and ambiguous, and, therefore, does not provide a principled way to identify the information Plaintiffs seek. Defendant will interpret "Person" to be synonymous in meaning, and equal in scope, to the usage of the term in Local Civil Rule 26.3.

9. Defendant objects to Instruction 1 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules.

10. Defendant objects to Instruction 2 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules.

11. Defendant objects to Instruction 3 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules. To the extent that Instruction 3 imposes a burden or obligation beyond the FRCP and the Local Rules, the instruction will be disregarded and Defendant will produce information in accordance with the FRCP and the Local Rules.

4

12.     Defendant objects to Instruction 4 because it purports to impose on Defendant burdens and obligations beyond those required by the FRCP, the Local Rules and the Parties' Joint Stipulation and Protective Order (ECF No. 60).  Pursuant to Local Civil Rule 26.2(c), Defendant is wiling to meet and confer with Plaintiffs regarding the information to be logged, if any, and the information to be included in a privilege log and the format and timing of such log, if any. Defendant further objects to Instruction 4 to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege or any other privilege or exemption from discovery under applicable laws or rules.

13.     Defendant objects to Instruction 5 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules.

14.     Defendant objects to Instruction 6 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules.  To the extent that Instruction 6 imposes a burden or obligation beyond the FRCP and the Local Rules, the instruction will be disregarded and Defendant will produce information in accordance with the FRCP and the Local Rules.

## OBJECTIONS TO THE RELEVANT TIME PERIOD

Defendant objects to Plaintiffs' "Relevant Time Period" of January 1, 2021, through April 26, 2022, as overly broad, unduly burdensome and seeking disclosure that is not material and necessary in the prosecution of Plaintiffs' action and not reasonably calculated to lead to the discovery of admissible evidence ("Objections to the Relevant Time Period").  That time period exceeds the time period in which events relevant to the claims and defenses asserted in this action occurred as it ends nine months after the end of the proposed Class Period.  Defendant also objects to Plaintiffs' "Relevant Time Period" to the extent that it purports to impose obligations beyond

5

those contained in the FRCP, the Local Rules or any other applicable rules or law.  Defendant is willing to meet and confer with Plaintiffs to negotiate a more appropriate time period applicable to discovery.

### GENERAL OBJECTIONS

The following General Objections are incorporated into each specific Response below, and any agreements to produce are limited by the following General Objections.  Defendant's failure to object to an Interrogatory, or any agreement to produce responsive information, is not a representation that any such information exists or is within Defendant's possession, custody or control.  Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Defendant from raising that objection later.  Any response pursuant to the Interrogatories or otherwise is not to be construed as an admission that any Interrogatory is proper.

1.      Defendant objects to the Interrogatories to the extent they seek discovery of information that is not relevant to the claims and defenses asserted in this action or proportional to the needs of the case, as overly broad and unduly burdensome on their face.

2.      Defendant objects to the Interrogatories to the extent they seek to establish a continuing obligation by Defendant to produce information created after the date of the Interrogatories beyond what is required by the FRCP.

3.      Defendant objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations upon Defendant other than the obligations imposed under the FRCP, the Local Rules or any other applicable law or rule.

4.      Defendant objects to the Definitions, Instructions and Interrogatories to the extent that they purport to seek discovery of information that is prohibited by applicable law, including, but not limited to, laws of the PRC governing the disclosure of certain types of information, including, but not limited to, personal data, law enforcement and national security information,

6

cybersecurity and state secrets. By responding and objecting to the Interrogatories, Defendant does not waive or intend to waive any argument that disclosure is prohibited by applicable PRC law. Accordingly, any Response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable PRC law. Moreover, the production of any protected information shall not constitute, and shall not be construed to constitute, a waiver by the Defendant of any protection or requirement in this or in any further matters in this proceeding or in any other litigation, dispute or other context.

5.     Defendant objects to the Interrogatories to the extent they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity. Nothing contained in these Responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine or immunity. Any disclosure or production of work product, confidential material, attorney-client privileged material or any material subject to any immunity from disclosure is not intended to be a waiver of any applicable privilege or protection and shall be deemed inadvertent.

6.     Defendant objects to the Definitions, Instructions and Interrogatories to the extent that they purport to require the disclosure of information in violation of privacy rights or obligations under any constitutional, statutory or common law rights of privacy.

7.     Defendant objects to the Interrogatories to the extent they seek the production of information subject to non-disclosure or confidentiality agreements with third parties or that would violate the privacy interests of others. Defendant will produce such information only after providing required notice to third parties and an opportunity for them to object to the production of the information.

8.    Defendant objects to the Interrogatories to the extent they seek disclosure of information that is nonpublic, is confidential, is competitively sensitive or contain proprietary and confidential business and financial information, including customer information, personnel information or other competitively or commercially sensitive information.  Disclosure of such information would be harmful to Defendant's legitimate business interests.  Subject to and without waiving this objection or any other Objections, Defendant may produce such confidential, personal, or proprietary commercial or other business information pursuant to a mutually agreed-upon protective order entered by the Court.  The production of any information by Defendant is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to confidential or proprietary information.

9.    Defendant's failure to object to the Interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time. Defendant reserves the right to assert at a later time all objections not articulated herein.

10.    Defendant's response to an Interrogatory shall not be deemed an admission or acknowledgment that the Interrogatory calls for information that is relevant to a claim or defense, and is without prejudice to Defendant's right to contend at trial, or at any other stage of this proceeding, or in any other subsequent action or proceeding, that the requested information is inadmissible, irrelevant, immaterial or otherwise objectionable.

**<u>RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES</u>**

Subject to the General Objections, Definition and Instruction Objections, and the Objections to the Relevant Time Period, which Defendant incorporates into each specific Response below, Defendant responds and objects to the Interrogatories as follows:

8

**INTERROGATORY NO. 9:**

Identify all Gaotu Employees with the following dates of employment, job titles, and job descriptions.  If no Employee meets the exact criteria, identify any Employees with substantially similar dates of employment, job titles, and job descriptions:

- An individual who worked as a senior high school class leader from November 2020 to May 2021 and then a city manager at Gaotu's subsidiary, Changsha Gaotuyunji Education Technology Co. Ltd., from May 2021 to July 2021.
- While employed as a senior high school class leader, the individual was in charge of operations of the senior class section teachers and other staff training. The individual also led the recruitment of personnel such as supervisors, group leaders and teachers, operation, data, administrative personnel.  The individual also helped create and/or implement various Standard Operating Procedures concerning product communication, consulting service communication, and formulating sales strategy and system.
- While employed as a city manager, the individual was responsible for sales at the Changsha center and developing marketing team personnel, customer referral systems, new-media matrices, and new business through communication channels such as WeChat, WeChat group, Short video, live streaming.
- The individual's employment was terminated on July 31, 2021, when the Changsha center was dissolved.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates the General Objections, Definition and Instruction Objections, and Objections to the Relevant Time Period.  Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, doctrine, immunity or provision of PRC law governing the disclosure of information, including, but not limited to, personal information, data security, law enforcement, national security and state secrets.

Defendant further objects to this Interrogatory to the extent that it is vague, overly broad and ambiguous, including, but not limited to, through the use of the term "substantially similar" and seeks information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing Specific Objections and the General Objections, Defendant states that, after a search of its internal system, it did not identify any employee who worked in the city of Changsha and either: (i) held the title of senior high school class leader with a start date in November 2020 and an end date in May 2021; or (ii) held the title of city manager with a start date in May 2021 and an end date in July 2021.

**INTERROGATORY NO. 10:**

Identify all Gaotu Employees with the following dates of employment, job titles, and job descriptions.  If no Employee meets the exact criteria, identify any Employees with substantially similar dates of employment, job titles, and job descriptions:

- An individual who worked as a product operator at Gaotu's Beijing headquarters, *i.e.*, Beijing Gaotu Yunji Education Technology Co. Ltd., from September 2020 to January 2022.
- At the time, Gaotu and GSX were two separate product lines within the company.  The individual was involved with the GSX product line and had face-to-face meeting with Defendant Xiangdong Chen shortly after joining.  Chen used a "president face-to-face" method to invite employees from various departments into a small conference room and get to know new employees.  At one of these meetings, the individual met Defendant Chen directly.  During that meeting, Chen first introduced the Company's values, then asked for the individual's feelings and suggestions about the Company.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates the General Objections, Definition and Instruction Objections, and Objections to the Relevant Time Period.  Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, doctrine, immunity or provision of PRC law governing the disclosure of information, including, but not limited to, personal information, data security, law enforcement, national security and state secrets.

Defendant further objects to this Interrogatory to the extent that it is vague, overly broad and ambiguous, including, but not limited to, through the use of the term "substantially similar" and seeks information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing Specific Objections and the General Objections, Defendant states that, after a search of its internal system, it did not identify any employee who worked in the city of Beijing and held the title of product operator with a start date in September 2020 and an end date in January 2022.

Dated:  New York, New York
      October 20, 2025

*/s/ Robert A. Fumerton*
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
Judith A. Flumenbaum
One Manhattan West
New York, New York 10001
Phone:  (212) 735-3000
Fax:     (212) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com
judy.flumenbaum@skadden.com

*Counsel for Defendants Gaotu Techedu Inc., Xiangdong Chen and Nan Shen*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th Day of October, 2025, a true and correct copy of the foregoing document was emailed to counsel of record for Plaintiffs.


*/s/ Robert A. Fumerton*
Robert A. Fumerton

## VERIFICATION

I, Shirley Hou, as authorized representative of Defendant Gaotu Techedu Inc. in the above-captioned action, hereby state that the foregoing responses to Plaintiffs' Second Set of Interrogatories against Defendant Gaotu Techedu Inc. f/k/a GSX Techedu Inc. are true and correct to the best of my knowledge, except as to the objections stated within for which I defer to counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October, 2025.


Dated:  October 20, 2025                              _____
                                                                Shirley Hou