# Levi & Korsinsky

33 Whitehall St., 27th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam M. Apton
aapton@zlk.com

December 11, 2025

**VIA CM/ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**  ***TCP Diversified Technology Fund v. Gaotu Techedu Inc. et al.***
> **Case No. 22-cv-07966 (PKC) (CLP)**

Dear Judge Pollak:

We represent the Plaintiffs in the above-referenced action. Defendants' motion for a protective order should be denied. Plaintiffs' Interrogatory No. 12 asks Defendants to identify individuals employed by Gaotu Techedu Inc.'s subsidiary, Beijing Gaotu Yunji Education Technology Co. Ltd., from September 2020 to January 2022. Plaintiffs believe that only a limited number of former employees exist with these employment start/end dates. If Defendants provide this information, Plaintiffs can then provide it to their investigators to potentially confirm the identity of last confidential witness, FE3. Defendants do not dispute this or deny possessing the requested information. In addition, they provide no evidence to support their claim that responding would be "unduly burdensome." Consequently, Defendants do not make the necessary showing to justify the issuance of a protective order.

Background

Plaintiffs' Interrogatory No. 12 relates back to the confidential witness issue raised previously by Defendants earlier this fall. That issue first emerged when Defendants asked Plaintiffs to identify each of their three confidential witnesses (FE1, FE2, and FE3). *See* Dkt. No. 63. *Plaintiffs presently have the identities of FE1 and FE2 and have offered to share that information with Defendants under a highly confidential U.S.-attorneys' eyes-only designation.* The need for heightened confidentiality stems from a fear of safety for the witnesses, as described previously in conjunction with Defendants' initial motion to compel. *See* Dkt. No. 64 at 2-3. Although Defendants claim they need to investigate these confidential witnesses, they have refused to agree to the heightened confidentiality designations.



FE3 is the only remaining confidential witness that has not yet been identified. Defendants, who have access to their employee records, have refused to cooperate despite their insistence on receiving the information. Specifically, on September 19, 2025, Plaintiffs served Defendants with an interrogatory asking Defendants to provide the names of any former employees matching the description of FE3 (*i.e.*, a "product operator" or "substantially similar" title who worked at Beijing Gaotu Yunji Education Technology Co. Ltd. from September 2020 to January 2022). Plaintiffs' interrogatory also noted that FE3 had met Defendant Xiangdong Chen directly shortly after joining the company in a "president face-to-face" meeting. On October 20, 2025, Defendants responded by stating the interrogatory was "vague, overly broad and ambiguous . . . through the use of the term 'substantially similar'" and claimed that "after a search of its internal system, [Defendants] did not identify *any employee who worked in the city of Beijing and held the title of product operator* with a start date in September 2020 and an end date in January 2022." *See* Dkt. No. 76-3 at 10 (emphasis added).

Defendants' response to the interrogatory appeared to be intentionally worded so as to exclude any employees who did not have the exact title of "product operator" even if an employee met all the other criteria of the search. Put differently, depending on how Defendants translated the term "product operator" from English to Chinese and vice-versa, their response to the interrogatory could exclude the name of FE3 either inadvertently or intentionally. To avoid this problem, Plaintiffs revised the interrogatory and, on November 4, 2025, served Interrogatory No. 12. The revised interrogatory asked only for a list of employees who worked at Beijing Gaotu Yunji Education Technology Co. Ltd. from September 2020 to January 2022. *See* Dkt. No. 76-1 at 4. Instead of responding to the interrogatory, Defendants moved for a protective order.

<u>Argument</u>

When carrying out its duty to manage litigation, a court "may, for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "The burden is upon the party seeking non-disclosure or a protective order to show good cause [and] the trial court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (internal quotations, alterations, and citations omitted).

Defendants do not satisfy any basis for the issuance of a protective order. Though they claim Interrogatory No. 12 is "overbroad," "unduly burdensome," and disproportionate to the needs of the case, the record fails to support those claims. Defendants themselves have placed FE3's identity at the center of this litigation—most recently by moving to strike and/or reconsider the motion to dismiss on that very issue (Dkt. Nos. 73, 77). Accordingly, Defendants cannot credibly contend that FE3's identity is irrelevant or that the requested information is insignificant. In fact, the uncertainty surrounding FE3's identity is one of the primary bases on which they seek to overturn Judge Chen's dismissal ruling. By Defendants' own conduct, the supposed need for the requested information has become highly material.



Defendants also make no evidentiary showing to support their claim of "undue burden," which is required for the issuance of a protective order. "[A] party objecting to a discovery request on the grounds that the information sought is unduly burdensome must go beyond the familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or other evidence revealing the nature of the burden." *Schiavone v. Northeast Utilities Serv. Co.*, No. 3:08CV429(AWT)(DFM), 2009 U.S. Dist. LEXIS 24517, at *5-6 (D. Conn. Mar. 25, 2009) (internal citation and quotation marks omitted). "The resisting party 'must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden.'" *Sokol v Wyeth, Inc.*, No. 07 Civ. 8442 (SHS)(KNF), 2008 US Dist LEXIS 60976, at *9 (SDNY Aug. 4, 2008) (quoting *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

Defendants conspicuously fail to support their motion with any sort of affidavit or declaration explaining how it would be "unduly burdensome" for them to respond to Interrogatory No. 12. Gaotu Techedu is a large and sophisticated company with information technology infrastructure and human resources in place to review employee records, just as easily as any ordinary company here in the United States. Interrogatory No. 12 specifies a particular subsidiary and precise employment start and end dates. With this level of detail, Defendants could easily generate the requested list of employees with minimal effort—likely just a few keystrokes.

Contrary to Defendants' arguments, Interrogatory No. 12 is eminently reasonable. *See Holloway v. City of N.Y.*, No. 21 CV 3858 (AMD) (CLP), 2023 U.S. Dist. LEXIS 185013, at *31-32 (E.D.N.Y. Sep. 28, 2023) (asking for witnesses and summary of facts is "standard interrogatory"); *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-CV-7163 (HG), 2022 U.S. Dist. LEXIS 230630, at *7 (E.D.N.Y. Dec. 22, 2022) (overruling objections to interrogatories requesting identities of defendants' employees). Defendants know this to be true but would instead prefer to keep this issue alive for tactical reasons, namely the ability to accuse Plaintiffs' investigator of losing information. This strategy disregards the actual merits of the case and overlooks the realities that whistleblowers and investigators face in mainland China, where the threat of persecution is real and witness protection is paramount. For these reasons, Plaintiffs respectfully urge the Court to deny Defendants' motion so the parties can proceed with discovery without further delay.

Respectfully,

*/s/ Adam M. Apton*
Partner