SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

————

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

December 16, 2025

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:  *TCP Diversified Technology Fund v. Gaotu Techedu Inc. et al.*,
> 22-cv-07966 (PKC) (CLP) – Defendants' Reply in Support of a
> Protective Order to Preclude Plaintiffs' Interrogatory No. 12

Dear Judge Pollak:

On behalf of Defendants, we respectfully submit this reply pursuant to Your Honor's Individual Rule V.B. in further support of a protective order precluding Plaintiffs' Interrogatory No. 12. As explained in our letter motion (ECF No. 76), Interrogatory No. 12 seeks the names of everyone who worked for Gaotu in Beijing between September 2020 and January 2022, on the off chance that Plaintiffs' investigator might suddenly recognize FE 3's name, despite currently having no record or recollection of it. Plaintiffs urge this fishing expedition because they never bothered to obtain FE 3's identity (let alone speak to the witness) and cannot obtain it now since their investigator destroyed any record of it. Significantly, Gaotu already answered an earlier, more targeted interrogatory seeking the name of any former employee matching FE 3's description (there was none). Plaintiffs' new, more expansive demand is overbroad, not reasonably calculated to lead to the discovery of any relevant information, and unduly burdensome. Plaintiffs' arguments in response are meritless. (*See* ECF No. 78 ("Opp.").)

First, Plaintiffs misconstrue the relevance inquiry. They argue "Defendants cannot credibly contend that FE 3's identity is irrelevant." (Opp. at 2.) But Interrogatory No. 12 does not seek FE 3's identity. Gaotu already answered the prior interrogatory (No. 10) that actually sought

Honorable Cheryl L. Pollak
December 16, 2025
Page 2

FE 3's identity.[1]   Interrogatory No. 12 seeks a much broader swath of information—all Gaotu Beijing employees—which Plaintiffs do not even argue is relevant.  Plaintiffs fail to offer any explanation whatsoever for how their investigator is supposed to pick FE 3's name out of such a list.  *See DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19-cv-226 (ILG) (CLP), 2020 WL 13450956, at *4 (E.D.N.Y. Nov. 30, 2020) (Pollak, M.J.) (granting protective order against discovery that is "completely irrelevant [and] highly speculative").[2]

Second, Plaintiffs falsely claim that "Defendants themselves have placed FE 3's identity at the center of this litigation." (Opp. at 2.)  To the contrary, it is Plaintiffs who put FE 3 at issue by alleging information attributed to FE 3 in the Amended Complaint and specifically relying on those allegations to survive Defendants' motion to dismiss.  Your Honor previously "agree[d] with [D]efendants that . . . [P]laintiffs chose to rely on the information provided by these confidential witnesses." (Oct. 24 Order, ECF No. 72 at 16.)  Plaintiffs also claim Defendants are using this motion "for tactical reasons, namely the ability to accuse Plaintiffs' investigator of losing information." (Opp. at 3.)  But that is not an accusation; it is an undisputed fact.  Plaintiffs admitted that their investigator destroyed any record of FE 3's identity, and Your Honor already held "that the destruction of that information . . . constitutes spoliation of evidence." (Oct. 24 Order, ECF No. 72 at 15.)

Finally, Plaintiffs wrongly suggest that Defendants had to submit an "affidavit or declaration explaining how it would be 'unduly burdensome' for them to respond to Interrogatory No. 12." (Opp. at 3.)  That is unnecessary where, as here, the burden is self-evident.  For example, in *DDK Hotels*, Your Honor concluded "that the burden that will result from requiring [one of defendant's board members] to sit as a witness far outweighs any probative value in his testimony," 2020 WL 13450956, at *2, even though the defendant did not submit an affidavit detailing the burden, *see* No. 19-cv-226, ECF No. 58.  Here, it is unduly burdensome to force Gaotu to expend ***any*** further resources to try to remedy ***Plaintiffs' failure*** to obtain FE 3's identity and their investigator's spoliation.[3]

---

[1]   Plaintiffs accuse Gaotu of "refus[ing] to cooperate" simply because it did not find any former employee matching FE 3's description in Interrogatory No. 10.  (Opp. at 2.)  While Plaintiffs insinuate that Gaotu's response "appeared to be intentionally worded so as to exclude any employees who did not have the exact title of 'product operator'" (*id.*), the Parties met and conferred about this exact issue on October 29, 2025, and we confirmed that Gaotu did ***not*** limit its searches to the exact titles Plaintiffs provided.

[2]   The information sought here is fundamentally different from that requested in the cases Plaintiffs cite.  *See Holloway v. City of New York*, No. 21-cv-3858 (AMD) (CLP), 2023 WL 6614599, at *12 (E.D.N.Y. Sept. 28, 2023) (ordering City to identify "all NYPD officers who participated in, assisted, witnessed, or were involved in [plaintiff's] arrest"); *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-7163 (HG), 2022 WL 17852023, at *3 (E.D.N.Y. Dec. 22, 2022) (ordering defendants in discrimination case to identify individuals responsible for payroll and other financial/accounting records, but precluding interrogatories demanding "each current and former employee" and "each email address used" in connection with defendants' business).

[3]   Plaintiffs' cited cases are not to the contrary and are easily distinguished.  *See Schiavone v. Ne. Utils. Serv. Co.*, No. 08-cv-429 (AWT), 2009 WL 801744, at *2 (D. Conn. Mar. 25, 2009) (30(b)(6) deposition was not unduly burdensome where party sought "just eight reasonably narrow topics spanning the relevant time period"); *Sokol v. Wyeth, Inc.*, No. 07-cv-8442 (SHS) (KNF), 2008 WL 3166662, at *4 (S.D.N.Y. Aug. 4, 2008) (document

*(cont'd)*

Honorable Cheryl L. Pollak
December 16, 2025
Page 3


       Accordingly, Defendants respectfully request a protective order precluding Plaintiffs' Interrogatory No. 12.

Respectfully submitted,

*/s/ Robert A. Fumerton*

Robert A. Fumerton

cc: All Counsel of Record (via ECF)

---

request was not unduly burdensome as it involved "no more than a few dozen emails" that had "already been gathered by Plaintiff in preparing his [privilege] log").