**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TCP DIVERSIFIED TECHNOLOGY FUND, Individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GAOTU TECHEDU INC. F/K/A GSX TECHEDU INC., XIANGDONG CHEN, and NAN SHEN, <br><br> Defendants. | Case No. 22-cv-7966-PKC-CLP |

**DECLARATION OF JING CHEN**

I, Jing Chen, declare pursuant to 28 U.S.C. §1746 as follows:

1.  I am a Partner at The Rosen Law Firm, P.A. ("Rosen"), additional counsel to Lead Plaintiff TCP Diversified Technology Fund and named plaintiff Jun Ye ("Plaintiffs") in the above-caption action.  I have personal knowledge of the facts stated herein and could testify to them if called upon. Nothing in this Declaration should be construed as a waiver—whether specific or general—of the attorney work product doctrine or any other applicable privilege or protection.

2.  I was the primary attorney supervising the work of the PRC-based investigator ("PRC Investigator") [1] who interviewed the former Gaotu employees ("FEs") referenced in Plaintiffs' Amended Complaint ("Complaint," ECF No. 31). I submit this Declaration to

---

[1] PRC Investigator is a diligence firm located in China, with experience providing PRC-based investigation services to foreign clients.

1

provide the Court with information regarding the manner in which I oversaw the PRC Investigator's work and the steps I took to ensure the accuracy of the information provided by PRC Investigator.

3. As part of Plaintiffs' investigation for the Complaint, I retained the PRC Investigator to identify and interview former Gaotu employees in China. Before the PRC Investigator began work, I provided both written and oral instructions detailing the types of witnesses to locate and the specific questions to ask those willing to be interviewed. PRC Investigator was compensated at a flat rate for time spent on the matter, and such compensation was not contingent upon the results obtained.

4. Based on my experience, investigator memoranda are most accurate when, rather than summarizing interviews in narrative form, the investigator provides a memorandum listing each question asked and the witness's verbatim response. Eliminating paragraph-style summaries reduces the risk of distorting statements and ensures a more faithful record of the witness's testimony. I have previously worked with the PRC Investigator on other securities class actions, and the investigator understood my standing requirement to prepare contemporaneous memoranda using this "Q&A" format. Accordingly, all memoranda prepared for this matter followed that format.

5. Between April 2023 and September 2023, I received memoranda from PRC Investigator concerning the interviews conducted for this matter. I reviewed each memorandum carefully and, whenever I had questions, I requested clarification or directed the PRC Investigator to conduct follow-up interviews.

6. In addition to the interviews conducted by the PRC Investigator, I also performed an extensive research of both Chinese-language sources and English-language sources,

including Chinese news articles, Chinese government official publications, analyst reports, Gaotu's earnings call transcripts, and SEC filings, to corroborate Plaintiffs' allegations and the FEs' testimonies to the PRC Investigator. The FEs' testimonies were consistent with the third-party sources that I found and reviewed. Paragraphs 80–123 of the Complaint (and their corresponding footnotes) identify selected sources I examined, which, in my opinion, align with the FEs' testimony.

7. At no point did the PRC Investigator indicate that any of the FEs were unreliable, nor did I have any reason to believe otherwise.

I declare under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of December, 2025.

Jing Chen