UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TCP DIVERSIFIED TECHNOLOGY FUND,
individually and on behalf of all others
similarly situated,

                   Plaintiff,

               -against-

GAOTU TECHEDU INC., F/K/A GSX
TECHEDU INC., XIANGDONG CHEN, and
NAN SHEN,
                   Defendants.
----------------------------------------------------------X

**ORDER**
22 CV 7966 (PKC) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

Lead plaintiff TCP Diversified Technology Fund and named plaintiff Jun Ye have brought a putative class action against defendant entity Gaotu Techedu Inc. ("Gaotu"), as well as individual defendants Xiangdong Chen and Nan Shen, for violations of the federal securities law, under the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. (Dkt. No. 31 ("Am. Compl.") ¶ 6). Plaintiffs are stockholders who acquired publicly-traded shares of Gaotu, an online after-school tutoring company, between March 5, 2021 and July 23, 2021 (the "Class Period"), and who seek damages for alleged misrepresentations and omissions by defendants regarding the impact on Gaotu's business of the People's Republic of China (PRC)'s then-new Double Reduction Regulations ("DRR"). (Id. ¶¶ 1, 2).[1]

---

[1] The class period has since been shortened to April 26, 2021 to July 23, 2021, in light of the district court's ruling that plaintiffs' claims based on March 5, 2021, earnings call statements are not actionable. (Dkt. No. 49, at 27; Dkt. No. 72 at 2).

Presently before the Court is plaintiffs' Motion for Joinder seeking leave to add Carlos Monge as an additional named plaintiff and seeking leave to file a Second Amended Complaint. (Dkt. No. 68 ("Mot.")).

PROCEDURAL BACKGROUND

Plaintiff Joshua Zhang filed a Complaint on December 30, 2022, alleging that defendants Xiangdong Chen, Gaotu Techedu Inc. f/k/a GSX Techedu Inc., and Nan Shen knowingly or recklessly made materially false and misleading statements during the alleged class period. (Dkt. No. 1 ¶¶ 1, 2, 7-9, 17-19).  These false statements allegedly misled investors in Gaotu about the impending adverse effects on Gaotu's operations and the value of its securities of the DRR, which was a new set of regulations relating to online tutoring issued in July 2021 by the government of the People's Republic of China.  (Id. ¶¶ 1, 19-21, 38-39).  On August 16, 2023, the Court appointed TCP Diversified Technology Fund as the lead plaintiff in this action.  (Dkt. No. 28).  On October 16, 2023, plaintiffs filed an Amended Complaint.  (Dkt. No. 31).

On June 20, 2024, defendants filed a motion to dismiss the Amended Complaint.  (Dkt. Nos. 39, 40).  The district court denied defendants' motion to dismiss, finding plaintiffs sufficiently alleged that, between April 26, 2021 and July 23, 2021, defendants had misled investors in Gaotu securities by making public statements concealing the DRR's effects on Gaotu's business and share value—namely, that the DRR prohibited after-school tutoring companies for grades K-9 from raising capital or going public.  (Dkt. No. 49).  Defendants thereafter filed their Answer on April 7, 2025.  (Dkt. No. 55).

Discovery proceeded while the motion to dismiss was pending.  However, because defendants are located in the PRC, certain documents subject to discovery in this litigation are subject to PRC data privacy laws.  Consequently, documents must first be reviewed by PRC

authorities before production to plaintiffs in the United States.  In recognition of this obstacle, Magistrate Judge Cheryl L. Pollak adjourned discovery deadlines "pending completion of the PRC document review."  (Dkt. No. 72 at 12).  Therefore, this matter remains in the discovery stage without much progress.

On October 7, 2025, plaintiffs filed the present motion, seeking to add Mr. Monge—another Gaotu investor—as a named plaintiff in this action and requesting leave to amend the Complaint.

DISCUSSION

I.     Legal Standard

Federal Rule of Civil Procedure 15(a) establishes a liberal standard for amending a pleading "when justice so requires."  The decision to grant or deny leave to amend is within the trial court's discretion.  Lee v. HDR Glob. Trading Ltd., 347 F.R.D. 633, 638 (S.D.N.Y. 2024) (citing Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330 (1962)).  The Court may deny leave upon a showing of undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party.  Id. (citing McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).  When a motion to amend is made for the purpose of adding a new party, as is the case here, the motion is often combined with a motion for joinder under Rule 20.  Id.

Rule 20 provides that additional plaintiffs may be joined if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  Thus, the Rule requires both that the relief sought arises out of the same transaction or occurrence and that there exist some question of law or fact common to existing and proposed new plaintiffs.  See Deskovic v. City of

3

Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) (holding that "both criteria must be met for joinder to be proper"). "'[T]he impulse is toward entertaining the broadest scope of action consistent with fairness to the parties; joinder of…parties and remedies is strongly encouraged.'" Digital Sin, Inc. v. Does 1-76, 279 F.R.D. 239, 243 (S.D.N.Y. 2012) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).

There is "no rigid rule as to what constitutes the same series of transactions or occurrences for the purposes of joinder under Rule 20." Lee, 347 F.R.D. at 638. Courts instead look for a "logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Kalie v. Bank of Am. Corp., 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)).

Courts in this Circuit have found joinder improper where several plaintiffs allege similar claims against several different defendants. E.g., id. at 557–58 (severing misjoined parties' claims where plaintiffs entered into separate discrete mortgage transactions with multiple lenders and loan servicers). Indeed, "even claims by plaintiffs who engaged in separate…transactions by the same [defendant] cannot be joined in a single action." Abraham v. Am. Home Mortg. Serv., Inc., 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013). See also, Dante v. Nat'l Flood Ins. Program, No. 13 CV 6207, 2013 WL 6157182, at *2 (E.D.N.Y. Nov. 22, 2013) (denying joinder of insurance claims following a hurricane because the "the facts relating to each of the[] claims will be unique and require the presentation of separate evidence," despite the claims arising from the same natural disaster). However, in the securities context, joinder has been permitted where there is some indication that each plaintiff's claim arises out of the same misrepresentation.

Insolia v. Philip Morris Inc., 186 F.R.D. 547, 549 (W.D. Wis. 1999); Nor-Tex Agencies, Inc. v. Jones, 482 F.2d 1093, 1100 (5th Cir. 1973).

II.     Discussion

Plaintiffs argue that joinder is proper under Rule 20 because both they and Mr. Monge were misled by the same allegedly false and misleading statements made during the class period, misleading all plaintiffs about the impending adverse effects the DRR would have on defendant Gaotu's operations.  (Mot. at 1, 3).  Defendants do not oppose joinder of Mr. Monge on a factual basis but argue that joinder should not be permitted until the class certification stage.  (Dkt. No. 69 at 2).  The Court agrees with plaintiffs that Rule 20 is satisfied here.  All of the plaintiffs' claims arise out of the same alleged misrepresentations and all plaintiffs allege they suffered losses stemming from these misrepresentations.  Therefore there is a logical connection between the presently named plaintiffs' claims and Mr. Monge's claims.  Moreover, allowing Mr. Monge to join as a named plaintiff would promote judicial economy.  As plaintiffs correctly point out, there are no new substantive allegations being made in the new complaint—only one paragraph has been added to state Mr. Monge has purchased the Gaotu ADS during the class period. Additionally, defendants acknowledged in their January 30, 2026 status letter that discovery deadlines have been adjourned pending a document review currently taking place in the Peoples' Republic of China.  (Dkt. No.  84).  Accordingly, any additional discovery into Mr. Monge's involvement in this matter will not significantly delay this matter.

Plaintiffs also satisfy the liberal standard set by Rule 15.  Plaintiffs claim that naming Mr. Monge in this action would ensure long-term stability and aid in litigation efficiency.  (Mot. at 1).  Specifically, plaintiffs argue that adding Mr. Monge as a named plaintiff would safeguard the interests of the putative class should the current named plaintiffs become unable to serve as class

representatives.  (Id. at 3).  Indeed, Courts in this Circuit have allowed amendment for that very reason.  See Lee, 347 F.R.D. at 638 (finding amendment proper where adding a named plaintiff would "ensure[] that the litigation may continue uninterrupted if further events or information undermine [the] lead plaintiff's ability to represent the class" (quotation omitted)).

However, as defendants correctly point out, the Proposed Second Amended Complaint contains allegations that the district court has already ruled are inactionable.  (See Mot., Ex. 1 ¶¶ 144-46).  In particular, the Proposed Second Amended Complaint realleges that statements made on a March 5, 2021 earnings call were materially false and misleading (id.), despite the district court holding that the "earnings call statements are inactionable as a matter of law."  (Dkt. No. 49 at 14).  Plaintiffs state that they are not attempting to revive any of the dismissed claims (Dkt. No. 70 at 3), but the inclusion of the stricken allegations is improper.

Accordingly, the Court grants plaintiff's motion in part, subject to plaintiff filing a revised proposed Second Amended Complaint that comports with the district court's Order dismissing plaintiffs' claims based on the March 5, 2021 earnings call statements.

## CONLCUSION

For the reasons set forth above, the Court grants plaintiffs' motion for joinder in part, subject to plaintiff submitting a proposed Second Amended Complaint compliant with the district court's February 6, 2025 Order.  Plaintiff is Ordered to submit the proposed Second Amended Complaint by **June 24, 2026**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
      June 10, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
